Ryan M. Lapine (SBN 239316)
rmlapine@venable.com
Allison C. Nelson (SBN 319321)
acnelson@venable.com
**Venable LLP**
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: 310.229.9900
Facsimile: 310.229.9901

*Attorneys for Plaintiff,*
*Robert N. Daniels*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ROBERT N. DANIELS, an Individual, <br><br> Plaintiff, <br><br> v. <br><br> SPECIALIZED LOAN SERVICING, LLC, a Delaware Limited Liability Company, and Does 1-10. <br><br> Defendant. | Case No. 2:22-cv-06776 <br><br> **COMPLAINT FOR:** <br><br> **(1) WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT;** <br><br> **(2) NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT;** <br><br> **(3) BREACH OF WRITTEN CONTRACT;** <br><br> **(4) AN ACCOUNTING; AND** <br><br> **(5) DECLARATORY JUDGMENT** <br> **JURY TRIAL DEMANDED** |

Plaintiff Robert N. Daniels ("Daniels") asserts claims against Defendant Specialized Loan Servicing, LLC ("SLS") as follows:

## JURISDICTION AND VENUE

1. This action arises out of SLS's violations of the Fair Credit Reporting Act ("FCRA") for which this Court has original subject matter jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

2. For Daniels's remaining claims, this Court has subject matter jurisdiction under both 28 U.S.C. §§ 1332 and 1367.

3. This Court has personal jurisdiction over SLS because it regularly and purposely conducts business within the County of Los Angeles, State of California. SLS committed the wrongful acts complained of and caused injury to Daniels within the Central District of California.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions which gave rise to this claim occurred in the Central District of California. Daniels's claim concerns residential property located at 21625 Pacific Coast Highway, Malibu, California 90265 (Tract 310570, Lot 106 in the office of the County Recorder of Los Angeles, California; APN 4551-017-024) (the "Property"), which is located within this judicial district.

## PARTIES

5. Daniels is an individual; he resides in the County of Los Angeles, California. He is a consumer as that term is defined by the FCRA. *See* 15 U.S.C. § 1681a(c).

6. SLS is a Delaware limited liability company with its principal place of business located in Colorado. It is a loan servicer.

7. The true names and capacities, whether individual, corporate, associate, or otherwise, of SLS sued herein as DOES 1 to 10, inclusive, are currently unknown to Daniels, who therefore sues Defendants by such fictitious names. Daniels is informed and believes, and based thereon alleges, that each of

-2-

COMPLAINT

the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Daniels will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

## FACTUAL ALLEGATIONS

### The Loan

8. On November 2, 2006, Daniels entered into a Deed of Trust on the Property with Americorp Funding for the total sum of One Million, Five-Hundred Thousand Dollars ($1,500,000.00).  A true and correct copy of the Deed of Trust is attached hereto as Exhibit A and is incorporated herein in full by this reference. The Deed of Trust and related documents concerning this mortgage loan (the "Loan") did not provide for an impound for taxes, insurance, or other fees associated with the Property.  The Loan was, and is, an adjustable-rate loan, which provided for payments of principal and interest only.

9. Daniels is informed and believes and thereon alleges that, at some point after entering into the Loan, SLS became the servicer of the Loan.

10. On or about November 14, 2014, and resulting from separate litigation between the parties, including a foreclosure risk that never materialized, Daniels and SLS entered into a written settlement agreement, a true and correct copy of which is attached hereto as Exhibit B and incorporated herein in full by this reference.  Per that settlement agreement, among other terms, SLS was to continue to service the Loan per its preexisting terms.  Those terms, in pertinent part, did not call for a compound or escrow account to pay for property taxes or related insurance.

### SLS Failed to Properly Credit Payments Timely Made; Falsely Reporting Them Unpaid and Late

11. Since December of 2014, Daniels has timely made all payments due under the Loan.

12. Between March of 2015 and April of 2022, SLS failed to provide Daniels with monthly billing statements.

13. Beginning in or about November of 2019, Daniels timely remitted his monthly payments due under the Loan via wire transfers initiated by his bank.

14. For more than a year, SLS accepted these payments transmitted by wire.

15. Nothing in the Loan or otherwise prohibits Daniels from making payments due via wire transfer initiated by his bank.

16. Between January 2021 and continuing through March of 2022, Daniels timely remitted his monthly payments due under the Loan via wire transfers initiated by his bank.

17. Without written notice or other justification, SLS each month beginning with January 2021 through March of 2022 returned those payments to Daniels via bank wire within days of receiving them.

18. It thereafter erroneously reported to credit agencies that Daniels failed to make timely monthly payments due under his loan.

19. It further, and without justification, both assessed late fees to Daniels for these timely payments and wrongfully reported these payments as late and outstanding.

### SLS Mishandled Daniels's Property Tax Payments

20. Daniels timely paid his local property taxes every year since 2014.

21. Beginning in February of 2015, the County of Los Angeles has twice annually returned that payment to Daniels.

22. The County did so because it treated Daniels's payments as overpayment and because, without authority or consent, SLS has also made payment of these property taxes from an unauthorized escrow account.

23. It has overcharged Daniels on a monthly basis to fund this unauthorized escrow account since December of 2014 in violation of the terms of

the written settlement agreement and the Loan.

24. Daniels has each time taken that refund provided by the County of Los Angeles and sent it to SLS, with one exception.

25. SLS has accepted those payments.

26. The accounting for those payments remitted requires clarification and, possibly, amendment.

27. Given the mishandling of these payments and failure to properly bill Daniels, any and all late payments or failure to make timely payments reported since December of 2014 were erroneous given SLS's systematic overcharging of Daniels to fund that unauthorized escrow account.

28. Notably, with an impounded escrow account, one would expect a mortgage service provider to also make payments for property insurance. For reasons unexplained, SLS has, without authority or consent, made property tax payments on the Property and overcharged Daniels for this unauthorized conduct, yet it has not made insurance payments on the Property, which Daniels has timely made.

<u>SLS Failed to Investigate These Issues</u>

29. SLS sent Daniels multiple notices erroneously claiming he has been delinquent on his mortgage payments when he has not, including during the recent period between January of 2021 and March of 2022 in which it returned to Daniels his timely made monthly payments.

30. SLS updated its reporting of the Loan account to continue to report each month as a new delinquent month with associated late fees assessed despite knowing, or having reason to know, that Daniels made timely payments.

31. Daniels submitted multiple letters to SLS raising SLS's inaccurate and improper debt reporting and collection activities. He also made several calls to SLS's customer service line to dispute the inaccurate reporting.

32. As of the time of filing this complaint, SLS has failed to correct the

inaccurate Loan information.

33. Upon information and belief, SLS has failed to conduct a reasonable investigation into the dispute by failing to review and take into consideration all the information provided by Daniels.

34. Further, upon information and belief, SLS has failed to conduct a reasonable investigation into the dispute by failing to review and consider all documents within its own possession relevant to the Loan account.

35. By persistently reporting each month as a new delinquent month despite knowing, or having reason to know, that Daniels has made timely payments, SLS has engaged in multiple instances of furnishing inaccurate, incomplete, and misleading credit reporting of the Loan account.

36. This inaccurate, incomplete, and misleading credit reporting has caused Daniels to suffer, and continue to suffer, a significant reduction in his credit score. This is no small matter. Daniels was, accordingly, unable to obtain preferential mortgage rates on at least one other high value property, causing him extensive and considerable actual damages in an amount that can be proven at trial.

37. Daniels has suffered, and continues to suffer, actual damages including, but not limited to, inaccurate and delinquent information remaining in his credit file that creates an inaccurate picture of his standing as a consumer and creates an inaccurate picture of his creditworthiness, lost opportunity to receive credit, and increased cost for credit.

38. Daniels has suffered, and continues to suffer, emotional distress as a result of SLS's acts at issue herein.

## FIRST CLAIM

**(WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT)**

**15 U.S.C. § 1681s-2(b)**

39. Daniels expressly incorporates by reference each and every allegation made in Paragraphs 1 through 38 as though fully set forth herein.

40. As the furnisher of information to credit reporting agencies, SLS is obligated under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation into disputes that consumers have with it.

41. SLS has willfully failed to review all relevant information available to it and provided by Daniels in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b). Specifically, SLS willfully failed to correct inaccurate, incomplete, and misleading credit reporting of Daniels's Loan account, despite Daniels's repeated requests for correction.

42. SLS's credit reporting is inaccurate and creates a misleading impression on Daniel's consumer credit file.

43. As a direct and proximate cause of SLS's willful failure to perform its duties under the FCRA, Daniels has suffered, and continues to suffer, actual damages in an amount according to proof at trial, including actual economic loss and emotional distress, which damages Daniels seeks in this claim.

44. Daniels also seeks punitive damages against SLS, pursuant to 15 U.S.C. § 1681n(a)(2) because SLS's conduct was willful.

45. Daniels further requests his attorneys' fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

**SECOND CLAIM**

**(NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT)**

**15 U.S.C. § 1681s-2(b)**

46. Daniels expressly incorporates by reference each and every allegation made in Paragraphs 1 through 45 as though fully set forth herein.

47. As the furnisher of information to credit reporting agencies, SLS is obligated under 15 U.S.C. § 1681s-2(b) to conduct a reasonable investigation into disputes that consumers have with it.

48. SLS has negligently failed to review all relevant information available to it and provided by Daniels in conducting its investigation as required by 15

U.S.C. § 1681s-2(b).  Specifically, SLS negligently failed to correct inaccurate, incomplete, and misleading credit reporting of Daniels's Loan account, despite Daniels's repeated requests for correction.

49. Further, SLS negligently reported, and continued to report, inaccurate, incomplete, and misleading credit reporting of Daniels's Loan account, despite being put on notice of these inaccuracies by Daniels.

50. Further, SLS negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. 1681e(b).

51. As a direct and proximate cause of SLS's negligent failure to perform its duties under the FCRA, Daniels has suffered, and continues to suffer, actual damages in an amount according to proof at trial, including actual economic loss and emotional distress, which damages Daniels's seeks in this claim.

52. Daniels also requests his reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

## THIRD CLAIM
## (BREACH OF WRITTEN CONTRACT)

53. Daniels expressly incorporates by reference each and every allegation made in Paragraphs 1 through 52 as though fully set forth herein.

54. On or about November 14, 2014, and resulting from separate litigation, Daniels and SLS entered into a written contract.  Among other terms, it called for SLS to continue to service the Loan per its preexisting terms.

55. Daniels has performed all obligations required under the November 14, 2014 contract and the Loan, except those obligations excused by SLS.

56. SLS breached that contract and the Loan under which it operated and continues to operate as the lender's agent as follows:

    a. Between January 2021 and continuing through March of 2022, Daniels timely remitted his monthly payments due under the Loan

via wire transfers initiated by his bank. Without written notice or other justification, SLS, each month beginning with January 2021 through March of 2022, returned those payments to Daniels via bank wire within days of receiving them. It thereafter erroneously reported to credit agencies that Daniels failed to make timely monthly payments due under his loan. It further, and without justification, both assessed late fees to Daniels for these timely payments and wrongfully reported these payments as late and outstanding.

b. Daniels timely paid his local property taxes every year since 2014, which are paid twice annually. Beginning in February of 2015, the County of Los Angeles has twice annually returned that payment to Daniels. The County did so because it treated Daniels's payments as overpayment since, in an ongoing breach from 2014 to 2021, without authority or consent, SLS has been collecting additional amounts from Daniels, placing those amounts in an unauthorized escrow account, and then paying property taxes from that unauthorized escrow account. It has continuously overcharged Daniels on a monthly basis to fund this unauthorized escrow account since December of 2014 in violation of the terms of the written settlement agreement and the Loan, a continuing breach of the written settlement agreement.

57. As a direct and proximate result of these breaches, Daniels has suffered actual damages in an amount according to proof at trial which exceeds $75,000.

## FOURTH CLAIM
## (ACCOUNTING)

58. Daniels incorporates by reference each and every allegation made in

paragraphs 1 through 57 as though fully set forth herein.

59. Daniels has not received a complete, accurate, or detailed accounting from SLS as to where and how his funds have been applied, despite Daniels's repeated requests for such information.

60. Upon information and belief, SLS has improperly imposed impounds for the Loan for taxes and has improperly caused the Loan to be declared delinquent.

61. SLS has misapplied amounts paid by Daniels and has failed to properly calculate and record amounts remitted and due under the Loan.  These activities have continued through the date of filing this Complaint.

62. An accounting is necessary and appropriate under the circumstances since the precise amount of money due to SLS is unknown to Daniels and cannot be ascertained without an accounting.

63. Daniels has demanded a full and proper accounting.  SLS has failed and refused, and continues to fail and refuse, to render a full and proper accounting.

## FIFTH CLAIM
## (DECLARATORY JUDGMENT)
## 28 U.S.C. § 2201

64. Daniels incorporates by reference each and every allegation made in paragraphs 1 through 63 as though fully set forth herein.

65. An actual controversy exists between Daniels and SLS regarding SLS's authority to continue operating a compound escrow account for Daniels's mortgage on the Property and, further, to use it to pay local taxes as they become due for the Property.

66. Per the terms of the November 14, 2014 written settlement agreement, SLS was to continue to service the Loan per its preexisting terms.  Those terms, in pertinent part, did not authorize a compound escrow account at all or to pay for

property taxes or related insurance.

67. SLS lacks authority to continue operating a compound escrow account and to pay local taxes on the property. Yet, it continues to do so.

68. Per 28 U.S.C. § 2201, Daniels seeks a declaratory judgment prohibiting SLS from: (1) operating a compound escrow account for Daniels's mortgage on the Property, and (2) paying taxes on the Property.

## PRAYER FOR RELIEF

WHEREFORE, Daniels prays that this Court enter Judgment in his favor and against SLS for the following:

A. Actual damages, including emotional distress damages, pursuant to 15 U.S.C. § 1681o(a)(1) and according to proof;

B. Statutory damages of no less than $1,000 for each violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

C. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

D. Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1681n(a)(3);

E. SLS be ordered to provide a full and accurate accounting to Daniels, and account for all money remitted and due on Daniels's mortgage, including a correction for amounts wrongfully withheld in impound accounts, and a correction of wrongful late fees and interest assessed;

F. A declaratory judgment prohibiting SLS from: (1) operating a compound escrow account for Daniels's mortgage on the Property, and (2) paying taxes on the Property; and

G. Such other and further relief as this Court deems just and proper.

Dated: September 20, 2022

**VENABLE LLP**

By: /s/ *[signature]*

Ryan M. Lapine
Allison C. Nelson

*Attorneys for Plaintiff*
*ROBERT N. DANIELS*

-12-

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff Robert N. Daniels hereby demands a trial by jury.

Dated: September 20, 2022

**VENABLE LLP**

By: _____
Ryan M. Lapine
Allison C. Nelson

*Attorneys for Plaintiff*
ROBERT N. DANIELS