**STEPTOE LLP**
RYAN M. LAPINE (SBN 239316)
rlapine@steptoe.com
ALEXANDER AVERY (SBN 307390)
aavery@steptoe.com
633 West Fifth Street, Suite 1900
Los Angeles, California 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

STEPHANIE SEBASTIAN (admitted pro hac vice)
ssebastian@steptoe.com
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 378-7680

Attorneys for Plaintiff
  ROBERT N. DANIELS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ROBERT N. DANIELS,<br><br>                  Plaintiff,<br><br>          v.<br><br>SPECIALIZED LOAN SERVICING, LLC, a Delaware Limited Liability Company, U.S. BANK, NATIONAL ASSOCIATION, as trustee for Chevy Chase Bank Funding LLC Mortgage Backed Certificate Series 2007-1, and Does 1-10,<br><br>                  Defendants. | Case No. 2:22-cv-06776-MCS-PD<br><br>District Judge:  Hon. Mark C. Scarsi<br>Magistrate Judge: Patricia Donahue<br><br>**PLAINTIFF ROBERT N. DANIELS'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>**Final Pretrial Conference**<br>Date:            April 14, 2025<br>Time:           2:00 p.m.<br>Courtroom:   7C<br><br>**Trial**<br>Date:            April 29, 2025<br>Time:           8:30 a.m.<br>Courtroom:   7C |

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF CONTENTIONS OF FACT AND LAW ............................... 1

I.     SUMMARY OF PLAINTIFF ROBERT DANIELS' CLAIMS ....................... 1

II.    CLAIM ONE: SLS WILLFULLY VIOLATED THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *ET SEQ.* ................................................. 2

       A.   Elements Required To Establish Daniels' FCRA Claim ......................... 2

       B.   Daniels' Description Of Key Evidence In Support Of His Claim For Willful Violation Of The FCRA ........................................................... 3

            1.   Element One: Is SLS a furnisher under the FCRA? ..................... 3

            2.   Element Two: Did Daniels notify the CRA that he disputed SLS's reporting as inaccurate? ......................................................... 3

            3.   Element Three: Did the CRA notify SLS of the alleged inaccurate information? ................................................................... 3

            4.   Element Four: Was the reporting in fact inaccurate? ................... 3

            5.   Element Five: Did SLS fail to conduct the investigation required by 15 U.S.C. § 1681s-2(b)(1)? ....................................... 5

            6.   Element Six: Did SLS willfully violate the FCRA? ..................... 6

III.   CLAIM TWO: SLS NEGLIGENTLY VIOLATED THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *ET SEQ.* ............................... 7

       A.   Elements Required To Establish The Daniels' Negligent FCRP Claim ................................................................................................................ 7

       B.   Daniels' Description Of Key Evidence In Support Of His Claim For Negligent Violation Of The FCRP ................................................... 7

            1.   Element One: Is SLS a furnisher under the FCRA? ..................... 7

            2.   Element Two: Did Daniels notify the CRA that he disputed SLS's reporting as inaccurate? ......................................................... 8

PLAINTIFF ROBERT N. DANIELS'S
MEMORANDUM OF CONTENTIONS OF FACT AND LAW

3.   Element Three: Did the CRA notify SLS of the alleged inaccurate information? ...................................................8

4.   Element Four: Was the reporting in fact inaccurate? ...................8

5.   Element Five: Did SLS fail to conduct the investigation required by 15 U.S.C. § 1681s-2(b)(1)? .......................................8

6.   Element Six: Did SLS act pursuant to an objectively unreasonable interpretation of the FCRP statute? ......................8

7.   Element Two: Is Daniels a consumer under TILA? .....................9

8.   Element Three: Did SLS fail to provide Daniels with statements in accordance with 12 C.F.R. § 1026.41 from at least November 2015 through April 2022? ................................10

IV.   CLAIM FIVE: SLS INTENTIONALLY VIOLATED THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCCRA"), CALIFORNIA CIVIL CODE § 1785 *ET SEQ.* ........................10

A.   Elements Required To Establish Daniels' CCCRA's Claim ................10

B.   Daniels' Description Of Key Evidence In Support Of His CCCRA's Claim......................................................................11

1.   Element One: Is SLS a person under the CCCRAA?..................11

2.   Element Two: Did SLS report information to a CRA? ..............11

3.   Element Three: Was the information SLS reported inaccurate? ..............................................................................11

4.   Element Four: Was Daniels harmed? .........................................11

5.   Element Five: Did SLS know or should SLS have known that the information was inaccurate? .........................................11

V.   CLAIM SIX: SLS NEGLIGENTLY VIOLATED THE CCCRA, CALIFORNIA CIVIL CODE § 1785 *ET SEQ.* .............................................12

A.   Elements Required To Establish Daniels' Negligent CCCRA Claim ............................................................................12

PLAINTIFF ROBERT N. DANIELS'S
MEMORANDUM OF CONTENTIONS OF FACT AND LAW

B.    Daniels' Description Of Key Evidence In Support Of His Negligent CCRA Claim ........................................................12

    1.    Element One: Is SLS a person under the CCCRAA?.................12

    2.    Element Two: Did SLS report information to a CRA? ..............12

    3.    Element Three: Was the information SLS reported inaccurate? ..........................................................................12

    4.    Element Four: Was Daniels harmed? ........................................12

    5.    Element Five: Did SLS know or should SLS have known that the information was inaccurate? ..........................................13

    6.    Element Six: Did SLS act pursuant to an objectively unreasonable interpretation of the CCCRA statute?...................13

VI.    CLAIMS TWELVE AND THIRTEEN: CLAIMS FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IN THE DEED OF TRUST ........................................................................13

A.    Elements Required To Establish In Support Of Daniels' Claims For Breach Of Implied Covenant Of Good Faith And Fair Dealing ........................................................................................13

B.    Daniels' Description Of Key Evidence In Support Of His Claims For Breach Of Implied Covenant Of Good Faith And Fair Dealing ........................................................................................13

    1.    Element One: Did Daniels and U.S. Bank enter into a contract?.....................................................................................13

    2.    Element Three: Did conditions precedent to U.S. Bank's performance occur?...................................................................14

    3.    Element Four: Did U.S. Bank unfairly interfere with Daniels' rights to receive the benefits of the contract? ...............14

    4.    Element Five: Was Daniels harmed by U.S. Bank's conduct? .........................................................................15

PLAINTIFF ROBERT N. DANIELS'S
MEMORANDUM OF CONTENTIONS OF FACT AND LAW

VII.  CLAIM 14: SLS BREACHED A WRITTEN CONTRACT – THE 2014 SETTLEMENT AGREEMENT ................................................................. 16

    A.  Elements Required To Establish Daniels' Breach Of Contract Claims ................................................................................................. 16

    B.  Daniels' Description Of Key Evidence In Support Of His Breach Of Contract Claim ............................................................................. 16

        1.  Element One: Does a valid contract exist? ................................. 16

        2.  Element Two: Did SLS breach the contract? ............................. 17

        3.  Element Three: Did Daniels' perform or was his nonperformance excused under the contract? ............................. 23

            a.  Daniels performed under the Deed of Trust. ..................... 23

            b.  Alternatively, any nonperformance is excused. ................ 23

        4.  Element Four: Was Daniels damaged? ........................................ 24

VIII.  BIFURCATION OF ISSUES (L.R. 16-4.13) .................................................... 25

IX.  JURY TRIAL (L.R. 16-4.4) ............................................................................. 25

X.  ATTORNEYS' FEES ........................................................................................ 25

XI.  ABANDONMENT OF ISSUES .................................................................. 26

PLAINTIFF ROBERT N. DANIELS'S
MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ahmadi v. United Continental Holdings, Inc.*, 2014 WL 1281056 (E.D. Cal., Mar. 31, 2014, No. 1:14-CV-00264-LJO)......................................................13

*Banga v. First USA, NA,* 29 F.Supp.3d 1270 (N.D. Cal. 2014) ...................................6

*Bentley v. United of Omaha Life Ins. Co.*, 371 F. Supp. 3d 723 (C.D. Cal. 2019) ................................................................................................................16

*Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1121 (9th Cir. 2008) .....................23

*Gorman v. Wolpoff & Abramson, LLP*, 584 F. 3d 1147 (9th Cir. 2009).......................8

*Lara v. Experian Information Solutions, Inc.*, 625 F. Supp. 3d 1062 (S.D. Cal. 2022) ....................................................................................................................8

*Loral Corp. v. Moyes*, 174 Cal. App. 3d 268 (1985).................................................23

*Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669 (9th Cir. 2020)...........2, 7, 8, 12

*Miller v. Westlake Services LLC,* 637 F. Supp. 3d 836 (C.D. Cal. 2022) ....2, 7, 11, 12

*Saenz v. Trans Union, LLC,* 621 F.Supp.2d 1074 (D. Or. 2007) .................................7

*Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007) ...................................6

*Shaw v. Experian Information Solutions, Inc.*, 49 F. Supp. 3d 702 (S.D. Cal. 2014) .................................................................................................................3, 7

*Syed v. M-I LLC*, 853 F. 3d 492 (9th Cir. 2017)....................................................7, 12

**Statutes**

12 U.S.C. § 2609.......................................................................................................19

15 U.S.C. § 1681.........................................................................................................1

15 U.S.C. § 1681n(a)(2)............................................................................................26

15 U.S.C. § 1681n(a)(3)............................................................................................25

15 U.S.C. § 1681n(a)(3)............................................................................................26

15 U.S.C. § 1681o(a)(1)..............................................................................................8

15 U.S.C. § 1681o(a)(2).......................................................................................25, 26

PLAINTIFF ROBERT N. DANIELS'S
MEMORANDUM OF CONTENTIONS OF FACT AND LAW

15 U.S.C. § 1681s-2(b)(1)..................................................................................2, 7

15 U.S.C. §1681*o*...................................................................................................7

Cal. Civ. Code § 1785 ............................................................................................1

Cal. Civ. Code § 1785.25 ..............................................................................11, 12

Cal. Civ. Code § 1785.25(a) .................................................................................26

Cal. Civ. Code § 1785.3(j) .............................................................................11, 12

Cal. Civ. Code §1785.31(a)(1)....................................................................11, 12, 26

**Regulations**

12 C.F.R. § 1026.2(a) (11)-(12)...........................................................................10

12 C.F.R. § 1026.41 .............................................................................................10

**Miscellaneous**

H.R. Rep. No. 108–263, at 24 (2003) ....................................................................8

Judicial Council Of California Civil Jury Instruction 325 .........................................13

PLAINTIFF ROBERT N. DANIELS'S
MEMORANDUM OF CONTENTIONS OF FACT AND LAW

# MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## I.    SUMMARY OF PLAINTIFF ROBERT DANIELS' CLAIMS

Claim 1:   Defendant Specialized Loan Servicing, LLC ("SLS") willfully violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* by knowingly furnishing inaccurate information relating to Plaintiff Robert Daniels ("Daniels") to credit reporting agencies ("CRA" or "CRAs").

Claim 2:  SLS negligently violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* by furnishing inaccurate, incomplete, and misleading credit reporting relating to Daniels to CRAs.

Claim 5:  SLS intentionally violated the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785 *et seq.* by willfully and knowingly furnishing information to consumer credit reporting agencies about its transactions with Daniels that it knew or should have known was inaccurate.

Claim 6:  SLS violated the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785 *et seq.* by negligently furnishing information to consumer credit reporting agencies about its transactions with Daniels that it knew or should have known was inaccurate.

Claim 12:  U.S. Bank breached the implied covenant of good faith and fair dealing in the Deed of Trust by failing to properly credit Daniels' loan for payments he timely made, falsely characterized his loan as delinquent, and improperly assessed late fees and similar charges.

Claim 13:  U.S. Bank breached the implied covenant of good faith and fair dealing by failing to properly credit Daniel's loan for payments he timely made, falsely characterizing his payments as insufficient and holding payments in suspense, failing to send him statements and notify him of accounts being held in suspense, resulting in Daniels' loan being systematically inflated and inaccurate beginning at least in November 2019, including with improper accumulation of late fees and other similar charges and improper monthly charges to bring the account current.

PLAINTIFF ROBERT N. DANIELS'S
MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Claim 14:  SLS breached a written contract – the 2014 Settlement Agreement – by failing to "return the Loan to normal servicing," which incorporated the terms of the Deed of Trust and the manner in which SLS serviced the Loan prior to the execution of the Settlement Agreement, in that SLS: (a) assessed fees without justification to Daniels; (b) failed to send him monthly statements, delinquency notices, or escrow reports; (c) failed to properly credit payments Daniels made, improperly held certain payments in suspense, and charged fees and interest that were not warranted or permitted under the Loan; (d) maintaining escrow balances beyond permissible limits under RESPA or the contract; (e) failing to send notices to Daniels at his property address; (f) causing payments to be rejected by its issuing bank due to its own internal accounting errors; and (g) initiating improper foreclosure proceedings on Daniels' home, causing him to sell it at well below market value under duress.

## II.    CLAIM ONE: SLS WILLFULLY VIOLATED THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *ET SEQ.*

### A.    Elements Required To Establish Daniels' FCRA Claim

1.    SLS is a furnisher under the FCRA.

2.    Daniels notified the CRA that he disputed the reporting as inaccurate.

3.    The CRA notified SLS of the alleged inaccurate information of the dispute.

4.    The reporting was in fact inaccurate.

5.    SLS failed to conduct the investigation required by 15 U.S.C. § 1681s-2(b)(1).

6.    SLS's conduct was objectively unreasonable and SLS ran a risk of violating the statute that was substantially greater than the risk associated with merely careless conduct.

*See Miller v. Westlake Services LLC,* 637 F. Supp. 3d 836, 848 (C.D. Cal. 2022); *Marino v. Ocwen Loan Servicing LLC*, 978 F.3d 669, 673 (9th Cir. 2020).

- 2 -
LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

**B.    Daniels' Description Of Key Evidence In Support Of His Claim For Willful Violation Of The FCRA**

### 1.    Element One: Is SLS a furnisher under the FCRA?

A "furnisher of information" under the FCRA is an "an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies such as Equifax, Experian, MCCA, and Trans Union." *Shaw v. Experian Information Solutions, Inc.*, 49 F. Supp. 3d 702, 704, n.1 (S.D. Cal. 2014).

In 2010, SLS became the servicer of Mr. Daniels' residential mortgage loan from Americorp Funding in the amount of $1.5 million ("Loan"), secured by deed of trust ("Deed of Trust") against property located in Malibu, CA 90265.[1]

SLS made a report to a CRA when it "furnished information about [Daniels] to at least one [CRA], . . . in which it indicated that [Daniels] was delinquent in making [Loan payments] due and in which it misreported the levels of his debt on that loan."[2]

### 2.    Element Two: Did Daniels notify the CRA that he disputed SLS's reporting as inaccurate?

Daniels disputed the accuracy of the debt SLS was reporting to CRAs in a dispute letter submitted to Equifax on September 7, 2021.[3]

### 3.    Element Three: Did the CRA notify SLS of the alleged inaccurate information?

On September 17, 2021, SLS received notice from Equifax of a dispute submitted by Daniels.[4]

### 4.    Element Four: Was the reporting in fact inaccurate?

---

[1] Deposition of SLS's PMK ("SLS Dep.") at 13:2-11; SLS's Responses to Interrogatories, Set One ("SLS Rog Resp. Set One"), No. 9.

[2] SLS's Responses to Request for Admission, Set One, No. 5.

[3] SLS001162-93 (Sept. 7, 2021, Dispute Letter to Equifax from R. Farkas).

[4] SLS's Responses to Request for Admission, Set One, No. 7.

- 3 -

LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

SLS inaccurately reported Daniels' Loan to the CRA as delinquent because Daniels was not delinquent on the Loan as of November 1, 2019—he had overpaid the principal, interest, and escrow amounts due.[5]

On October 17, 2019, SLS notified Daniels' then counsel that, to reinstate his Loan, he must pay $181,390.50 (the "Reinstatement Letter").[6]

On October 17, 2019, SLS also generated a statement for Daniels (which it suppressed) stating that he owed $175,608.66.[7]

Daniels paid $181,390.50 on October 18, 2019, to bring his Loan current.[8]

SLS later confirmed to Daniels' then-counsel that the Loan was current.[9]

Daniels then paid $6,500 on October 28, 2019.[10]

Daniels paid another $6,500 on November 14, 2019.[11]

SLS confirmed that the two identically dated documents it generated containing two different Loan reinstatement amounts was an error.[12]

SLS testified that if Daniels paid the $175,608.66 reinstatement amount, "[t]here would be nothing past due on November 1, 2019."[13]

---

[5] RDANIELS00000148-150 (Reinstatement Letter); SLS002270-72 (Oct. 2019 Statement showing $175,608.66 reinstatement amount due); SLS Rog Resp. Set One, No. 9 (SLS admitted that $175,608.66 was correct amount); SLS Dep. at 86:11-13; SLS001196-97 (receipt showing Daniels paid the $181,390.50 reinstatement on Oct. 18, 2019); Transcript of Recorded Call with SLS and R. Farkas ("SLS-Farkas Tr.") at 2:12-19 (confirming SLS's receipt of $181,390.50 payment on Oct. 18, 2019 and that Loan is current); SLS Dep. at 85:24-88:22, 87:22-25; SLS002279-83 (Nov. 18, 2019 Mortgage Statement); Expert Report of J. Bussell ("Bussell Rep.") at 6-9; Rebuttal Report of D. Minor ("Minor Rep.") at 23-26.

[6] RDANIELS00000148-150 (Reinstatement Letter).

[7] SLS002270-72 (Oct. 2019 Statement showing $175,608.66 loan reinstatement amount due).

[8] SLS001196-97 (receipt showing Daniels paid the $181,390.50 loan reinstatement amount on Oct. 18, 2019).

[9] SLS-Farkas Tr. at 2:12-19 (confirming SLS's receipt of Daniels' $181,390.50 reinstatement payment on Oct. 18, 2019, and that the Loan is current).

[10] SLS002279-83 (Nov. 18, 2019, Mortgage Statement).

[11] Id.

[12] SLS Rog Resp. Set One, No. 9; SLS Dep. at 85:24-88:22, 87:22-25.

[13] SLS Dep. at 87:22-25.

- 4 -

LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

SLS's inaccurate determination that Daniels was delinquent in November 2019 led SLS to inaccurately deem Daniels delinquent in December 2019 and incorrectly bill him by charging interest on the incorrect amount owed based on that mistake and SLS's failure to credit overages in his escrow account in all successive months thereafter.[14]

Every report SLS made to CRAs regarding Daniels' purported delinquencies on the Loan after October 2019 was inaccurate; SLS reported levels of debt on the Loan that were artificially inflated due to SLS's inaccurate accounting and falsely reported that the deed to the property was relinquished in lieu of foreclosure.[15]

Still further, SLS reported payments as having not been made at all that were in fact made and bounced by SLS's own bank, Wells Fargo, due to its inaccurate accounting that misrepresented Daniels' level of debt.[16]

### 5.   Element Five: Did SLS fail to conduct the investigation required by 15 U.S.C. § 1681s-2(b)(1)?

SLS cursorily considered Daniels' credit reporting dispute using the Automated Credit Dispute Verification system.[17]

SLS declined to independently review and consider all relevant information submitted by Daniels or any information beyond that provided by the Automated Credit Dispute Verification system.[18]

SLS conducted no investigation regarding Daniels' disputed credit reporting information, SLS's inaccurate accounting on Daniels' loan.[19]

---

[14] Bussell Rep., at 6-9; Minor Rep., at 23-26.

[15] *Id.*

[16] Dkt. 157-41 (Declaration of Robert N. Daniels in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at ¶ 10); Bank Dep. at 112:1-3; 112:25-113:3; SLS Dep. at 174:4-18; SLS002203 (Ledger of Rejected Payments).

[17] SLS Rog Resp. Set One, No. 7; Dep. of SLS at 82:5-83:13, 85:24-88:22, 171:25-172:21.

[18] SLS Rog Resp. Set One, No. 7; Daniels' Responses and Objections to Defendant U.S. Bank's Interrogatories, Set One, Interrogatory Nos. 16-17.

[19] *Id.*; SLS Dep. at 85:24-88:22; 129:23-137:19; Deposition of U.S. Bank ("Bank Dep.") at 97:22-98:5; 98:13-15; SLS-Farkas Tr. at 2:12-19; SLS002279-83 (Nov. 18, 2019, Mortgage Statement); SLS004951-53, 4981-83, 5001-03, 5031-33, 4717-19,

- 5 -

LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

SLS failed to discover that its internal records materially contradicted each other regarding the amounts Daniels allegedly owned on his Loan and the amounts in escrow, rendering the information inaccurate.[20]

There is no reasonable explanation for why SLS created two documents on October 17, 2019, that stated conflicting reinstated amounts due on the Loan.[21]

SLS has been unable to explain why the Reinstatement Letter included an inflated amount, where the lesser amount was due.[22]

A cursory investigation of Daniels' loan files would have revealed these errors and that SLS was reporting inaccurate debt and escrow amounts to the CRAs.[23]

### 6.    Element Six: Did SLS willfully violate the FCRA?

Knowing noncompliance of the FCRA or reckless disregard of the requirements of the FCRA constitute a willful violation. *Banga v. First USA, NA,* 29 F.Supp.3d 1270, 1278 (N.D. Cal. 2014)  (citing *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47, 57 (2007)). A company subject to the FCRA acts in reckless disregard where "the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Id*. at 69; *see also Saenz v. Trans Union, LLC,* 621 F.Supp.2d 1074, 1088

---

4761-63, 4794-96, 4818-20 (Mortgage Statements dated between Sept. 17, 2021, to April 18, 2022, improperly addressed to Richard Farkas); SLS004709-5030 (Mortgage Statements dated between Jan. 2020 to Aug. 2021).

[20] SLS Dep. at 85:24-88:22, 129:23-137:19; Bank Dep. at 97:22-98:5, 98:13-15; SLS-Farkas Tr.at 2:12-19; SLS002279-83 (Nov. 18, 2019, Mortgage Statement); SLS004951-53, 4981-83, 5001-03, 5031-33, 4717-19, 4761-63, 4794-96, 4818-20 (Mortgage Statements dated between Sept. 17, 2021, to April 18, 2022, improperly addressed to Richard Farkas); SLS004709-5030 (Mortgage Statements dated between Jan. 2020 to Aug. 2021).

[21] SLS Dep. at 87:22-25, 85:24-88:22.

[22] *Id.*

[23] SLS Dep. at 85:24-88:22, 129:23-137:19; Bank Dep. at 97:22-98:5; 98:13-15; SLS-Farkas Tr.at 2:12-19; SLS002279-83 (Nov. 18, 2019, Mortgage Statement); SLS004951-53, 4981-83, 5001-03, 5031-33, 4717-19, 4761-63, 4794-96, 4818-20 (Mortgage Statements dated between Sept. 17, 2021, to April 18, 2022, improperly addressed to Richard Farkas); SLS004709-5030 (Mortgage Statements dated between Jan. 2020 to Aug. 2021); SLS Rog Resp. Set One, No. 7.

- 6 -

LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

(D. Or. 2007) (knowingly and intentionally electing to rely exclusively on automated procedures in attempting to satisfy its investigation obligations, such automated procedures are unreasonable where a consumer reporting agency was on notice of the possible inaccuracy of the automated responses the creditor would provide, and a jury could find that furnisher did so in reckless disregard of the possibility that it would thereby violate of the law.)

Daniels hereby further incorporates Section II.B., Fact Nos. 16-22.

**III.    CLAIM TWO: SLS NEGLIGENTLY VIOLATED THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 *ET SEQ.***

**A.    Elements Required To Establish The Daniels' Negligent FCRP Claim**

1.    SLS is a furnisher under the FCRA.

2.    Daniels notified the CRA that he disputed the reporting as inaccurate.

3.    The CRA notified SLS of the alleged inaccurate information of the dispute.

4.    The reporting was in fact inaccurate.

5.    SLS failed to conduct the investigation required by 15 U.S.C. § 1681s-2(b)(1).

6.    SLS acted pursuant to an objectively unreasonable interpretation of the FCRP statute.  *See* 15 U.S.C. §1681o.

*See Miller,* 637 F.Supp.3d, at 848; *Marino,* 978 F.3d at 673 (citing *Syed*, 853 F. 3d, at 505).

**B.    Daniels' Description Of Key Evidence In Support Of His Claim For Negligent Violation Of The FCRP**

**1.    Element One: Is SLS a furnisher under the FCRA?**

A "furnisher of information" under the FCRA is an "an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies such as Equifax, Experian, MCCA, and Trans Union." *Shaw*, 49 F.Supp.3d, at 704, n.1.  "'The most common ... furnishers of information are credit

card issuers, auto dealers, department and grocery stores, lenders, utilities, insurers, collection agencies, and government agencies.'" *Id.* (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 n.7 (9th Cir. 2009) (quoting H.R. Rep. No. 108–263, at 24 (2003)).

Daniels hereby incorporates Section II.B., Fact Nos. 1-2.

### 2. Element Two: Did Daniels notify the CRA that he disputed SLS's reporting as inaccurate?

Daniels hereby incorporates Section II.B., Fact No. 3.

### 3. Element Three: Did the CRA notify SLS of the alleged inaccurate information?

Daniels hereby incorporates Section II.B., Fact No. 4.

### 4. Element Four: Was the reporting in fact inaccurate?

Daniels hereby incorporates Section II.B., Fact Nos. 5-11.

### 5. Element Five: Did SLS fail to conduct the investigation required by 15 U.S.C. § 1681s-2(b)(1)?

Daniels hereby incorporates Section II.B., Fact Nos. 16-22.

### 6. Element Six: Did SLS act pursuant to an objectively unreasonable interpretation of the FCRP statute?

"To prove a negligent violation, a plaintiff must show that the defendant acted pursuant to an objectively unreasonable interpretation of the statute." *Marino,* 978 F. 3d, at 673. Negligent noncompliance provides for "any actual damages sustained by the consumer as a result of the failure." *Lara v. Experian Information Solutions, Inc.*, 625 F. Supp. 3d 1062, 1074 (S.D. Cal. 2022) (citing 15 U.S.C. § 1681o(a)(1)).

Daniels hereby incorporates Section II.B., Fact Nos. 16-22.

Daniels' credit score was destroyed.[24]

---

[24] Dkt. 142-2 (Declaration of Robert N. Daniels in Support of Plaintiff's Motion for Partial Summary Judgment at ¶¶ 11-14); RDANIELS00001532-33 (Jan. 16, 2024, email Daniels received from Realtor re the Notice of Default on Property); Rebuttal Expert Report of Douglas A. Minor at pp. 28-29

LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

Daniels could not obtain subsequent loans from financial lenders as lenders refused to extend credit to Daniels.[25]

Daniels faced increased credit costs.[26]

Daniels was forced to sell his home below market value sale of his property for $3,037,500.[27]

Daniels suffered extreme emotional distress due to SLS's conduct, including significant stress, loss of sleep, increased fatigue, and dyspnea exertion.[28]

Daniels resorted to getting a nontraditional loan from a hard money lender with abnormally high interest rates and extreme lending fees.[29]

### 7.    Element Two: Is Daniels a consumer under TILA?

Under TILA, a "consumer" is a "natural person to whom consumer credit is offered or extended" and "[c]onsumer credit means credit offered or extended to a

---

[25] Dkt. 142-2 (Declaration of Robert N. Daniels in Support of Plaintiff's Motion for Partial Summary Judgment at ¶¶ 11-14, 19-20); RDANIELS00001532-33 (Jan. 16, 2024, email Daniels received from realtor re the Notice of Default on Property); RDANIELS00001220-22 (email to Daniels from lending institution denying loan and citing reason for the denial); SPS00257-59 (Mortgage Statement from Select Portfolio Servicing, Inc. dated Dec. 15, 2023); Deposition of Robert Daniels ("Daniels Dep.") at 14:16-25, 16:8-10, 98:5-7, 63:5-10, 111:1-20.

[26] Dkt. 142-2 (Declaration of Robert N. Daniels in Support of Plaintiff's Motion for Partial Summary Judgment at ¶¶ 11-14, 19-20); RDANIELS00001532-33 (Jan. 16, 2024, email Daniels received from realtor re the Notice of Default on Property); RDANIELS00001220-22 (email to Daniels from lending institution denying loan and citing reason for the denial); SPS00257-59 (Mortgage Statement from Select Portfolio Servicing, Inc. dated Dec. 15, 2023); Daniels Dep. at 14:16-25, 16:8-10, 98:5-7, 63:5-10, 111:1-20.

[27] Dkt. 142-2 (Declaration of Robert N. Daniels in Support of Plaintiff's Motion for Partial Summary Judgment at ¶¶ 19-20); RDANIELS00001532-33 (Jan. 16, 2024, email Daniels received from realtor re the Notice of Default on Property).

[28] RD_VVWMC00000411 (doctor's letter dated Jan. 18, 2024, re injury to Daniels' kidneys and increased gout due to stress); RDANIELS00001588 (Nina K. Maw Maw, MD's progress notes dated Jan. 26, 2024); RDANIELS00001595 (Nina K. Maw Maw, MD's impression notes dated Jan. 26, 2024); Daniels Dep. at 114:6-115:19, 34:11–35:17, 35:25-40:8).

[29] Dkt. 142-2 (Declaration of Robert N. Daniels in Support of Plaintiff's Motion for Partial Summary Judgment at ¶ 11-14, 19-20); RDANIELS00001532-33 (Jan. 16, 2024, email Daniels received from realtor re the Notice of Default on Property); RDANIELS00001220-22 (email to Daniels from lending institution denying loan and citing reason for the denial); SPS00257-59 (Mortgage Statement from Select Portfolio Servicing, Inc. dated Dec. 15, 2023); Daniels Dep. at 14:16-25, 16:8-10, 98:5-7, 63:5-10, 111:1-20.

- 9 -

LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

consumer primarily for personal, family, or household purposes." 12 C.F.R. § 1026.2(a) (11)-(12).

Daniels is a natural person.[30]

On November 2, 2006, Mr. Daniels obtained a residential mortgage from Americorp Funding in the amount of $1.5 million ("Loan"). To secure the Loan, Mr. Daniels executed a Deed of Trust ("Deed of Trust") against property located at 21625 Pacific Coast Highway, Malibu, CA 90265.[31]

**8.      Element Three: Did SLS fail to provide Daniels with statements in accordance with 12 C.F.R. § 1026.41 from at least November 2015 through April 2022?**

Under TILA, a "servicer . . . shall provide the consumer, for each billing cycle, a periodic statement meeting the requirements of [ 12 C.F.R. § 1026.41 (b)-(d)]." 12 C.F.R. § 1026.41.

SLS did not provide Daniels with monthly Loan statements from November 2015 to April 2022.[32]

SLS suppressed and did not send monthly Loan statements to Daniels, at his property address, due to litigation that did not resolve until April 6, 2022.[33]

**IV.    CLAIM FIVE: SLS INTENTIONALLY VIOLATED THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT ("CCCRA"), CALIFORNIA CIVIL CODE § 1785 _ET SEQ._**

**A.      Elements Required To Establish Daniels' CCCRA's Claim**

---

[30] Dkt. No. 97 (Third Amended Complaint ("TAC") ¶ 5); SLS000381-99 (Deed of Trust).

[31] SLS000381-99.

[32] Dkt. 157-52 (Declaration of Richard Farkas in Support of Opposition to Defendants' Motion for Partial Summary Judgment at ¶¶ 3-6); RDANIELS00000148-150 (Reinstatement Letter); Daniels Dep. at 37:4-9, 118:13-18; SLS Dep. at 66:6-16; Dkt. 157-41 (Declaration of Robert Daniels in Support of Opposition to Defendants' Motion for Partial Summary Judgment at ¶ 5).

[33] Bank Dep. at 47:8-48:7, 56:15-23; Dkt. 157-41 (Declaration of Robert Daniels in Support of Opposition to Defendants' Motion for Partial Summary Judgment at ¶ 18).

LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

1. SLS is a 'person' under the CCCRAA.

2. SLS reported information to a CRA.

3. The information SLS reported was inaccurate.

4. Daniels was harmed.

5. SLS knew or should have known that the information was inaccurate.

*Miller*, 637 F.Supp.3d, at 855 (quoting Cal. Civ. Code § 1785.25).

**B.    Daniels' Description Of Key Evidence In Support Of His CCCRA's Claim**

**1.    Element One: Is SLS a person under the CCCRAA?**

Under the CCCRAA, a "person" is in relevant part "any . . . corporation . . .." Cal. Civ. Code § 1785.3(j).

SLS is a Delaware limited liability company.[34]

**2.    Element Two: Did SLS report information to a CRA?**

Daniels hereby incorporates Section II.B., Fact No. 2.

**3.    Element Three: Was the information SLS reported inaccurate?**

Daniels hereby incorporates Section II.B., Fact Nos. 5-11.

**4.    Element Four: Was Daniels harmed?**

A violation of the CCCRAA entitles consumers to actual damages, attorneys' fees and costs, (Cal. Civ. Code §1785.31(a)(1)), including "damages for humiliation, mental distress, and injury to reputation and creditworthiness, even if the plaintiff has suffered no out-of-pocket losses." *Miller,* 637 F. Supp. 3d at 853.

Daniels hereby incorporates Section III.B., Fact Nos. 23-28.

**5.    Element Five: Did SLS know or should SLS have known that the information was inaccurate?**

Daniels hereby incorporates Section II.B., Fact Nos. 3-22.

---

[34] *See* ECF No. 108 (TAC Answer ¶ 6, SLS admitting it is a Delaware LLC with principal place of business located in Colorado and a loan servicer).

- 11 -
LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

## V.    CLAIM SIX: SLS NEGLIGENTLY VIOLATED THE CCCRA, CALIFORNIA CIVIL CODE § 1785 *ET SEQ.*

### A.    Elements Required To Establish Daniels' Negligent CCCRA Claim

1.    SLS is a 'person' under the CCCRAA.

2.    SLS reported information to a CRA.

3.    The information SLS reported was inaccurate.

4.    Daniels was harmed.

5.    SLS knew or should have known that the information was inaccurate.

6.    SLS acted pursuant to an objectively unreasonable interpretation of the CCCRA statute.

*See Miller*, 637 F.Supp.3d, at 855 (quoting Cal. Civ. Code § 1785.25); *Marino*, 978 F. 3d, at 673 (citing *Syed*, 853 F. 3d, at 505).

### B.    Daniels' Description Of Key Evidence In Support Of His Negligent CCRA Claim

#### 1.    Element One: Is SLS a person under the CCCRAA?

Under the CCCRAA, a "person" is in relevant part "any . . . corporation . . .." Cal. Civ. Code § 1785.3(j).

Daniels hereby incorporates Section V.B., Fact Nos. 34.

#### 2.    Element Two: Did SLS report information to a CRA?

Daniels hereby incorporates Section II.B., Fact No. 2.

#### 3.    Element Three: Was the information SLS reported inaccurate?

Daniels hereby incorporates Section II.B., Fact Nos. 5-11.

#### 4.    Element Four: Was Daniels harmed?

A violation of the CCCRAA entitles consumers to actual damages, attorneys' fees and costs, (Cal. Civ. Code §1785.31(a)(1)), including "damages for humiliation, mental distress, and injury to reputation and creditworthiness, even if the plaintiff has suffered no out-of-pocket losses." *Miller,* 637 F. Supp. 3d at 853.

LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

Daniels hereby incorporates Section III.B., Fact Nos. 23-28.

### 5. Element Five: Did SLS know or should SLS have known that the information was inaccurate?

Daniels hereby incorporates Section II.B., Fact Nos. 3-22.

### 6. Element Six: Did SLS act pursuant to an objectively unreasonable interpretation of the CCCRA statute?

Daniels hereby incorporates Section II.B., Fact Nos. 16-22, Section III.B., Fact Nos. 23-28.

## VI. CLAIMS TWELVE AND THIRTEEN: CLAIMS FOR BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING IN THE DEED OF TRUST

### A. Elements Required To Establish In Support Of Daniels' Claims For Breach Of Implied Covenant Of Good Faith And Fair Dealing

1. Daniels and U.S. Bank entered into a contract.

2. Daniels did all, or substantially all of the significant things that the contract required him to do or that he was excused from having to do those things.

3. Any conditions precedent to U.S. Bank's performance occurred.

4. U.S. Bank unfairly interfered with Daniels' rights to receive the benefits of the contract.

5. Daniels was harmed by U.S. Bank's conduct.

*See* Judicial Council Of California Civil Jury Instruction 325; *Ahmadi v. United Continental Holdings, Inc.*, 2014 WL 1281056 at *4 (E.D. Cal., Mar. 31, 2014, No. 1:14-CV-00264-LJO).

### B. Daniels' Description Of Key Evidence In Support Of His Claims For Breach Of Implied Covenant Of Good Faith And Fair Dealing

#### 1. Element One: Did Daniels and U.S. Bank enter into a contract?

On November 2, 2006, Daniels obtained a residential mortgage loan from

- 13 -
LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

Americorp Funding in the amount of $1.5 million (the "Loan"), secured by Deed of Trust (the "Deed of Trust") for property located in Malibu, CA 90265.

On or around November 13, 2006, Americorp Funding sold Daniels' mortgage to Chevy Chase Bank, F.S.B .

In 2007, Daniels' mortgage was included in a mortgage-backed securities trust, the Chevy Chase Bank Funding LLC Mortgage-Backed Certificates Series 2007-1.

On or around April 25, 2012, U.S. Bank, as trustee for the Chevy Chase Bank Funding LLC Mortgage-Backed Certificate Series 2007-1, stepped into the role of lender. Element Two: Did Daniels perform under the contract or was his performance excuse?

Daniels further incorporates Section II.B., Fact Nos. 6-11, 13.

### 2. Element Three: Did conditions precedent to U.S. Bank's performance occur?

Daniels hereby incorporates Section II.B., Fact Nos. 6-11, 13.

///

///

///

### 3. Element Four: Did U.S. Bank unfairly interfere with Daniels' rights to receive the benefits of the contract?

U.S. Bank's conduct unfairly interfered with Daniels' right to receive the benefits of the Deed of Trust.[35]

Daniels was deprived of receiving notice of alleged amounts due, alleged fees and penalties, and alleged payments placed in suspense.[36]

---

[35] Bank Dep. at 97:22-98:5, 98:13-15, 47:8-48:7, 46:6-8, 55:25-56:8.

[36] SLS Dep. at 21:23-22:4, 22:19-22, 29:15-20, 31:6-11, 66:10-13; Bank Dep. at 47:8-48:7, 55:25-56:23; Dkt. 157-41(Declaration of Robert N. Daniels in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at ¶¶ 5, 18); Daniels Dep. at 37:4-9, 118:13-18, 50:16-51:5; Dkt. 157-52 (Declaration of Richard D. Farkas in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at ¶¶ 3-7); SLS Rog Resp. Set Two, No. 14 (SLS identifies Nov. 2015 to Aug. 2021 as the months it failed to send monthly loan

LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

Daniels was deprived of the benefit of having his monthly mortgage payments applied to the principal balance on his Loan, which resulted in a rejection of 15 of Daniels' mortgage payments.[37]

Daniels was deprived of the benefit of having a proper accounting on his Loan, including annual escrow accounting, to avoid facing preventing improperly ever-increasing interest rates and monthly fees assessed on the Loan.[38]

### 4.    Element Five: Was Daniels harmed by U.S. Bank's conduct?

Daniels' Loan was improperly deemed delinquent.[39]

Daniels' monthly payments were not properly applied to his Loan.[40]

Daniels was prevented from directing U.S. Bank to apply the escrow surplus on his Loan to pay down the principal balance on his Loan, which led to improper increased interest rates and inaccurate fees assessed on the Loan.[41]

Daniels' credit score was destroyed.[42]

---

statements to Daniels); SLS004951-53, 4981-83, 5001-03, 5031-33, 4717-19, 4761-63, 4794-96, 4818-20 (Mortgage Statements dated between Sept. 17, 2021, to April 18, 2022, improperly addressed to Richard Farkas).

[37] SLS002203 (Ledger of Rejected Payments); Dkt. 157-41 (Declaration of Robert N. Daniels in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at ¶ 10); SLS Rog Resp. Set One, No. 5; SLS002203 (Ledger of Rejected Payments); SLS Dep. at 174:4-18; Expert Report of William R. Burch pp. 7-8.

[38] Bank Dep. at 55:25-56:23; Dkt. 157-41 (Declaration of Robert N. Daniels in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at ¶ 18); Bussell Rep.

[39] Bussell Rep.; Minor Rep.

[40] Bussell Rep.; Minor Rep.; Burch Rep.

[41] Bussell Rep.; Minor Rep.; Burch Rep.; Bank Dep. at 55:25-56:23; Dkt. 157-41 (Daniels Dec. iso Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at ¶¶ 5, 18); Daniels Dep. at 37:4-9, 118:13-18, 50:16-51:5; SLS Dep. at 66:10-13; SLS Rog Resp. Set Two, No. 14 (SLS identifies November 2015 to August 2021 as the months it failed to send monthly loan statements to Daniels); SLS004951-53, 4981-83, 5001-03, 5031-33, 4717-19, 4761-63, 4794-96, 4818-20 (Mortgage Statements dated between Sept. 17, 2021, to April 18, 2022, improperly addressed to Richard Farkas); Dkt. 157-52 (Declaration of Richard D. Farkas In Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at ¶¶ 3-7).

[42] Dkt. 142-2 (Declaration of Robert N. Daniels in Support of Plaintiff's Motion for Partial Summary Judgment at ¶¶ 11-14); RDANIELS00001532-33 (Jan. 16, 2024, email Daniels received from Realtor re the Notice of Default on Property); Rebuttal Expert Report of Douglas A. Minor at pp. 28-29

- 15 -
LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

Daniels could not obtain subsequent loans from financial lenders as lenders refused to extend credit to Daniels.[43]

Daniels faced increased credit costs.[44]

Daniels was forced to sell his home below market value sale of his property for $3,037,500.[45]

Daniels suffered extreme and extensive emotional distress.

## VII. CLAIM 14: SLS BREACHED A WRITTEN CONTRACT – THE 2014 SETTLEMENT AGREEMENT

### A. Elements Required To Establish Daniels' Breach Of Contract Claims

1. A valid contract exists.

2. SLS's breach of the contract.

3. Daniels' performance or excuse for nonperformance.

4. Damages.

*Bentley v. United of Omaha Life Ins. Co.*, 371 F. Supp. 3d 723, 739 (C.D. Cal. 2019).

### B. Daniels' Description Of Key Evidence In Support Of His Breach Of Contract Claim

#### 1. Element One: Does a valid contract exist?

On or about November 14, 2014, and resulting from separate litigation, Daniels and SLS entered the Settlement Agreement, a valid written contract.[46]

---

[43] Dkt. 142-2 (Declaration of Robert N. Daniels in Support of Plaintiff's Motion for Partial Summary Judgment at ¶¶ 11-14, 19-20); RDANIELS00001532-33 (Jan. 16, 2024, email Daniels received from realtor re the Notice of Default on Property); RDANIELS00001220-22 (email to Daniels from lending institution denying loan and citing reason for the denial); SPS00257-59 (Mortgage Statement from Select Portfolio Servicing, Inc. dated Dec. 15, 2023); Deposition of Robert Daniels ("Daniels Dep.") at 14:16-25, 16:8-10, 98:5-7, 63:5-10, 111:1-20.

[44] Dkt. 142-2 (Declaration of Robert N. Daniels in Support of Plaintiff's Motion for Partial Summary Judgment at ¶¶ 11-14, 19-20); RDANIELS00001532-33 (Jan. 16, 2024, email Daniels received from realtor re the Notice of Default on Property); RDANIELS00001220-22 (email to Daniels from lending institution denying loan and citing reason for the denial); SPS00257-59 (Mortgage Statement from Select Portfolio Servicing, Inc. dated Dec. 15, 2023); Daniels Dep. at 14:16-25, 16:8-10, 98:5-7, 63:5-10, 111:1-20.

[45] Dkt. 142-2 (Declaration of Robert N. Daniels in Support of Plaintiff's Motion for Partial Summary Judgment at ¶¶ 19-20); RDANIELS00001532-33 (Jan. 16, 2024, email Daniels received from realtor re the Notice of Default on Property).

- 16 -
LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

## 2.    Element Two: Did SLS breach the contract?

The 2014 Settlement Agreement requires SLS to return the Loan to normal servicing, which incorporated the terms contained in the Deed of Trust and incorporated the manner in which SLS serviced the Loan prior to execution of the Settlement Agreement.[47]

Specifically, on November 2, 2006, Daniels obtained a residential mortgage loan from Americorp Funding in the amount of $1.5 million (the "Loan"), secured by Deed of Trust (the "Deed of Trust") for property located in Malibu, CA 90265.[48]

On or around November 13, 2006, Americorp Funding sold Daniels' mortgage to Chevy Chase Bank, F.S.B.[49]

In 2007, Daniels' mortgage was included in a mortgage-backed securities trust, the Chevy Chase Bank Funding LLC Mortgage-Backed Certificates Series 2007-1.[50]

On or around April 25, 2012, U.S. Bank, as trustee for the Chevy Chase Bank Funding LLC Mortgage-Backed Certificate Series 2007-1, stepped into the role of lender, with SLS contracted to service the loan on its behalf, to adhere to all requirements for US Bank.[51]

U.S. Bank testified that SLS acted on assignment and assumed its obligations under the Deed of Trust and the Loan to service the loan in accordance with those terms.[52]

---

[46] Dkt. 157-41 ¶ 4, Ex. B (2014 Settlement Agreement).

[47] Dkt. 157-41 ¶ 4, Ex. B (2014 Settlement Agreement).

[48] SLS004294-341 (Adjustable Rate Note); SLS000381-99 (Deed of Trust).

[49] Dkt. No. 97 (TAC at ¶ 213).

[50] Dep. of U.S. Bank ("Bank Dep.") at 24:5-24; SLS003841-4293 (Pooling and Servicing Agreement, Dated as of March 1, 2007, relating to Chevy Chase Funding LLC, Mortgage-Backed Certificates, Series 2007-1).

[51] *See* USBNA000120 (U.S. Bank Comment Report, stating U.S. Bank's interest in Loan is as Trustee); Bank Dep. at 21:13-22:6, 23:9-24:1.

[52] Bank Dep. at 25:10-26:17, 30:25-31:6, 57:6-16, 68:21-69:22.

LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

As part of normal servicing, SLS was required to "deliver or mail to [Daniels] a notice of any changes in the amount of [his] Minimum Payment" via required monthly statements as outlined under Section 4 of the Note, secured by the Deed of Trust, which it breached by not doing so.[53]

As part of normal servicing for the Loan, Daniels made monthly payments on the Loan to SLS by electronic ACH transfers initiated by his bank.[54]

SLS was prohibited from restricting Daniels' electronic form of payment unless a check or other instrument used for payment is returned unpaid.[55]

SLS failed to "deliver or mail to [Daniels] a notice of any changes in the amount of [his] Minimum Payment" via required monthly statements as outlined under Section 4 of the Note, secured by the Deed of Trust. SLS failed to advise Daniels of his required minimum monthly payments on the Loan, in violation of its duties to return the loan to normal servicing.[56]

Section 3 of the Deed of Trust permits the lender to maintain an escrow account for Daniels provided that the funds in the account does not exceed the maximum amount a lender can require under RESPA, based on current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.[57]

---

[53] SLS004294-341 (Adjustable Rate Note); SLS000381-99 (Deed of Trust).

[54] SLS Rog Resp. Set One, No. 4 (SLS identifies payments made via Ebox from, among other dates, Oct. 2019 to Dec. 2020); Dkt. 157-41 (Declaration of Robert N. Daniels in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at ¶¶ 4, 10); SLS003765-75 (Loan Payment History).

[55] SLS004294-341 (Adjustable Rate Note); SLS000381-99 (Deed of Trust).

[56] SLS004294-341 (Adjustable Rate Note); SLS000381-99 (Deed of Trust); Dkt. 157-41 (Declaration of Robert N. Daniels in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at ¶ 5); Daniels Dep. at 37:4-9, 118:13-18, 50:16-51:5; SLS Rog Resp. Set Two, No. 14 (SLS identifies November 2015 to August 2021 as the months it failed to send monthly loan statements to Daniels); Dkt. 157-52 (Declaration of Richard D. Farkas in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at ¶¶ 3-7); SLS Dep. at 66:10-13; SLS004951-53, 4981-83, 5001-03, 5031-33, 4717-19, 4761-63, 4794-96, 4818-20 (Mortgage Statements dated between Sept. 17, 2021, to April 18, 2022, improperly addressed to Richard Farkas).

[57] Deed of Trust (SLS000381-99).

- 18 -

LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

Section 3 of the Deed of Trust requires the lender to give to the Borrower an annual accounting of the escrow funds held pursuant to RESPA, and if there is a surplus of Funds held in escrow, as defined under RESPA, the lender shall account to Borrower for the excess funds in accordance with RESPA.[58]

Daniels' escrow account held a surplus of thousands of dollars.[59]

In 2022, Daniels' annual property taxes were $21,901.52 and as of June 16, 2022, Daniels' escrow account held over $60,000—more than 2.5 times his annual property taxes.[60]

In 2023, Daniels' annual property taxes were $22,216.32, and as of June 19, 2023, Daniels' escrow account held over $69,000—more than 3 times the amount of his annual property taxes and beyond the permissible limits of what an escrow account may hold under RESPA.  *See* 12 U.S.C. § 2609 ("A lender. . . may not require the borrower . . .to deposit in any such escrow account . . . a sum . . . in excess of the sum of (A) one-twelfth of the total amount of the estimated taxes. . . and other charges . . . plus (B) such amount as is necessary to maintain an additional balance in such escrow account not to exceed one-sixth of the estimated total amount of such taxes, . . . and other charges).[61]

The lender did not account to Daniels for the surplus, as it did not provide Daniels with any notice of its escrow accounting from November 2015 through April 2022, stating that these obligations were delegated to SLS as part of its servicing of the loan.  SLS breached its obligation to return the loan to normal servicing by

---

[58] Deed of Trust (SLS000381-99).

[59] Expert Report of William R. Burch at pp. 7-8.

[60] ECF No. 97, Ex. O (2022 Annual Secured Property Tax Information Statement; SLS001755 (June 16, 2022, Mortgage Statement).

[61] ECF No. 97, Ex. O (2023 Annual Secured Property Tax Information Statement); SLS002303 (June 19, 2023, Mortgage Statement).

- 19 -
LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

failing to account to Daniels for the surplus and by holding a surplus in excess of RESPA limits.[62]

Section 15 of the Deed of Trust requires U.S. Bank to direct notices to the Borrower's Property Address unless the Borrower notified U.S. Bank of a substitute notice address.[63]

Daniels' Property Address was 21625 Pacific Coast Highway, Malibu, CA 90265.[64]

U.S. Bank delegated its responsibility to send these loan statements to SLS as part of its servicing of the loan. SLS breached its obligation to return the loan to normal servicing by failing to have mortgage statements sent to Daniels from at least November 2015 through April 2022.[65]

On October 17, 2019, SLS notified Daniels' then counsel that, to reinstate his Loan, he must pay $181,390.50 (the "Reinstatement Letter").[66]

On October 17, 2019, SLS also generated a statement for Daniels (which it suppressed) stating that he owed $175,608.66. It admitted in response to Interrogatory No. 9 that the lower amount was what was actually due and owing at that time to bring the loan current. [67]

---

[62] Bank Dep. at 55:25-56:23; Dkt. 157-41 (Declaration of Robert N. Daniels in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at ¶18).

[63] Deed of Trust (SLS000381-99).

[64] Bank Dep. at 47:8-48:7; Dkt. 142-2 (Declaration of Robert N. Daniels In Support of Plaintiff's Motion for Partial Summary Judgment at ¶ 3); SLS000381-99 (Deed of Trust).

[65] Dkt. 157-41 (Declaration of Robert N. Daniels in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at ¶ 5); Daniels Dep. at 37:4-9, 118:13-18, 50:16-51:5; SLS Dep. at 66:10-13; SLS Rog Resp. Set Two, No. 14; SLS004951-53, 4981-83, 5001-03, 5031-33, 4717-19, 4761-63, 4794-96, 4818-20 (Mortgage Statements dated between Sept. 17, 2021 to April 18, 2022, improperly addressed to Richard Farkas); Dkt. 157-52 (Declaration of Richard D. Farkas in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at ¶¶ 3-7).

[66] RDANIELS0000148-150 (Reinstatement Letter).

[67] SLS002270-72 (Oct. 2019 Statement showing $175,608.66 loan reinstatement amount due).

- 20 -
LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

Daniels paid $181,390.50 on October 18, 2019, to bring his Loan current, which included an overpayment in the amount of $5,781.84.[68]

SLS later confirmed to Daniels' then-counsel that the Loan was current.[69]

10.    Daniels then paid another $6,500 on October 28, 2019.[70]

Daniels paid another $6,500 on November 14, 2019.[71]

SLS confirmed that the two identically dated documents it generated containing two different Loan reinstatement amounts was an error.[72]

SLS testified that if Daniels paid the $175,608.66 reinstatement amount, "[t]here would be nothing past due on November 1, 2019."[73]

SLS's inaccurate determination that Daniels was delinquent in November 2019, charging him interest and late fees, and holding his account and second $6500 payment in suspense was a breach of its obligations to return the loan to normal servicing. This led SLS to inaccurately deem Daniels delinquent in December 2019 and incorrectly bill him by charging interest on the incorrect amount owed based on that mistake and SLS's failure to credit overages in his escrow account in all successive months thereafter, each a breach of its obligation to bring the loan to normal servicing.[74]

Between January 2021 and continuing through March of 2022, Daniels timely remitted his monthly payments due under the Loan via electronic ACH transfers initiated by his bank.[75]

---

[68] SLS001196-97 (receipt showing Daniels paid the $181,390.50 loan reinstatement amount on Oct. 18, 2019).

[69] SLS-Farkas Tr.at 2:12-19 (confirming SLS's receipt of Daniels' $181,390.50 reinstatement payment on Oct. 18, 2019, and that the Loan is current).

[70] SLS002279-83 (Nov. 18, 2019, Mortgage Statement).

[71] *Id.*

[72] SLS Rog Resp. Set One, No. 9; SLS Dep. at 85:24-88:22, 87:22-25.

[73] SLS Dep. at 87:22-25.

[74] Bussell Rep., at 6-9; Rebuttal Report of Douglas A. Minor at p. 23-26.

[75] Dkt. 157-41 (Declaration of Robert N. Daniels In Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at ¶¶ 4, 10); SLS003765-75 (Loan Payment History; Daniels's Responses and Objections to US Bank's Special Interrogatories No. 14.

LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

SLS did not receive a check or other instrument for payment that was returned unpaid.[76]

Without written notice or other justification, SLS, each month beginning with January 2021 through March of 2022, returned those payments to Daniels within days of receiving them.[77]

SLS thereafter erroneously reported to credit agencies that Daniels failed to make any payments due under the Loan.[78]

SLS further, and without justification, both assessed late fees to Daniels for those timely payments and wrongfully reported those payments as late and outstanding.[79]

SLS admits that its regular practice was to send delinquency notices if a payment was not made in full, but failed to send any delinquency notices in 2019 through 2022 despite taking the position that payments made were inadequate and returning several of them, in breach of its obligation to return the loan to normal servicing.

SLS's conduct was in bad faith and violated its contractual obligation to bring the loan to normal servicing because it admitted that the only way Daniels could have learned of any changes in the amount of his minimum payment was through his mortgage statements, which it had regularly provided to Daniels prior to the Settlement Agreement, rejected the payments without authorization from U.S. Bank or anyone, based on its own deficient mishandling of the Loan, which US Bank has confirmed under oath it lacked authority to do and SLS did not even discover the

---

[76] *See* SLS Dep. at 41:4-42:21.

[77] Dkt. 157-41 (Declaration of Robert N. Daniels in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at ¶ 10); U.S. Bank Dep. at 112:1-3; 112:25-113:3; SLS Dep. at 174:4-18; SLS002203 (Ledger of Rejected Payments).

[78] SLS001196 (Oct. 4, 2021, ACDV Report); SLS's Responses and Objections to Daniels' Request for Admission, Set One, Request No. 5; Rebuttal Report of Douglas A. Minor.

[79] SLS001196 (October 4, 2021, ACDV Report); SLS's Responses and Objections to Daniels' Request for Admission, Set One, Request No. 5; Bussell Rep.; Minor Rep.

- 22 -

LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

reason or cause for the rejection until December 2023, when, through this litigation, Daniels pressured SLS to explain its gross mishandling of his Loan.[80]

Finally, and improperly, SLS initiated foreclosure proceedings on Daniels' property based on its own accounting errors and failure to properly credit Daniels for moneys owed, failing to give timely notice, not crediting his contest of the foreclosure, causing Daniels to sell the property well under market value in duress to avoid foreclosure in breach of its obligations to return the loan to normal servicing.

### 3. Element Three: Did Daniels' perform or was his nonperformance excused under the contract?

#### a. Daniels performed under the Deed of Trust.

Daniels hereby incorporates Section II.B., Fact Nos. 6-11, 13.

#### b. Alternatively, any nonperformance is excused.

It is black letter law that a "[b]reach or repudiation of a contract by one party excuses nonperformance by the other." *See Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1121 (9th Cir. 2008)*; see also Loral Corp. v. Moyes*, 174 Cal. App. 3d 268, 280 (1985).

SLS admits that Daniels could not know what was due and owing absent his monthly statements and that if he made inadequate payments, he was to receive notices of default known as delinquency notices.[81]

SLS admits it did not provide Daniels with monthly Loan statements from November 2015 to August 2021, but this is an incomplete list of dates for which it failed to send statements.[82]

---

[80] SLS000381-99 (Deed of Trust); SLS Dep. at 21:23-22:4, 29:15-20, 31:6-11, 171:25-172:21; U.S. Bank at 112:1-3; 112:25-113:3.

[81] SLS Dep. at 21:23-22:4, 29:15-20, 31:6-11.

[82] SLS Dep. at 66:10-13; SLS Rog Resp. Set Two, No. 14 (SLS identifies November 2015 to August 2021 as the months it failed to send monthly loan statements to Daniels); SLS004951-53, 4981-83, 5001-03, 5031-33, 4717-19, 4761-63, 4794-96, 4818-20 (Mortgage Statements dated between Sept. 17, 2021, to April 18, 2022, improperly addressed to Richard Farkas); Dkt. 157-52 (Declaration of Richard D. Farkas in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at ¶¶ 3-7).

- 23 -

Daniels reasonably believed that the monthly, timely payments he made were adequate as it also did not provide him with delinquency notices or otherwise provide him with any notice that it was holding his account payments in suspense..[83]

When SLS did begin to inform Daniels of his debt after April 2022, the mortgage statements contained false and inflated debt obligations totals.[84]

### 4.   Element Four: Was Daniels damaged?

Daniels' Loan was improperly deemed delinquent.[85]

Daniels' monthly payments were not properly applied to his Loan.[86]

Daniels was prevented from directing U.S. Bank to apply the escrow surplus on his Loan to pay down the principal balance on his Loan, which led to improper increased interest rates and inaccurate fees assessed on the Loan.[87]

Daniels' credit score was destroyed.[88]

Daniels could not obtain subsequent loans from financial lenders as lenders refused to extend credit to Daniels.[89]

---

[83] SLS Dep. at 174:4-18; Dkt. 142-2 (Declaration of Robert N. Daniels in Support of Plaintiff's Motion for Partial Summary Judgment at ¶¶ 4-5).

[84] Bussell Rep., at 6-9; Minor Rep, at 28-29; SLS Rogs Resp., Set One, No. 9.

[85] Bussell Rep., Minor Rep.

[86] Bussell Rep., Minor Rep., Burch. Rep.

[87] Expert Report of Jeffrey A. Bussell; Rebuttal Report of Douglas A. Minor; Expert Report of William R. Burch; U.S. Bank Dep. at 55:25-56:23; Dkt. 157-41 (Declaration of Robert N. Daniels In Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at ¶¶ 5, 18); Daniels Dep. at 37:4-9, 118:13-18, 50:16-51:5; SLS Dep. at 66:10-13; SLS Rog Resp. Set Two, No. 14 (SLS identifies November 2015 to August 2021 as the months it failed to send monthly loan statements to Daniels); SLS004951-53, 4981-83, 5001-03, 5031-33, 4717-19, 4761-63, 4794-96, 4818-20 (Mortgage Statements dated between Sept. 17, 2021, to April 18, 2022, improperly addressed to Richard Farkas); Dkt. 157-52 (Declaration of Richard D. Farkas In Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment at ¶¶ 3-7).

[88] Dkt. 142-2 (Declaration of Robert N. Daniels in Support of Plaintiff's Motion for Partial Summary Judgment at ¶¶ 11-14); RDANIELS00001532-33 (Jan. 16, 2024, email Daniels received from Realtor re the Notice of Default on Property); Rebuttal Expert Report of Douglas A. Minor at pp. 28-29

[89] Dkt. 142-2 (Declaration of Robert N. Daniels in Support of Plaintiff's Motion for Partial Summary Judgment at ¶¶ 11-14, 19-20); RDANIELS00001532-33 (Jan. 16, 2024, email Daniels received from realtor re the Notice of Default on Property); RDANIELS00001220-22 (email to Daniels from lending institution denying loan and citing reason for the denial); SPS00257-59 (Mortgage Statement from Select

- 24 -

LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

Daniels faced increased credit costs.[90]

Daniels was forced to sell his home below market value sale of his property for $3,037,500.[91]

Daniels suffered extreme and extensive emotional distress.

## VIII. BIFURCATION OF ISSUES (L.R. 16-4.13)

In the interest of efficiency, and due to the absence of any unique circumstances favoring bifurcation, all issues presently in the case that are triable by jury should be tried to the same jury at the same time.  If any additional issues are subsequently introduced into the case, Daniels reserves the right to request that some or all of those new issues be tried separately.

## IX. JURY TRIAL (L.R. 16-4.4)

Daniels timely demanded and is entitled to a trial by jury on all issues before the Court.[92]

## X. ATTORNEYS' FEES

Daniels seeks reimbursement of his attorney's fees and costs pursuant to FCRA, 15 U.S.C. § 1681n(a)(3), which provides that "[a]ny person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer . . . in the case of any successful action to enforce any liability . . ., the costs of the action together with reasonable attorney's fees as determined by the court," and 15 U.S.C. § 1681o(a)(2), which provides

Portfolio Servicing, Inc. dated Dec. 15, 2023); Deposition of Robert Daniels ("Daniels Dep.") at 14:16-25, 16:8-10, 98:5-7, 63:5-10, 111:1-20.

[90] Dkt. 142-2 (Declaration of Robert N. Daniels in Support of Plaintiff's Motion for Partial Summary Judgment at ¶¶ 11-14, 19-20); RDANIELS00001532-33 (Jan. 16, 2024, email Daniels received from realtor re the Notice of Default on Property); RDANIELS00001220-22 (email to Daniels from lending institution denying loan and citing reason for the denial); SPS00257-59 (Mortgage Statement from Select Portfolio Servicing, Inc. dated Dec. 15, 2023); Daniels Dep. at 14:16-25, 16:8-10, 98:5-7, 63:5-10, 111:1-20.

[91] Dkt. 142-2 (Declaration of Robert N. Daniels in Support of Plaintiff's Motion for Partial Summary Judgment at ¶¶ 19-20); RDANIELS00001532-33 (Jan. 16, 2024, email Daniels received from realtor re the Notice of Default on Property).

[92] Dkt. 97 (TAC.)

- 25 -

LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

"[a]ny person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer [and] on a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper." 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2).

Daniels also seeks reimbursement of his attorney's fees and costs pursuant to Section 3.A of the 2014 Settlement Agreement, which provides that "the prevailing party in any action seeking to enforce this Agreement shall be entitled to their attorneys' fees and costs in that enforcement action." *See* Dkt. 157-41 ¶ 4, Ex. B.

Daniels also seeks reimbursement of his attorney's fees and costs pursuant to Cal. Civ. Code §1785.31(a)(1).

The overwhelming evidence described herein of SLS's and U.S. Bank's willful and negligent violation of the FCRA, the CCCRAa and SLS's breach of the 2014 Settlement Agreement justifies an award of reasonable attorney's fees and costs.

## XI.   <u>PUNITIVE DAMAGES</u>

Daniels seeks punitive damages, to which he is entitled for SLS's and U.S. Bank's willful and negligent violations of the FCRA and the CCCRAA. 15 U.S.C. § 1681n(a)(2); Cal. Civ. Code § 1785.25(a).

## XII.   <u>ABANDONMENT OF ISSUES</u>

On summary judgment, Daniels previously withdrew his Breach of Contract Claims (Deed of Trust) as to SLS *only* (Claims X, XI, XII, and XIII); and his Claims for Violation of the Daniels' Rosenthal Fair Debt Collection Practices Act (Claim VII) and Declaratory Relief (Claim XVI).

Daniels also withdrew his Claims for Violations of Homeowner Bill Of Rights (Claim VIII) and for Violation of California Unfair Competition Law (Claim IX).

LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

Dated: March 24, 2025

**STEPTOE LLP**
RYAN M. LAPINE


By: _____*/s/ Ryan M. Lapine*_____
    Ryan M. Lapine

Attorneys for Plaintiff
   ROBERT N. DANIELS

LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

## <u>LOCAL RULE 7-3 CERTIFICATION</u>

This Motion is made following the conference of counsel pursuant to L.R. 7-3 and L.R. 16 held on March 12, 2025, and continuing on March 14, 2025.

*/s/  Ryan Ml. Lapine*

Ryan M. Lapine

L.R. 7-3 CERTIFICATION

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 24, 2025, a copy of the foregoing **PLAINTIFF ROBERT N. DANIELS'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Ryan M. Lapine*

Ryan M. Lapine

- 29 -
CERTIFICATE OF SERVICE