Ian A. Rambarran, Bar No. 227366
irambarran@klinedinstlaw.com
Daniel S. Agle, Bar No. 251090
dagle@klinedinstlaw.com
Jonathan C. Cahill, Bar No. 287260
jcahill@klinedinstlaw.com
KLINEDINST PC
801 K Street, Suite 2100
Sacramento, California 95814
(916) 282-0100/FAX (916) 444-7544

Attorneys for Defendants SPECIALIZED
LOAN SERVICING, LLC and U.S.
BANK, N.A., as trustee for Chevy Chase
Bank Funding, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROBERT N. DANIELS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC, a Delaware Limited Liability Company; and DOES 1-10,<br><br>Defendant. | Case No. 2:22-cv-06776-MCS-PD<br><br>**MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Pre-Trial Conference<br>Date:          June 23, 2025<br>Time:          2:00 pm<br>Courtroom: 7C<br>Judge:         Hon. Mark C. Scarsi<br><br>Complaint Filed:   September 20, 2022<br>Trial Date:          July 8, 2025 |

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

Pursuant to the Court's Civil Trial Order, Defendants SPECIALIZED LOAN SERVICING, LLC ("SLS") and U.S. BANK, N.A., as trustee for Chevy Chase Bank Funding, LLC ("U.S. Bank") (collectively "Defendants") hereby submit the following Memorandum of Contentions of Fact and Law.

## MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Defendants SPECIALIZED LOAN SERVICING, LLC ("SLS") and U.S. BANK, N.A., as trustee for Chevy Chase Bank Funding, LLC ("U.S. Bank")

(collectively "Defendants") respectfully submit this Memorandum of Contentions of Fact and Law pursuant to L.R. 16-4.

This case involves a credit dispute under the FCRA and CCRAA as well as contractual claims related to a Deed of Trust and a 2014 Settlement Agreement. Plaintiff claims that improper accounting and negative credit reporting resulted in damage to Plaintiff.

**1.      Plaintiff's Claims and Elements**

**A.      Fair Credit Reporting Act ("FCRA") (SLS)**

i.      Elements: Plaintiff must establish that "(1) Defendant is a 'furnisher'; (2) Plaintiff notified the CRA that Plaintiff disputed the reporting as inaccurate; (3) the CRA notified the furnisher of the alleged inaccurate information of the dispute; (4) the reporting was in fact inaccurate; and (5) Defendant failed to conduct the investigation required by § 1681s-2(b)(1)." *Miller v. Westlake Servs., LLC*, 637 F. Supp. 3d 836, 848 (C.D. Cal. 2022) (internal quotation marks omitted).  Violations under the FCRA must be "willful" or "negligent" to be actionable. 15 U.S.C. §§ 1681n, 1681o.  Further, as a threshold issue, Plaintiff must show that the credit reporting at issue was inaccurate.  If Plaintiff "fails to meet the initial burden of proving an inaccuracy, as a matter of law…the court need not further inquire."  *Brown v. Equifax Info. Servs.*, 2010 U.S. Dist. LEXIS 162659, at *27 No. 1:09-CV-0168-CAM-LTW (N.D. Ga. Feb. 16, 2010); *Gross v. CitiMortgage, Inc.*, 33 F.4th 1246, 1251 (9th Cir. 2022) (plaintiff bears burden of proof to show actual inaccuracy.)

ii.      Defendants' Evidence:  SLS does not dispute that it is a furnisher under the FCRA. SLS also does not dispute that a credit dispute was received via a CRA.  However, SLS contends that the credit reporting was accurate.  SLS also contends that the dispute itself was deficient, based upon a meritless lawsuit, and upon Plaintiff's false complaint that

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

2

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

he had never been late on payments on the Loan. Furthermore, SLS contends its investigation was reasonable and that it did not cause Plaintiff damages. <u>Evidence includes</u>: Plaintiff's dispute submitted to the CRA; the ACDV associated with Plaintiff's dispute; Plaintiff's payment history; check(s) submitted by Plaintiff; SLS' system notes and testimony of its 30(b)(6) witness; Plaintiff's testimony; Plaintiff's credit reports.

**B.    CCRAA (SLS)**

i.    <u>Elements</u>: Plaintiff must prove that "(1) Defendant is a 'person' under the [CCRAA], (2) Defendant reported information to a CRA, (3) the information reported was inaccurate, (4) Plaintiff was harmed, and (5) Defendant knew or should have known that the information was inaccurate." *Miller v. Westlake Servs., LLC*, 637 F. Supp. 3d 836, 855 (C.D. Cal. 2022).

ii.    <u>Defendants' Evidence</u>: SLS also does not dispute that a credit dispute was received via a CRA. However, SLS contends that the credit reporting was accurate. SLS also contends that the dispute itself was deficient, based upon a meritless lawsuit, and Plaintiff's false assertion that he had never been late on payments on the Loan. Furthermore, SLS contends its investigation was reasonable and that it did not cause Plaintiff's damages. Further, SLS did not know or nor should it have known the credit reporting was inaccurate, as alleged. SLS also maintains reasonable policies and procedures. <u>Evidence includes</u>: Plaintiff's dispute submitted to the CRA; the ACDV associated with Plaintiff's dispute; Plaintiff's payment history; check(s) submitted by Plaintiff; SLS' system notes and testimony of its 30(b)(6) witness; Plaintiff's testimony; Plaintiff's credit reports.

MEMORANDUM OF CONTENTIONS OF FACT AND LAW

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

## C.    Breach of Covenant of Good Faith and Fair Dealing – Deed of Trust (U.S. Bank)

i.    Elements: Plaintiff must prove: "(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Vanguard Logistics Servs. (USA) v. Groupage Servs. of New England, LLC*, CV 18-0517 DSF (GJSx), 2023 U.S. Dist. LEXIS 131057, \*48-49 (C.D. Cal. July 28, 2023) (quoting *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010)). Allegations must demonstrate defendant's conduct for failure or refusal to discharge contractual responsibilities was a conscious and deliberate act, not an honest mistake, bad judgment, or negligence. *Merced Irr. Dist. V. County of Mariposa*, 941 F. Supp. 2d 1237, 1280 (E.D. Cal. 2013). "'[T]he implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract.'" *Ragland v. U.S. Bank Nat. Assn.*, 209 Cal. App. 4th 182, 206 (2012) (quoting *Pasadena Live v. City of Pasadena*, 114 Cal.App.4th 1089, 1094 (2004)).

ii.    Defendants' Evidence:  US Bank does not dispute that it is the current beneficiary under the Deed of Trust.  US Bank disputes that Plaintiff fulfilled his obligations under the Deed of Trust, that US Bank unfairly interfered with Plaintiff's right to receive the benefits of the contract, and that Plaintiff was harmed by US Bank's conduct.  US Bank also disputes that it failed or refused to discharge its contractual responsibilities through a conscious and deliberate act.    Plaintiff is

4

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

attempting to create obligations not contemplated in the contract. Evidence includes: Deed of Trust; Plaintiff's lawsuits filed against SLS; Account statements sent to Plaintiff; Plaintiff's payment history; check(s) submitted by Plaintiff;  Notices of delinquency; Escrow analyses; SLS Policies re: EBox Payment Rejection; SLS' system notes and testimony of its 30(b)(6) witness; Plaintiff's testimony.

**D.     Breach of Contract – 2014 Settlement Agreement (SLS)[1]**

i.     Elements: Plaintiff must prove the following: (1) the existence of a contract, (2) plaintiffs' performance or excuse for nonperformance, (3) defendants' breach of the contract, and (4) the resulting damages to plaintiffs. *Reichert v. General Ins. Co. of America*, 68 Cal. 2d 822, 830, 69 Cal. Rptr. 321, 442 P.2d 377 (Cal. 1968). *Gallagher v. Wells*, No. 2:08-cv-03071 JFM (C), 2012 U.S Dist. LEXIS 109155, at *15 (E.D. Cal. Aug. 2, 2012).

ii.     Defendants' Evidence:  SLS does not dispute that it entered into the 2014 Settlement Agreement.  SLS disputes that it breached the contract and that SLS caused any damage to Plaintiff related to the 2014 Settlement Agreement.  SLS's only obligations under the 2014 Settlement Agreement were to: (1) waive $9,908.50 in late charges; (2) return the

---

[1] Of note, the Parties waived their right to a jury trial in this Agreement.  The 2014 Settlement Agreement states that the "Parties knowingly, voluntarily, and intentionally waive the right they may have to a trial by jury in respect to any litigation based heron."  (TAC, Exhibit B, § 3(M).) Thus, the claims related to this Agreement should be tried to the Court.  To be valid, a waiver "must be made knowingly and voluntarily" as the Agreement explicitly states. *Palmer v. Valdez*, 560 F.3d 965, 968 (9th Cir. 2009) (quoting *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007)).  Further, all Parties were represented by counsel in the preparation and execution of the 2014 Settlement Agreement.  Finally, the 2014 Settling Agreement "shall be construed as if all Parties jointly prepared" the agreement.  (TAC, Exhibit B, § 3(F).)

MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Loan to "normal servicing;" and (3) rescind the Notice of Default that had been recorded on May 14, 2012.  The 2014 Agreement is clear that SLS has "no further obligations under the agreement."  Evidence includes: Deed of Trust; Plaintiff's lawsuits filed against SLS; Account statements sent to Plaintiff; Plaintiff's payment history; check(s) submitted by Plaintiff;  Notices of delinquency; Escrow analyses; SLS Policies re: EBox Payment Rejection; SLS' system notes and testimony of its 30(b)(6) witness; Plaintiff's testimony.

**2.    Statement of Affirmative Defenses**

**A.    Acts of Third Parties.**

Elements: (1) that third parties were negligent or at fault; and (2) that the negligence or fault of those third parties  was a substantial factor in causing Plaintiff's harm.

Evidence: Plaintiff's credit reports; letters from potential lenders produced by Plaintiff; SLS' 30(b)(6) witness; Plaintiff's testimony.

**B.    Comparative Fault of Plaintiff.**

Elements:  (1) that Plaintiff was at negligent; and (2) that Plaintiff's negligence was a substantial factor in causing his harm.

Evidence: Plaintiff's credit reports; correspondence and calls between SLS and Plaintiff; letters from potential lenders produced by Plaintiff; SLS' 30(b)(6) witness; Plaintiff's testimony.

**C.    Failure to Mitigate Damages by Plaintiff.**

Elements: (1) that the plaintiff failed to use reasonable efforts to mitigate damage; and (2) the amount by which damages would have been mitigated.

Evidence: Plaintiff's credit reports; correspondence and calls between SLS and Plaintiff; letters from potential lenders produced by Plaintiff; SLS' 30(b)(6) witness; Plaintiff's testimony.

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

MEMORANDUM OF CONTENTIONS OF FACT AND LAW

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

### D.      Estoppel.

Elements:  (1) the party to be estopped must know the facts; (2) the party to be estopped must intend that his or her conduct shall be acted upon or must act in a way that causes the other party to believe that was his or her intent; (3) the party asserting estoppel must be unaware of the true facts; and (4) the party asserting estoppel must detrimentally rely on the other party's conduct. *Estill v. Cty. of Shasta,* 25 Cal. App. 5th 702, 710, 236 Cal. Rptr. 3d 191, 196-97 (2018).

Evidence:  Correspondence and calls between SLS and Plaintiff; prior litigation including complaints and orders disposing of the same; 2014 Settlement Agreement; letters from potential lenders produced by Plaintiff; SLS' 30(b)(6) witness; Plaintiff's testimony.

### E.      Reasonable Procedures.

Elements: At the time of the alleged violation of the CCRAA, SLS maintained reasonable procedures to assure compliance with the CCRAA.

Evidence: Policies and Procedures produced by SLS to date.

### F.      Statute of Limitations.

FCRA and CCRAA: When Plaintiff discovered, or when a reasonably diligent plaintiff would have discovered, the alleged violation—claims barred if discovery occurred, or should have occurred, prior to September 20, 2020.

Breach of Contract:  When Plaintiff's harm occurred—claims barred for harm that occurred before September 20, 2018.

Evidence: Plaintiff's testimony; check(s) submitted by Plaintiff; Notices of delinquency; Escrow analyses.

### 3.      Anticipated Evidentiary Issues

After meeting and conferring with Plaintiff.  Defendants are filing three Motions in Limine concurrently herewith.  Defendant also anticipates Plaintiff filing three Motions in Limine.

MEMORANDUM OF CONTENTIONS OF FACT AND LAW

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

**4.     Issues of Law**

**FCRA and CCRAA Claims:**

Whether lack of notice of grievance from Plaintiff bars these claims[2];

Whether Plaintiff submitted a proper dispute under the FCRA and/or CCRAA;

Whether SLS' credit reporting related to the Loan was accurate;

Whether SLS' investigation was reasonable given the scope of Plaintiff's dispute;

Whether SLS had reasonable policies and procedures in place related to credit reporting;

Whether Plaintiff was damaged;

Whether SLS caused any such damage.

**Breach of Covenant Claims- Deed of Trust**

Whether lack of notice of grievance from Plaintiff bars these claims;

Whether a breach occurred;

Whether Plaintiff was damaged;

---

[2] Plaintiff basis these claims upon alleged inaccurate credit reporting. However, that inaccuracy is premises on SLS reporting that Plaintiff failed to "timely make certain payments on the Loan" and misreported the amounts owed on the Loan. (TAC, ¶¶ 80, 81, 110, 102, 138, 140, 150.) As discussed above, Plaintiff has the burden of showing inaccuracy, i.e. that the payments in question were in fact timely made in the amounts contractually owed. What is contractually owed and when said payments are due is controlled by the Deed of Trust. (*See, e.g.*, Deed of Trust §§ 1-3, 5.) Plaintiff alleges that the terms of the Deed of Trust apply to his relationship with SLS, as its terms were "incorporated" via the 2014 Settlement Agreement. Plaintiff specifically alleges that this alleged inaccurate credit reporting breached the 2014 Settlement Agreement, and by extension, the Deed of Trust. (TAC, ¶ 243.) Courts examining an identical notice and cure provision have noted that the "notice and cure clause is broad, and applies to *any* claim arising out of the agreement." *Un Boon Kim v. Shellpoint Partners, LLC*, 2016 U.S. Dist. LEXIS 44144, *19 (emphasis added). As Plaintiff's credit reporting claims arise out of alleged failure to comply with the terms of the Deed of Trust, they are barred as a matter of law.

---

8

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

Whether U.S. Bank caused any such damage.

**Contract Claim- 2014 Settlement Agreement**

That Plaintiff and SLS entered into a contract;

Whether lack of notice of grievance from Plaintiff bars this claim[3];

Whether a breach occurred;

Whether Plaintiff was damaged;

Whether U.S. Bank caused any such damage.

### 5.    Issues Triable to Jury

Plaintiff has demanded a jury trial on all claims.  However, the Parties waived their right to a jury trial related to the 2014 Settlement Agreement.

### 6.    Attorneys' Fees

Plaintiff seeks recovery of attorneys' fees under his FCRA and CCRAA claims.  In the event Plaintiff prevails on either of those claims, he will be entitled to reasonable attorneys' fees, which should be determined by a motion supporting his request for fees after the verdict is entered.

SLS and U.S. Bank's motion for summary judgment was granted as to the breach of contract claims related to the Deed of Trust.  Defendants will therefore be seeking their attorneys' fees and costs from Plaintiff under the terms of the Deed of Trust.

/ / /

/ / /

/ / /

---

[3] Plaintiff claims that the SLS breached the 2014 Settlement Agreement by failing to return the Loan to "normal servicing."  Plaintiff claims the settlement incorporated the terms of the Deed of Trust.  (TAC, ¶ 238.)  In so doing, Plaintiff admits that the notice of grievance provision (Section 20) of the Deed of Trust was incorporated.  The Court has already held that Plaintiff failed to comply with this provision, which bars his claim.

### 7. **<u>Conclusion</u>**

Based on the foregoing, Defendants respectfully submit this Memorandum of Contentions of Fact and Law.

KLINEDINST PC

DATED: June 2, 2025          By: _____*/s/ Jonathan C. Cahill*_____
                                 Jonathan C. Cahill
                                 Attorneys for Defendants SPECIALIZED
                                 LOAN SERVICING, LLC and U.S.
                                 BANK, N.A., as trustee for Chevy Chase
                                 Bank Funding, LLC

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

10

Klinedinst PC
801 K Street, Suite 2100
Sacramento, California 95814

## CERTIFICATE OF SERVICE

**Daniels v. Specialized Loan Servicing, LLC, et al.**
**Case No. 2:22-cv-06776-MCS-PD**

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Sacramento, State of California. My business address is 801 K Street, Suite 2100, Sacramento, California 95814.

On June 2, 2025, I served true copies of the following document(s) described as **MEMORANDUM OF CONTENTIONS OF FACT AND LAW** on the interested parties in this action as follows:

| | |
|---|---|
| Ryan M. Lapine, Esq.<br>Alexander Avery, ESq.<br>STEPTOE LLP<br>633 W Fifth Street, Suite 1900<br>Los Angeles, CA 90071 | Telephone: (213) 439-9400<br>Facsimile: (213) 439-9599<br>rlapine@steptoe.com<br>aavery@steptoe.com<br><br>Attorneys for Plaintiff |
| Xochitl S. Strohbehn, Esq.<br>Venable LLP<br>151 West 42nd Street<br>New York, NY 10036 | Telephone: (212) 370-6224<br>Facsimile: (212) 307-5598<br>Email:<br>xsstrohbehn@venable.com<br><br>Attorneys for Plaintiff |
| Jonathan Alexis Mireles<br>Venable LLC<br>101 California Street, Suite 3800<br>San Francisco, CA 94111 | (415) 343-4497 / FAX (415) 653-3755<br>JAmireles@venable.com<br><br>Attorneys for Plaintiff |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 2, 2025, at Sacramento, California.

Jodie Chalmers

1
CERTIFICATE OF SERVICE