UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | **2:22-cv-06776-MCS-PD** | Date   July 3, 2025 |
| Title | ***Daniels v. Specialized Loan Servicing, LLC*** | |

Present: The Honorable   Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (IN CHAMBERS) ORDER RE: JURY TRIAL AND SETTING TRIAL AND PRETRIAL DATES**

The Court issued an order vacating trial dates and requesting supplemental briefing on whether the parties waived a jury trial on some claims. (Order, ECF No. 206.) Both sides filed opening and response briefs. (Pl.'s Br., ECF No. 210; Defs.' Br., ECF No. 211; Pl.'s Opp'n ECF No. 213; Defs.' Opp'n, ECF No. 212.) After reviewing the parties' briefing, the Court concludes that no additional briefing or a hearing is necessary.

In their pretrial filings, Defendants Specialized Loan Servicing, LLC ("SLS") and U.S. Bank, N.A., as trustee for Chevy Chase Bank Funding, LLC, contended that "the Parties waived their right to a jury trial related to the 2014 Settlement Agreement." (Defs.' Mem. 9, ECF No. 194.) In contrast, Plaintiff Robert N. Daniels asserted he "is entitled to a trial by jury on all the issues before the Court." (Pl.'s Mem. 24, ECF No. 198.) Relevantly, the 2014 Settlement Agreement provides:

> F.    Construction.   . . . This Agreement is to be interpreted, enforced and governed by and under the laws of the State of California, without giving effect to the conflict-of-laws, rules and principles thereof. . . .

---

| | | |
|---|---|---|
| Page 1 of 3 | **CIVIL MINUTES – GENERAL** | Initials of Deputy Clerk SMO |

> M.   <u>Waiver of Trial by Jury</u>. The Parties knowingly, voluntarily and intentionally waive the right they may have to a trial by jury in respect to any litigation based hereon, or arising out of, under or in connection with this Agreement, any document contemplated to be executed, or any underlying matter, course of dealing, statement (whether verbal or written) or action of the Parties.

(Daniels Decl. Ex. A, at 5–6, ECF No. 210-2.)

At the time the Court ordered briefing on the issue, the Court perceived the parties' disagreement was an issue of contract interpretation, but it appears the parties mainly dispute the legal effect of the waiver. Plaintiff contends that this Court is sitting in diversity jurisdiction for all claims related to the Settlement Agreement, and therefore it must apply California's rule on pre-dispute jury trial waivers, which prohibits such waiver. (Pl.'s Br. 2–5.) Defendants agree that California law "generally prohibits pre-dispute jury waivers," but they suggest that the Court should apply federal law to the Settlement Agreement, and that federal law permits the enforcement of jury waivers that are made knowingly and voluntarily. (Defs.' Br. 4–8.) The Court disagrees with Defendants and finds that the pre-dispute jury waiver contained in the Settlement Agreement is unenforceable, and therefore all claims will be tried by a jury.

"When a district court sits in diversity, or hears state law claims based on supplemental jurisdiction, the court applies state substantive law to the state law claims." *Mason & Dixon Intermodal, Inc. v. Lapmaster Int'l LLC*, 632 F.3d 1056, 1060 (9th Cir. 2011). Here, Plaintiff's complaint asserts that the Court has original subject-matter jurisdiction over the federal claims, including the surviving Federal Credit Reporting Act ("FCRA") claims, and has diversity and supplemental jurisdiction over the remaining claims, including the breach of contract claims. (TAC ¶¶ 1–2, ECF No. 97.) The Court agrees, and therefore finds that it must apply California law to the breach of contract claims, including as to the issue of whether the pre-dispute jury trial waiver is enforceable.[1] *See In re County of Orange*, 784

---

[1] Defendants encourage the Court to rely on the deed of trust's provision applying federal law because Plaintiff alleges the deed of trust is incorporated into the Settlement Agreement. (Defs.' Br. 4–5; Defs.' Opp'n 4.) However, they provide no persuasive argument or authority that supports reading the deed of trust's choice of

F.3d 520, 532 (9th Cir. 2015) ("[D]istrict courts sitting in diversity must apply California's rule on pre-dispute jury trial waivers to contracts governed by California law."). "Under California . . . law, parties to a contract cannot waive their right to a jury trial before a dispute commences, and any contract provision seeking to effect such a waiver is unenforceable . . . ." *Id.* at 529. Therefore, the Court finds the waiver unenforceable and concludes that Plaintiff is entitled to a jury trial on all claims.[2]

Having considered the parties' helpful notice of their availability for trial, (Notice, ECF No. 215), the Court resets trial for August 19, 2025, at 8:30 a.m. The final pretrial conference will be held on August 4, 2025, at 2:00 p.m. For docket management purposes, and to allow the parties an opportunity to revise prior pretrial filings, the Court orders the submission of a full complement of pretrial filings. The motions in limine (ECF Nos. 195–97, 200–02) are denied without prejudice to renewal. The first and second rounds of pretrial filings are due July 21, 2025, and July 28, 2025, respectively.

**IT IS SO ORDERED.**

---

law provision to supersede the Settlement Agreement's choice of law provision. The Court similarly rejects Defendants' attempt to convince this Court that it has original federal-question jurisdiction over the breach of contract claim. (Defs.' Br. 5–8; Defs.' Opp'n 5.)

[2] Even had the Court found the waiver enforceable, it would consider empaneling an advisory jury to assist with the trial of bench-triable claims. Fed. R. Civ. P. 39(c)(1); *Hummel v. Rushmore Loan Mgmt. LLC*, No. CV-17-08034-PCT-DGC, 2018 U.S. Dist. LEXIS 178267, at *7 (D. Ariz. Oct. 17, 2018) ("The decision to empanel an advisory jury is left to the trial court's discretion.").