Ian A. Rambarran, Bar No. 227366
irambarran@klinedinstlaw.com
Daniel S. Agle, Bar No. 251090
dagle@klinedinstlaw.com
Jonathan C. Cahill, Bar No. 287260
jcahill@klinedinstlaw.com
KLINEDINST PC
801 K Street, Suite 2100
Sacramento, California 95814
(916) 282-0100/FAX (916) 444-7544

Attorneys for Defendants SPECIALIZED LOAN SERVICING, LLC and U.S. BANK, N.A., as trustee for Chevy Chase Bank Funding, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROBERT N. DANIELS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC, a Delaware Limited Liability Company; and DOES 1-10,<br><br>Defendant. | Case No. 2:22-cv-06776-MCS-PD<br><br>**OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE ALL TESTIMONY, OPINION, AND EVIDENCE FROM FRED KORB**<br><br>Pre-Trial Conference:<br>Date:          November 24, 2025<br>Time:          2:00 pm<br>Courtroom:  7C<br>Judge:        Hon. Mark C. Scarsi<br><br>Complaint Filed:  September 20, 2022<br>Trial Date:        December 2, 2025 |

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...................................................................................................3

II. ARGUMENT ........................................................................................................4

    A.  SLS is substantially justified in not amending its disclosures to name the new 30(b)(6) witness ........................................................................................5

    B.  The lack of amendment to SLS's Rule 26(a) disclosures to name the new 30(b)(6) witness was harmless .......................................................................6

    C.  There is no legal basis to judicially estop Mr. Korb from providing testimony that may be inconsistent with Ms. Ollier's deposition testimony ...........13

III. CONCLUSION .....................................................................................................14

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

**TABLE OF AUTHORITIES**

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

**Page**

## CASES

*Baird v. Blackrock Institutional Tr. Co., N.A.*
    330 F.R.D. 241 (N.D. Cal. 2019) ...................................................................................... 7

*Bynum v. Metro. Transp. Auth.*
    01 cv 7945 (CLP), 2006 U.S. Dist. LEXIS 98617 (E.D.N.Y. Nov. 21, 2006) ................. 7, 8

*Lanard Toys, Ltd. v. Novelty, Inc.*
    375 F.App'x 705 (9th Cir. 2010)...................................................................................... 6

*Ollier v. Sweetwater Union High Sch. Dist.*
    267 F.R.D. 339 (S.D. Cal. 2010)...................................................................................... 10

*Reynolds v. Am. Airlines, Inc.*
    14 CV 2429 (CLP), 2017 U.S. Dist. LEXIS 192822 (E.D.N.Y. Nov. 21, 2017).................. 9

*Snapp v. United Transp. Union*
    889 F.3d 1088 (9th Cir. 2018)......................................................................................... 13

*Vehicle Mkt. Research, Inc. v. Mitchell Int'l, Inc.*
    839 F.3d 1251 (10th Cir. 2016)........................................................................................ 13

## STATUTES

Federal Rule of Civil Procedure, Rule 26(a) ............................................................................ 3, 4, 6

Federal Rules of Civil Procedure, Rule 30(b)(6) ............................. 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13

Federal Rules of Civil Procedure, Rule 37(c)(1)............................................................................ 3, 4

## OTHER AUTHORITIES

7 James Wm. Moore, et al., *Moore's Federal Practice* § 30.25 (3d ed. 2016)............................... 13

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

## I.    **INTRODUCTION**

By way of his motion, Plaintiff seeks to prevent SLS from calling its corporate witness at trial because the individual who acted as the 30(b)(6) witness at deposition is no longer employed with SLS, and therefore, not able to testify at trial, and the fact SLS would be offering a different individual to testify at trial was not disclosed to Plaintiff until March 2025. Plaintiff claims that Fred Korb was not disclosed as required under Federal Rule of Civil Procedure 26(a), SLS should be precluded from offering the testimony of this corporate witness at trial pursuant to Federal Rules of Civil Procedure 37(c)(1).

As an initial matter, this is not a situation where SLS is seeking to expand the testimony it disclosed long ago under Rule 26(a)—the scope of the testimony to be offered by SLS's 30(b)(6) witness has not changed as a result of the individual that provided deposition testimony leaving SLS and being unavailable, and SLS providing another corporate witness (Fred Korb) to testify at trial.

Furthermore, as confirmed in Rule 37(c)(1), if this Court finds a violation of the disclosure requirements of Rule 26(a), the witness may provide testimony at trial if the failure to make the disclosure is "substantially justified or harmless." Fed. R. Civ. P., Rule 37(c)(1).

As demonstrated below, SLS was substantially justified related to the timing of SLS advising Plaintiff of the change in the individual who will act as its corporate witness at trial—on the same topics disclosed under Rule 26(a)—because the personnel charged with the defense of this litigation did not discover that Ms. Ollier was no longer with the company that acquired SLS and, therefore, no longer available to testify as the 30(b)(6) witness for SLS until shortly before counsel for SLS advised counsel for Plaintiff of the situation and the need to change the 30(b)(6) witness.

Further, as demonstrated below, the timing of the disclosure was harmless when considering the four factors that the Court looks to in determining whether the

3

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

alleged failure to disclose was harmless. In short, the scope of the testimony SLS disclosed in its disclosures has not changed, SLS offered to provide the new 30(b)(6) witness for deposition in March 2025, trial will not be disrupted by allowing the new individual to act as SLS's 30(b)(6) witness, and there was no bad faith or willfulness involved in the timing of SLS's disclosure to Plaintiff related to the change in the 30(b)(6) witness as the disclosure was made shortly after the need to change witnesses came to light.

The change in the identity of this witness is also harmless due to the nature of 30(b)(6) witness testimony. Such a witness does not speak on its own behalf, in a personal capacity, or upon personal knowledge. Instead, a 30(b)(6) witness is the mouthpiece for the corporation. The fact that SLS will speak through a different person at trial does not change the fact that SLS was deposed, and that admissions and factual positions taken at the deposition may be used to impeach it at trial. Indeed, Plaintiff may use a 30(b)(6) deposition transcript at trial for any purpose.

As a result, Plaintiff's motion to exclude testimony by SLS's new 30(b)(6) witness should be denied.

## II.  ARGUMENT

SLS does not dispute that it did not disclose the name of the individual that it currently intends to call at trial as its 30(b)(6) witness for the topic disclosed in its Rule 26(a) disclosures when they were last amended in November 2024. However, pursuant to the terms of Rule 37(c)(1), SLS can call the new 30(b)(6) witness if "the failure was substantially justified or is harmless." Fed. R. Civ. P., Rule 37(c)(1). A finding of either exception is sufficient to circumvent the exclusionary effect of Rule 37(c)(1).

As demonstrated below, SLS is both substantially justified in not amending its disclosures to name the new 30(b)(6) witness, and the lack of amendment to the disclosures to name the new 30(b)(6) witness was harmless.

///

## A.    SLS is substantially justified in not amending its disclosures to name the new 30(b)(6) witness

SLS was substantially justified in not making the disclosure that there would be a replacement 30(b)(6) witness earlier.  The departure of Laura Ollier only came to the attention of those involved in the litigation of this matter on behalf of SLS when SLS was preparing for the then-upcoming trial and pretrial filings in March 2025.  (Cahill Decl., ¶ 11.)  While Ms. Ollier departed SLS in June 2024, her departure was not discovered by those involved with the litigation because her testimony was not needed until trial.  (Cahill Decl., ¶ 11.)  SLS was not sitting on this issue for nine months.  The need to utilize a different 30(b)(6) witness in place of Ms. Ollier was not something that SLS knew, but hid from Plaintiff.  (Cahill Decl. ¶¶ 11, 12.)  Rather, once the issue came to light in March 2025, SLS raised the issue in a meet and confer discussion with counsel for Plaintiff on March 12, 2025, and offered to make the new 30(b)(6) witness available for deposition prior to trial.  (Cahill Decl. ¶ 4; ECF 176-2 at ¶ 8.) On March 14, 2025, Parties met again and discussed taking the deposition of SLS's 30(b)(6) witness, as well as a witness newly identified by Plaintiff, Mr. Gardner.   (Cahill Decl. ¶ 15; ECF. 176-2 at ¶ 9.)  Based in part on the Parties' desire to take the deposition of the 30(b)(6) witness and that of Mr. Gardner, the Parties stipulated to a trial continuance.  (Cahill Decl. ¶ 11; ECF. 176-2 at ¶¶ 7-9.)  The deposition of SLS's 30(b)(6) witness has been offered numerous times, but no dates or deposition notices were ever received from Plaintiff.  (Cahill Decl. ¶ 17.) On June 6, 2025, the Parties met and conferred.  In this meeting, it was again reiterated that SLS would make the new 30(b)(6) witness available for deposition.  (Cahill Decl. ¶ 18.) The offer to have the new 30(b)(6) witness deposed stands to this day.  In fact, in email correspondence spanning from July 14 through July 18, 2025, Defendants again reiterated the offer to have the new 30(b)(6) witness deposed numerous times.  Defendants also offered to stipulate to reopen fact discovery for such a deposition, should Plaintiff desire.  On July 18,

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE ALL TESTIMONY, OPINION, AND EVIDENCE FROM FRED KORB

2025, counsel for the Parties met and conferred.  On that call, SLS again offered Mr. Korb up for deposition.  While Plaintiff's counsel appeared amenable to stipulating to reopening discovery to do so, he inquired as to whether SLS would cover certain of Plaintiff's fees and costs relating to the deposition.  (Cahill Decl. ¶ 19.) Counsel consulted with SLS, and as SLS believed the request was reasonable, it was therefore willing to cover fees/costs Plaintiff may incur in deposing Mr. Korb. (Cahill Decl. ¶ 19.)  Accordingly, on July 30, 2025, defense counsel emailed Plaintiff's counsel for a projected budget on fees/costs to be incurred.   (Cahill Decl. ¶ 20.) On July 31, 2025, Plaintiff's counsel responded, making it clear that Plaintiff did not wish to depose Mr. Korb.  (Cahill Decl. ¶ 21.) SLS remains ready, willing, and able to produce Mr. Korb for deposition, should Plaintiff elect to depose him. (Cahill Decl. ¶ 22.)

Therefore, SLS is substantially justified in not amending its disclosures to include the change in the individual who SLS will call to act as the 30(b)(6) witness at trial, since SLS disclosed the change shortly after the issue was discovered in March 2025 and has continuously offered its witness for deposition.

**B.**     **The lack of amendment to SLS's Rule 26(a) disclosures to name the new 30(b)(6) witness was harmless**

When determining whether the lack of amendment to the Rule 26(a) disclosures was harmless, the court looks to: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 F.App'x 705, 713 (9th Cir. 2010).

First, because Fred Korb will be testifying on the same subjects as identified in the initial disclosures, for which Ms. Ollier provided deposition testimony (the scope of the subjects the 30(b)(6) witness will testify to have not changed), this is not a bait and switch, and allowing SLS to call Mr. Korb as a replacement 30(b)(6)

6

witness in light of Ms. Ollier's departure from SLS will not cause Plaintiff any prejudice or surprise, thereby satisfying the first factor under the Court's consideration.  Plaintiff points to *Baird v. Blackrock Institutional Tr. Co., N.A.*, 330 F.R.D. 241 (N.D. Cal. 2019) to support its motion, where the plaintiff did not have an opportunity to depose the replacement witness before trial.  (*Id.* at 244.)  But that is not the case here, where on March 12, 2025, SLS offered to allow Plaintiff to depose its new 30(b)(6) witness, which was approximately nine months before trial.  (Cahill Decl. ¶ 14.)  Plaintiff had also disclosed a new witness, Mr. Gardner, in his Fifth Amended Rule 26 Disclosures served on March 11, 2025.  (Cahill Decl. ¶ 13.)  Accordingly, the Parties requested a continuance of trial in part to allow these depositions to occur.  (Cahill Decl. ¶ 16.)  Therefore, *Baird* is inapposite to the circumstances presented here.  Providing the new 30(b)(6) witness for deposition over 9 months prior to trial cured any prejudice that the 30(b)(6) witness could possibly cause to Plaintiff, satisfying the second factor under the Court's consideration.

This Court should follow the approach taken in *Bynum v. Metro. Transp. Auth.*, 01 cv 7945 (CLP), 2006 U.S. Dist. LEXIS 98617 (E.D.N.Y. Nov. 21, 2006), where the court issued an order less than three weeks before trial, allowing the defense to supplement a 30(b)(6) new witness for a witness who had already been deposed, as long as the defense made the new 30(b)(6) witness available for deposition.  *Id.* at *2-8.  The court noted that "[p]reclusion is an extreme sanction, and before being granted, courts must look at the actual difficulties the violation causes, and consider less drastic remedies." *Id.* at *5.  The court further explained that "[a] failure to disclose can be considered harmless, so long as the opposing party has an opportunity to depose the witness before trial." *Id.* Notably, in *Bynum*, discovery had been closed several years prior. *Id.* at *5-6. The court noted that the defense's explanation as to why the new 30(b)(6) witness was not disclosed earlier did not justify the late disclosure, but the court found that the circumstances did not

7

warrant the extreme sanction of preclusion under Rule 37. *Id.* at \*8. The court, therefore, held that to the extent the defense wished to call the new 30(b)(6) witnesses at trial, it had to afford plaintiff the opportunity to take the deposition of the new witness no later than five days prior to the commencement of trial. *Id.* Here, SLS offered to allow Plaintiff to depose the new 30(b)(6) witness over nine months before trial, and that offer has stood through numerous meet and confer meeting between counsel between March 2025 and October 2025.  That offer was explicitly reiterated numerous times between July 14-30, 2025 and stands to this day.  This court should follow the analysis and decision in *Bynum* and allow SLS to call Fred Korb as a replacement 30(b)(6) witness in light of Ms. Ollier's departure from SLS's employ since it offered to make Mr. Korb available for deposition in March 2025, and is still willing to make him available.

Plaintiff claims he relied on Ms. Ollier's testimony in preparing this case for trial, but as noted above, on March 12, 2025, SLS offered to make its new 30(b)(6) witness available for deposition at a time convenient to all counsel. In fact, that issue of the need for the deposition of SLS's new 30(b)(6) witness was one of the reasons offered by the Parties in justification for the requested trial continuance that was sought by way of stipulation on March 24, 2025.  (ECF 176-2 at ¶¶ 8, 11, and 14.) Yet despite the fact that Plaintiff had nine months to depose SLS's new 30(b)(6) witness, Plaintiff chose not to—likely in an attempt at gamesmanship in order to prevent SLS from being able to call a 30(b)(6) witness at the trial in this matter.  In fact, in meeting and conferring with counsel for Plaintiff on June 6, 2025, counsel for SLS reminded Plaintiff's counsel of the need to schedule the deposition of the new 30(b)(6) witness (as well as a late-disclosed witness by Plaintiff), and re-confirmed that SLS was still offering this witness up for deposition. (Cahill Decl. ¶ 18.)  Mr. Korb was also disclosed on Defendants' witness list filed June 2, 2025. (ECF 193.)  However, counsel for Plaintiff clearly stated that he did not plan to depose the witness and instead would seek to exclude the witness.  (Cahill Decl.

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE ALL TESTIMONY, OPINION, AND EVIDENCE FROM FRED KORB

¶ 18.)   Then Plaintiff's counsel appeared to change course, and appeared amenable to deposing Mr. Korb should Defendants pay Plaintiff's fees and costs in doing on. (Cahill Decl. ¶ 19.)   In reliance upon this, Defense counsel consulted with Defendants and Defendants agreed to pay said fees and costs.  (Cahill Decl. ¶ 19.) When defense counsel asked Plaintiff's counsel for a projected budget, Plaintiff again appeared to change position and state that he had no interest in deposing Mr. Korb.  (Cahill Decl. ¶ 21.)

The offer to have this witness deposed has been reiterated numerous times and stands to this day, yet Plaintiff has never taken up Defendants on the offer. (Cahill Decl. ¶¶ 14-23.)  Thus, Plaintiff's claim that he would have deposed SLS's new 30(b)(6) witness had he been given the opportunity is patently false and misleading.

In *Reynolds v. Am. Airlines, Inc.*, 14 CV 2429 (CLP), 2017 U.S. Dist. LEXIS 192822 (E.D.N.Y. Nov. 21, 2017), the court was also faced with a situation where a 30(b)(6) witness was no longer with the corporate defendant, and therefore not able to testify at trial as a 30(b)(6) witness of the entity defendant. *Id.* at *9-11.  This issue was before the court approximately 1.5 months before trial was to commence, and at that time, the plaintiff was given the opportunity to take the deposition of the new 30(b)(6) witness, but chose not to proceed with the deposition.  *Id.* at *10-11. And because the plaintiff chose not to depose a substitute 30(b)(6) witness, the court concluded that Plaintiff could not complain of unfairness as a result of the unavailability of the prior witness and the effect that might have on the trial.  *Id.* at *11-12.

Like in *Reynolds*, Plaintiff in this action was offered the opportunity to take the deposition of SLS's new 30(b)(6) witness in light of Ms. Ollier's departure from SLS and her resulting inability to testify at trial.  But here, Plaintiff was given notice of this issue approximately nine months away from trial (far longer than the 1.5 months in *Reynolds*), and still chose not to pursue the deposition.  SLS's counsel

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

9

continuously offered Mr. Korb up for deposition, offered to reopen discovery on Plaintiff's behalf, and offered to cover the fees/costs incurred by Plaintiff.  (Cahill Decl. ¶¶ 14-23.)  Had Plaintiff availed himself of the opportunity to take the deposition, he would not be in the position he complains of now, and in the event the testimony of SLS's new 30(b)(6) witness led Plaintiff to believe he needed additional discovery, SLS was willing to provide more information regardless of any discovery cutoff dates.  (Cahill Decl. ¶ 19.)  In fact, SLS offered to stipulate to reopen discovery for this purpose, should Plaintiff desire.  (*Id.*)

Plaintiff points to *Ollier v. Sweetwater Union High Sch. Dist.*, 267 F.R.D. 339 (S.D. Cal. 2010) to support its motion, claiming that had he taken the deposition of the new 30(b)(6) witness, that testimony "might have led to Plaintiff propounding substantially different discovery." (ECF 9:27-28.)  But the facts of *Ollier* are not even remotely similar to the circumstances before the Court here. Specifically, the defendants in *Ollier* sought to include 38 additional fact witnesses on their amended pretrial disclosures prepared for the final pretrial conference.  *Ollier*, at 343. Clearly, there was prejudice to the plaintiff in *Ollier* who was faced with an army of witnesses testifying at trial who had not been previously disclosed, and there was no reasonable manner in which the plaintiff could have deposed those witnesses, or make a determination of whom to depose.  But here, the witness is still SLS, and the topics of the 30(b)(6) testimony have not changed.  Only the individual who will testify as SLS's 30(b)(6) witness has changed.  That change was disclosed approximately nine months ago, and Defendants have offered to stipulate to reopen discovery and pay Plaintiff's fees and costs to depose Mr. Korb.  Defendants have taken every step suggested by Plaintiff's counsel to ameliorate any prejudice or harm, and yet Plaintiff still has not taken the deposition of Mr. Korb.  Therefore, Plaintiff's reliance on *Ollier* is misplaced and does not support a finding that the lack of amendment to disclose the new 30(b)(6) witness earlier was harmful to Plaintiff.

Klinedinst PC
801 K Street, Suite 2100
Sacramento, California 95814

10

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

Plaintiff also claims that impeaching SLS's new 30(b)(6) witness will not be effective if the testimony offered at trial deviates from that of Ms. Ollier lacks merit. SLS's new 30(b)(6) witness is being offered because Ms. Ollier is not an SLS agent/employee, and not in an effort to "clean up" Ms. Ollier's testimony as Plaintiff claims. If Ms. Ollier were still at SLS, she would clearly be entitled to testify, even if her trial testimony were inconsistent with her deposition testimony, and Plaintiff would be able to impeach Ms. Ollier at trial. If her testimony was incorrect at deposition, Ms. Ollier would be able to explain why she was incorrect at deposition. The same is true with respect to the testimony that will be offered by SLS's new 30(b)(6) witness—if that trial testimony deviates from Ms. Ollier's testimony, Plaintiff can impeach in the same manner Plaintiff would if Ms. Ollier were testifying.

Further, Plaintiff claims that allowing a replacement 30(b)(6) witness will confuse the jury, because the jury must "fully comprehend the abstract concept that both are testifying on behalf of SLS." But if that is truly a concern of Plaintiff, the Court can easily instruct the jury concerning the fact that corporate entities can only testify through individuals, and that the testimony from Ms. Ollier and Mr. Korb are both testimony of the corporate entity, SLS. Therefore, Plaintiff's FRE 403 argument fails.

And, again, SLS has repeatedly and consistently offered to schedule a deposition of this witness. All of the foregoing weighs heavily in support of the conclusion that the lack of earlier disclosure of the need to call a replacement 30(b)(6) witness was harmless.

With respect to the third factor associated with harmlessness—the likelihood of disruption of the trial—Plaintiff knew that SLS would be presenting a 30(b)(6) witness at trial, and because SLS has not changed the topics or subjects upon which its 30(b)(6) witness will testify, there should be no disruption of the trial. And the mere possibility that Mr. Korb will provide testimony inconsistent to the deposition

11

testimony of Ms. Ollier is not something that will disrupt the trial.  To the contrary, inconsistent testimony is something that could happen in any trial, and proceeding to impeach a witness who provides inconsistent testimony is not a disruption. Plaintiff still has time to take the deposition of Mr. Korb to prepare for such instances, if he is truly concerned about the potential for material inconsistencies. Therefore, this factor supports the conclusion that the lack of earlier disclosure of the need to call a new 30(b)(6) witness was harmless.

With respect to the fourth factor of the harmless consideration by this Court, there is no evidence that the timing of the disclosure that SLS needed to call a different person to act as its 30(b)(6) witness at trial was not in bad faith nor was the apparent delay in providing the notice willful.  Specifically, as noted above, the need to have someone other than Ms. Ollier testify as SLS's 30(b)(6) witness did not come to light for the litigation team until March 2025. (Cahill Decl. ¶ 11.)  And once the issue came to light, SLS located a person capable of acting as its 30(b)(6) witness, notified Plaintiff of the need to change the witness and the cause thereof, and offered to make the new witness available for deposition, reopen discovery for that purpose, and pay Plaintiffs fees and costs incurred.  (Cahill Decl. ¶¶ 11-23.) Nothing about that sequence of events illustrates bad faith or willfulness and, therefore, the fourth factor establishes that the timing of the disclosure and lack of earlier amendment of the Rule 26(a) disclosures was harmless.

Plaintiff's current position and decision not to take the deposition of Mr. Korb, despite multiple offers over nine months to make the new 30(b)(6) witness available for deposition is clearly an instance of gamesmanship, and is an effort to prevent SLS from presenting its defenses through a 30(b)(6) witness.  Entering an order precluding SLS from calling Fred Korb as its 30(b)(6) witness under these circumstances would be unwarranted, unnecessarily, and drastic.

/ / /

/ / /

OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE ALL TESTIMONY, OPINION, AND EVIDENCE FROM FRED KORB

## C.   There is no legal basis to judicially estop Mr. Korb from providing testimony that may be inconsistent with Ms. Ollier's deposition testimony

Plaintiff's alternative request is an order preventing testimony that is inconsistent with Ms. Ollier's deposition testimony.  Plaintiff's argument that SLS should be judicially estopped from having Mr. Korb present truthful testimony that may be different than what Ms. Ollier testified to is founded upon *Snapp v. United Transp. Union,* 889 F.3d 1088, 1103 (9th Cir. 2018). But the principals of judicial estoppel have no application here. In fact, *Snapp* undercuts Plaintiff's position. While the Court noted that "a corporation generally cannot present a theory of the facts that differs from that articulated by the designated Rule 30(b)(6) representative" it went on to caution that this "general proposition should not be overstated" because it "applies only where the purportedly conflicting evidence truly, and without good reason or explanation, is in conflict." *Id.*  Indeed, the Court in *Snapp* specifically noted that testimony of a 30(b)(6) "does not absolutely bind the corporation in the sense of a judicial admission, but rather is evidence that, like any other deposition testimony, can be contradicted and used for impeachment purposes." *Id.* at 1104 quoting 7 James Wm. Moore, et al., *Moore's Federal Practice* § 30.25 (3d ed. 2016).  The court further noted that a 30(b)(6) witnesses' own interpretation of facts or legal conclusions do not bind the entity. *Id.*  Indeed, the majority of courts treat 30(b)(6) testimony as an evidentiary admission, and do not give the testimony conclusive effect. *Vehicle Mkt. Research, Inc. v. Mitchell Int'l, Inc.*, 839 F.3d 1251, 1260 (10th Cir. 2016)

As instructed by *Snapp*, even if Plaintiff's concern for inconsistent testimony materializes at trial, judicial estoppel is not the mechanism with which to address the inconsistencies in testimony.  Rather, because Ms. Ollier and Mr. Korb are testifying as the entity SLS, and not in their individual capacities, Plaintiff can directly impeach Mr. Korb for providing testimony that Plaintiff believes is inconsistent with

13

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

the deposition testimony SLS offered through Ms. Ollier.  Inconsistent testimony as between deposition and trial is not something that could or should lead to judicial estoppel.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants request that the Court deny Plaintiff's Motion in Limine No. 3.

KLINEDINST PC

DATED: November 10, 2025          By:     _*/s/ Jonathan C. Cahill*_

Jonathan C. Cahill
Attorneys for Defendants SPECIALIZED LOAN SERVICING, LLC and U.S. BANK, N.A., as trustee for Chevy Chase Bank Funding, LLC

26282734.2

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

14

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

**CERTIFICATE OF SERVICE**

**Daniels v. Specialized Loan Servicing, LLC, et al.**
**Case No. 2:22-cv-06776-MCS-PD**

**STATE OF CALIFORNIA, COUNTY OF SACRAMENTO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Sacramento, State of California.  My business address is 801 K Street, Suite 2100, Sacramento, California 95814.

On November 10, 2025, I served true copies of the following document(s) described as **OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE ALL TESTIMONY, OPINION, AND EVIDENCE FROM FRED KORB** on the interested parties in this action as follows:

| | |
|---|---|
| Ryan M. Lapine, Esq.<br>Geoffrey L. Warner, Esq.<br>STEPTOE LLP<br>633 West Fifth Street, Suite 1900<br>Los Angeles, CA 90071 | Telephone: (213) 439-9400<br>Email:<br>rlapine@steptoe.com<br>gwarner@steptoe.com<br><br>Attorneys for Plaintiff |
| Alexander W. Avery, Esq.<br>STEPTOE LLP<br>2029 Century Park East, Suite 980<br>Los Angeles, CAA  90067 | Telephone: (213) 439-9400<br>Email:<br>aavery@steptoe.com<br><br>Attorneys for Plaintiff |
| Stephanie R. Sebastian<br>STEPTOE LLP<br>1114 Avenue of the Americas<br>New York, NY  19936 | Telephone (212) 278-7680<br>Email:<br>ssebastian@steptoe.com<br><br>Attorneys for Plaintiff |
| Xochitl S. Strohbehn, Esq.<br>Venable LLP<br>151 West 42nd Street<br>New York, NY  10036 | Telephone: (212) 370-6224<br>Facsimile: (212) 307-5598<br>Email:<br>xsstrohbehn@venable.com<br><br>Attorneys for Plaintiff |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 10, 2025, at Sacramento, California.

_____
Jodie Chalmers

1
CERTIFICATE OF SERVICE