**STEPTOE LLP**
RYAN M. LAPINE (SBN 239316)
rlapine@steptoe.com
ALEXANDER AVERY (SBN 307390)
aavery@steptoe.com
ABIGAIL FALK OROZCO (SBN 352267)
aorozco@steptoe.com
633 West Fifth Street, Suite 1900
Los Angeles, California 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

Attorneys for Plaintiff
ROBERT N. DANIELS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ROBERT N. DANIELS,<br>　　　　Plaintiff,<br><br>　　v.<br><br>SPECIALIZED LOAN SERVICING, LLC, a Delaware Limited Liability Company, U.S. BANK, NATIONAL ASSOCIATION, as trustee for Chevy Chase Bank Funding LLC Mortgage Backed Certificate Series 2007-1, and Does 1-10, Defendants. | Case No. 2:22-cv-06776-MCS-PD<br><br>District Judge: Hon. Mark C. Scarsi<br>Magistrate Judge: Hon. Patricia Donahue<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF CREDIT DENIAL**<br><br>**Final Pretrial Conference**<br>Date:　　　　November 24, 2025<br>Time:　　　　2:00 p.m.<br>Courtroom:　　7C |

## **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   ARGUMENT ........................................................................................................3

    A.    Plaintiff Produced Evidence of Credit Denials ........................................3

    B.    Plaintiff Disclosed He Was Seeking Damages Related to Credit Denials in His Disclosures and Provided Those Calculations Computable ...............................................................................................5

        1.    Plaintiff Timely Disclosed His Intent to Seek These Damages ..........................................................................................5

        2.    Courts in This District Have Recognized that Damages for Loss of Credit Reputation are Not Subject to Precise Computation. ...................................................................................5

        3.    SLS's Lack of Diligence Forecloses the Relief that It Seeks ........6

        4.    Plaintiff Provided Calculations for His Damages ..........................7

    C.    Plaintiff Is Entitled to Recover for His Credit Damages. ........................7

    D.    Defendants' Failure to Sufficiently Meet and Confer Warrants Denial ....................................................................................................10

III.  Conclusion .........................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Alfredo v. Ditech Fin. LLC*, No. CV1704294GWJEMX, 2018 WL 11347340 (C.D. Cal. Dec. 3, 2018) ......................................................................................5

*American Property Const. Co. v. Sprenger Lang Foundation*, 274 F.R.D. 1 (D. D.C. 2011) ......................................................................................6

*Aniel v. TD Serv. Co.*, No. C 10-05323 WHA, 2011 WL 109550 (N.D. Cal. Jan. 13, 2011) ......................................................................................8

*Boydstun v. U.S. Bank*, 726 F. App'x 601 (9th Cir. 2018)..............................................9

*Connelly v. Ekimoto & Morris, LLLC*, No. CV 16-00448 LEK-KSC, 2018 WL 3312957 (D. Haw. July 5, 2018)........................................................8

*Guimond v. Trans Union Credit Info. Co.* 45 F.3d 1329 (9th Cir. 1995).....................3

*Hariton v. Chase Auto Finance Corporation*, No. CV 08-6767 AHM (JCx), 2010 WL 3075609 (C.D. Cal. Aug. 4, 2010) ......................................................6

*Herschelman v. New Century Mortg. Corp.*, No. CV 09-00461 DAE-KSC, 2010 WL 4448224 (D. Haw. Oct. 29, 2010)........................................................8

*Johnson v. Wells Fargo Home Mortg., Inc.*, No. 3:05-CV-00321-RAM, 2011 WL 3651873 (D. Nev. Aug. 17, 2011) ......................................................8

*Jones v. Wal-Mart Stores, Inc.*, No. 2:15-CV-1454-LDG-GWF, 2016 WL 1248707 (D. Nev. Mar. 28, 2016)........................................................6

*Khashan v. Washington Mut. Bank*, No. CV 07-1640-PHX-ROS, 2008 WL 11447904 (D. Ariz. May 30, 2008) ......................................................8

*Maharaj v. California Bank & Trust*, 288 F.R.D. 458 (E.D. Cal. 2013).....................5

*Mone v. Dranow*, 945 F.2d 306 (9th Cir. 1991) ......................................................8

*Morrow v. TransUnion LLC*, 730 F. Supp. 3d 671 (E.D. Mich. 2024).......................9

*Ordinario v. LVNV Funding, LLC*, No. 13CV2804-LAB (NLS), 2016 WL 852843 (S.D. Cal. Mar. 4, 2016) *aff'd on other grounds*, 721 F. App'x 602 (9th Cir. 2017) 8

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF CREDIT DENIAL

Case No. 2:22-cv-06776-MCS-PD

*Piper v. Portnoff L. Assocs.*, 215 F.R.D. 495, 502, fn. 10 (E.D. Pa. 2003) ................. 8

*Susilo v. Wells Fargo Bank, N.A.*, No. CV111814CASPJWX, 2012 WL 12894745 (C.D. Cal. Nov. 26, 2012) ................................................................................. 6, 7

*United Fabrics Int'l, Inc. v. J.C. Penney Corp., Inc.*, No. CV 08-1936-VBF (PJWx), 2009 WL 10675629 (C.D. Cal. April 23, 2009) .................................................. 10

*Valdovinos v. Cty. of Los Angeles*, No. CV 06-7580 JVS (SHx), 2008 WL 2872648 (C.D. Cal. July 23, 2008) ................................................................................. 10

**RULES**

Fed. R. Civ. P. Rule (a)(1)(E) ................................................................................. 5

Fed. R. Civ. P. Rule 26(a) ...................................................................................... 7

Fed. R. Civ. P. Rule 26(a)(1)(A)(iii) ....................................................................... 5

Fed. R. Civ. P. Rule 26(g) ...................................................................................... 5

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF CREDIT DENIAL

Case No. 2:22-cv-06776-MCS-PD

## I.    **<u>INTRODUCTION</u>**

Defendants'[1] Motion in Limine ("MIL") No. 2 seeks to exclude evidence concerning specific denials of credit suffered by Plaintiff because Defendants contend Plaintiff's failed to properly disclose this information under Rule 26. Defendants' motion must be denied for four reasons.

First, Plaintiff timely disclosed multiple witnesses (including three individuals at four different companies in July 2023, and seven more in December 2023) who will testify at trial that they were unable to obtain credit for Plaintiff due to SLS's wrongful acts at issue in this litigation.  As the Court is aware, despite Daniels disclosing these witnesses in 2023, Defendants never tried to deposed them.  (Dkt. 222 at p. 3 ("Defendants made no effort to depose any of the seven other mortgage brokers whom Plaintiff disclosed in December 2023").)  Defendant complains of a lack of evidence that would be in their possession had it exercised even minimal diligence and seeks to avoid liability on this basis.

Further, contrary to Defendants' false contentions in their moving papers, Plaintiff produced writings – *in 2023* - clearly demonstrating that he could not obtain credit due to Defendants' wrongful actions at issue in this case.  One mortgage broker even wrote that "after running [Plaintiff's] file through Freddie Mac and Fannie Mae's underwriting system, the file was ineligible for approval because of the rolling lates and derogatory trades from the previous email."  Defendants' contention that "no such denials occurred" cannot be reconciled with this writing.

Indeed, not even Defendants believe the position they assert in their motion. On October 27, 2025, Defendants filed an *ex parte* application seeking to reopen discovery to depose Shawn Gardner, confirming in those moving papers the existence of the very evidence they now misrepresent to the Court does not exist, writing "Plaintiff produced an email from Mr. Gardner dated March 5, 2025, in

---

[1] "Defendants" refers to Specialized Loan Servicing, Inc. ("SLS") and U.S. Bank, N.A., as trustee for Chevy Chase Bank Funding, LLC's ("U.S. Bank").

1

which he stated that 'I am unable to provide financing options at this time…'" (Dkt. 218 5: 4-6.) Plaintiff also properly disclosed his intention to seek damages for credit injury in his initial disclosures.  Much like their contention that Plaintiff produced no evidence that he could not obtain financing or credit, Defendants' contention here is simply false.

Second, Defendants argue Plaintiff must be precluded from introducing evidence of credit denials due to technical failures in damages computation. Plaintiff should not be penalized for not providing a precise numerical computation for credit injury damages, as such harm—much like emotional distress—is subjective and squarely within the jury's purview to quantify based on the evidence presented. Courts in this District who have considered Defendant Specialized Loan Servicing, Inc.'s ("SLS") requests for identical relief in other cases where SLS sought identical relief have denied those efforts.  The same result should be reached here.  Further, Defendants failed to diligently pursue discovery on Plaintiff's damages, choosing instead to wait until the eve of trial to complain about a supposed deficiency, a tactic courts in this District consider potentially "tantamount to dismissal" if the exclusion effectively bars a claim for relief and have refused to provide such an order on similar facts. In any event, those damages that are calculable were timely provided to Defendants, a fact they conveniently fail to disclose in their moving papers.

Third, Defendants point to Plaintiff's June 2023 financing from Private Money Solutions, LP ("PMS") secured by a rental property and claim that he cannot recover damages against Defendants **at all** under the FCRA and CCCRAA, but Defendants omit every prior unsuccessful attempt by Plaintiff to secure financing as a consumer. Plaintiff does not contend that the credit report pulled for purposes of the June 2023 PMS loan application—the only financing he successfully obtained from 2019 to 2023—caused him damages. Plaintiff tried to refinance the Malibu property, his personal residence, in January 2021 with Quicken Loans, in July 2021 with Third

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE
EVIDENCE OF CREDIT DENIAL
Case No. 2:22-cv-06776-MCS-PD

Federal Savings & Loan Association, in August 2021 with Network Capital, and in 2023 with Priority Capital Corporation—but each of those attempts were unsuccessful because loan officers and mortgage brokers pulled his consumer reports and informed him he would not qualify for financing due to the derogatory remarks by SLS in 2019 and 2021. These hard inquiries of his consumer information are reflected in Experian's records that were subpoenaed by Defendants in January 2024. Only because SLS's derogatory reports on Plaintiff's credit prevented Plaintiff from refinancing on those prior occasions did he resort to the hard money loan from PMS in June 2023. Therefore, the unfavorable terms of that hard money loan are his actual damages that arose from SLS's FCRA violations *prior to June 2, 2023*.

Fourth, Defendants failed to substantively meet and confer with Plaintiff regarding this Motion, as explicitly required by this Court's Local Rules. The filing of MIL No. 2 was the first Defendants had raised their argument that Plaintiff is no longer a consumer because he supposedly began renting out his property in June 2023.  This procedural non-compliance alone provides a sufficient basis for the Court to deny Defendants' request for relief.

For these reasons, Defendants' MIL No. 2 should be denied in its entirety.

## II.    ARGUMENT

### A.    Plaintiff Produced Evidence of Credit Denials

Defendants seek to preclude Plaintiff from introducing any evidence or presenting any arguments that he was denied credit, on the grounds that Plaintiff did not produce "evidence of credit denials" or "evidence of an adverse action notices or loan denial letters." Defs. MIL No. 2 at 3.

First, evidence of credit denials is not required by law. *See Guimond v. Trans Union Credit Info. Co.* 45 F.3d 1329, 1333 (9th Cir. 1995) ("Moreover, no case has held that a denial of credit is a prerequisite to recovery under the FCRA.")

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE
EVIDENCE OF CREDIT DENIAL
Case No. 2:22-cv-06776-MCS-PD

Second, Defendants' position is materially false. This evidence was produced. Defendants base their request for relief on a deliberate misstatement of the record.

For example, Plaintiff produced *in 2023* an August 5, 2021 correspondence from Carlo Tovar, one of the disclosed mortgage brokers who confirmed Daniels was denied credit due to SLS's mishandling of Daniels' loan and its false reporting. Therein, Mr. Tovar wrote:

> Unfortunately, after running your file through Freddie Mac and Fannie Mae's underwriting system, the file was ineligible for approval because of the rolling lates and derogatory trades from the previous email. We will not be able to offer you a loan proposal at this time…

Declaration of Ryan Lapine ("Lapine Decl."), ¶ 6, Ex. C. Defendants also subpoenaed records from Experian, which contain two pages of "Credit Applications / Hard Inquiries" where Plaintiff was unable to obtain credit—including Mr. Tovar of Network Capital's hard inquiry on August 4, 2021. *Id.* ¶ 23, Ex. S. As Plaintiff's other witnesses will testify, in each such case, when a loan officer or mortgage broker determines from a credit application that a consumer will not qualify for financing, they do not then encourage the submission of a full loan application so that an adverse action notice can damage one's creditworthiness even further. No means no and Plaintiff was told no over and over again in response to attempts to obtain financing, as confirmed in the Experian reports. And, again, Defendants *themselves* confirmed in their October 27, 2025 *ex parte* application the existence of still other credit denials Plaintiff produced in this case on which they wanted the opportunity to conduct further discovery. ECF No. 218 5: 4-6.

Still further, had Defendants acted with even minimal diligence and deposed any of the timely disclosed mortgage brokers, they would be in possession of testimonial evidence of these mortgage denials. Those witnesses will testify in detail at trial to their inability to obtain traditional credit for Plaintiff due to SLS's wrongful acts.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF CREDIT DENIAL

Case No. 2:22-cv-06776-MCS-PD

**B.    Plaintiff Disclosed He Was Seeking Damages Related to Credit Denials in His Disclosures and Provided Those Calculations Computable**

**1.    Plaintiff Timely Disclosed His Intent to Seek These Damages**

In Plaintiff's Fourth Amended Initial Disclosures served prior to the close of discovery, Plaintiff expressly stated he seeks "[a]ctual damages, including... damage to his credit[.]" Lapine Decl. ¶ 11, Ex. G. Defendants' contention that Plaintiff failed to disclose that he seeks damages related to his credit is just false.

**2.    Courts in This District Have Recognized that Damages for Loss of Credit Reputation are Not Subject to Precise Computation.**

Courts in this District have recognized that such damages, much like damages for lost reputation, do not lend themselves to a precise computation.  In *Alfredo v. Ditech Fin. LLC*, No. CV1704294GWJEMX, 2018 WL 11347340, at *1 (C.D. Cal. Dec. 3, 2018), SLS raised the very argument that it pursues here.

There, "SLS complains that Plaintiff [] has not provided information on the damages he is claiming or how he has computed his damages, in violation of Fed. R. Civ. P. Rule 26(g) … As a consequence, SLS seeks an order limiting Hernandez' damages to statutory damages only…"  The *Alfredo* Court denied SLS's motion.  It noted and endorsed Plaintiff's position that "damages for emotional distress, loss of credit reputation and punitive damages are subjective such that a computation cannot be derived from information reasonably available as required by Rule 26(a)(1)(A)(iii) and (a)(1)(E) and are within the province of the jury."  It cited to, among other cases, *Maharaj v. California Bank & Trust*, 288 F.R.D. 458, 463 (E.D. Cal. 2013), noting that the correct remedy where a category of damages like damage to credit is subjective is not to foreclose the party from seeking those damages as SLS sought in *Alfredo* and seeks again here, but to foreclose the plaintiff "from suggesting a specific amount to the jury."

The *Alfredo* Court concluded that "Defendant SLS does not overcome the above authority."  The same result should be reached here.

5

### 3.    SLS's Lack of Diligence Forecloses the Relief that It Seeks

Unlike in *Alfredo*, where SLS moved to compel a computation, took written discovery on damages, and took fact deposition testimony on damages, here, SLS exercised no diligence whatsoever.  It did not move to compel a computation of damages, nor does it present any evidence where it attempted to obtain this information at any time from Plaintiff, as it made no such attempts.

The authority on which SLS relies contemplates such diligence.  In both *Hariton v. Chase Auto Finance Corporation*, No. CV 08-6767 AHM (JCx), 2010 WL 3075609 (C.D. Cal. Aug. 4, 2010) ("Plaintiff has continually been lax in responding to discovery requests and responding timely. Because this failure to disclose is not 'substantially justified' or 'harmless,' Plaintiff cannot belatedly claim these damages") and *Jones v. Wal-Mart Stores, Inc*., No. 2:15-CV-1454-LDG-GWF, 2016 WL 1248707 (D. Nev. Mar. 28, 2016) ("Defendant's counsel further noted that the interrogatories served on Plaintiff required her to state the nature and cost of any future medical care. In her answers to the interrogatories served on November 9, 2015, however, Plaintiff objected and responded by stating that the interrogatory "'calls for a medical expert opinion'"), damage categories were precluded where the plaintiff evaded requests for specific calculations, justifying exclusion.

Courts in this District consider the remedy Defendants seeks—preclusion of evidence supporting damages—as "tantamount to dismissal" where, as here, such exclusion might effectively bar a claim for damages entirely. *See Susilo v. Wells Fargo Bank, N.A.*, No. CV111814CASPJWX, 2012 WL 12894745, at *2 (C.D. Cal. Nov. 26, 2012) (citing with approval *American Property Const. Co. v. Sprenger Lang Foundation*, 274 F.R.D. 1, 9 (D. D.C. 2011)).

*Susilo,* unlike *Hariton* and *Jones*, mirrors the fact patterns of this case and is instructive. The *Susilo* Court explicitly denied a nearly identical motion in limine due

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF CREDIT DENIAL

Case No. 2:22-cv-06776-MCS-PD

to the defendant's failure to seek other discovery remedies before moving to exclude damages evidence based on a Rule 26(a) disclosure:

> It is plain that the correct remedy for any deficiency in plaintiff's discovery disclosure would be an order compelling a more complete response to the interrogatory. Seeking such an order would be impractical now because the discovery cut-off has long ago passed and trial is set to commence in a week. Defendants offer no excuse for why they waited until the eve of trial to complain about plaintiff's inadequate initial disclosure. Absent a compelling excuse explaining Defendants' delay Defendants' motion in limine must be denied.
>
> *Susilo*, 2012 WL 12894745 at *2.

The same result should be reached here.

### 4.   Plaintiff Provided Calculations for His Damages

Defendants claim Plaintiff did not identify an expert to opine on the increased interest rate or what Plaintiff would have paid for financing absent SLS's credit reporting, *see* ECF No. 224 at 8:10-13, but they are wrong and cannot argue that they have been actually prejudiced.  While loss of credit reputation does not lend itself to a precise calculation, Daniels provided a forty-page expert report from Jeffrey Bussell that provided detailed computations for the increased cost of borrowing losses that he claims in this case.  Lapine Decl., ¶ 24, Ex. T.  SLS, acting with rare diligence, also deposed Bussell on these calculations. Lapine Decl., ¶ 25, Ex. U. SLS seeks to exclude liability for a failure to disclose calculations that were actually disclosed and on which it took extensive deposition testimony.

### C.   Plaintiff Is Entitled to Recover for His Credit Damages.

Defendants argue that Plaintiff cannot recover damages because, in June 2023, he applied for a "commercial loan used for business purposes," with Private Money Solutions, LP ("PMS"). Defs. MIL No. 2, at 8:4-6. They incorrectly infer from ¶ 51 of Plaintiff's Third Amended Complaint that Plaintiff seeks damages "flowing from the alleged inaccurate reporting" in relation to the PMS loan. *Id.* at 7:1-7. Had

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF CREDIT DENIAL

Case No. 2:22-cv-06776-MCS-PD

Defendants diligently conducted discovery, they would have learned that Plaintiff seeks damages arising from his unsuccessful attempts to secure finance for personal, family, and household purposes before June 2, 2023, not from the PMS hard money loan, and the PMS hard money loan does not transform all other transactions to commercial transactions. The PMS loan *did* have a higher interest rate, and that interest rate *is* part of Plaintiff's damages—but those damages do not arise from PMS having pulled Plaintiff's credit report. Of course a hard money lender charges higher interest rates than one could obtain on a residential mortgage. Plaintiff only resorted to the PMS hard money loan *because SLS's inaccurate reporting prevented Plaintiff from obtaining a refinance of a residential mortgage at preferential rates.*

Defendants rely on cases[2] that confirm a plaintiff may not recover damages stemming from denials of commercial loans where credit reports reflecting personal lines of credit are obtained in connection with the commercial loan applications. *Johnson v. Wells Fargo Home Mortg., Inc.*, No. 3:05-CV-00321-RAM, 2011 WL 3651873, at *1 (D. Nev. Aug. 17, 2011) (awarding summary judgment on claims for damages relating to inability to secure credit to pursue business ventures), *Boydstun*

---

[2] Defendants also cite to inapposite non-FCRA cases. *Ordinario v. LVNV Funding, LLC*, No. 13CV2804-LAB (NLS), 2016 WL 852843, at *1 (S.D. Cal. Mar. 4, 2016), *aff'd on other grounds*, 721 F. App'x 602 (9th Cir. 2017) (personal use of a business credit card does not entitle the cardholder to relief Fair Debt Collection Practices Act); *Khashan v. Washington Mut. Bank*, No. CV 07-1640-PHX-ROS, 2008 WL 11447904, at *1 (D. Ariz. May 30, 2008) (plaintiffs could not seek recovery for wrongful foreclosure on a commercial mortgage); *Herschelman v. New Century Mortg. Corp.*, No. CV 09-00461 DAE-KSC, 2010 WL 4448224, at *5 (D. Haw. Oct. 29, 2010) (dismissing consumer protection claims arising from nonjudicial foreclosure of a commercial rental property); *Connelly v. Ekimoto & Morris, LLLC*, No. CV 16-00448 LEK-KSC, 2018 WL 3312957, at *3 (D. Haw. July 5, 2018) (dismissing FDCPA claim with leave to amend where plaintiffs' property was admittedly not their primary residence and they had not established whether it ever was prior to nonjudicial foreclosure proceedings); *Piper v. Portnoff L. Assocs.*, 215 F.R.D. 495, 502, fn. 10 (E.D. Pa. 2003) (excluding owners of commercial rental properties from class of plaintiffs under FDCPA); *Aniel v. TD Serv. Co.*, No. C 10-05323 WHA, 2011 WL 109550, at *4 (N.D. Cal. Jan. 13, 2011) (dismissing FDCPA claim for foreclosure of mortgage on rental property). *Mone v. Dranow* lends Defendants no support, either, where an employer improperly pulled a credit report for a former employee to determine whether the employee could satisfy a judgment. 945 F.2d 306, 308 (9th Cir. 1991).

8

*v. U.S. Bank*, 726 F. App'x 601, 602 (9th Cir. 2018). In *Boydstun*, the Ninth Circuit affirmed the district court's decision to "exclude as irrelevant all evidence of damages stemming from the denial of an equipment loan to plaintiff's company, Miranda Homes." 726 F. App'x at 601. The plaintiff in *Boydstun* argued that because his personal credit was consulted as part of the denial of the equipment loan, it meant the transaction in which the equipment loan transformed his commercial equipment loan application into a consumer application. Unlike the plaintiff in *Boydstun*, Plaintiff is not attempting to transform his PMS hard money loan into a consumer transaction because Plaintiff does not seek to recover damages arising from denial of a commercial loan where the lender pulled his credit report. On the contrary, the *only* successful financing Plaintiff obtained was the PMS hard money loan. Plaintiff seeks to recover damages that arise from each of Plaintiff's unsuccessful prior attempts refinance the loan on the Malibu property—his primary residence from 2006 to 2023, and for which he obtained the loan in November 2006. Plaintiff only resorted to renting out his Malibu property and applying for the PMS hard money loan because *every* prior attempt to obtain financing for personal use (*i.e.*, in his capacity as a consumer) was unsuccessful—including his credit applications with Network Capital on August 4, 2021, and with Quicken Loans on January 13, 2021.

In *Morrow v. TransUnion LLC*, defendants argued plaintiff could not recover under the FCRA because she sought a loan for commercial purposes. 730 F. Supp. 3d 671, 677 (E.D. Mich. 2024). The court corrected defendants' misreading of the complaint and denied the motion to dismiss, noting that while the plaintiff was interested in applying for a commercial loan, she alleged she "was terrified" of submitting the commercial loan because her personal loan was denied—therefore, she was seeking damages arising from a consumer report consulted in connection with denying her personal loan. *Id.* Similarly, Plaintiff is not seeking damages because PMS may have pulled his credit report when he applied for the PMS hard

9

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF CREDIT DENIAL
Case No. 2:22-cv-06776-MCS-PD

money loan. The costs of the PMS hard money loan *are* the damages, but they are damages that arise from consumer reports that lenders consulted in determining that Plaintiff would not qualify for personal loans on his Malibu property with lenders including Quicken Loans and Network Capital.

**D.** **Defendants' Failure to Sufficiently Meet and Confer Warrants Denial**

On October 23 and 24, 2025, attorneys for Plaintiff and Defendants participated in a conference of counsel pursuant to Local Rules 7-3 and 16-2, which continued October 31, 2025. Declaration of Alexander Avery ("Avery Decl."), ¶ 3. During this conference, counsel conferred regarding various evidentiary issues and specifically discussed anticipated Motions in Limine to narrow or resolve disputes.

Despite this, Defendants omitted any discussion their argument at Section B, alleging that Plaintiff's "credit damages are not recoverable." Defs. MIL No. 2 at at 5-8. Critically, this argument, doubling the length of Defendants' MIL No. 2, was nowhere to be found in Defendants' two previously-filed Motions in Limine No. 2—in which Defendants did not discuss credit damages and denials at all. *See* ECF 196.

Courts routinely deny motions in limine in this District where parties fail to meet and confer before seeking relief. *See*, *e.g.*, *Valdovinos v. Cty. of Los Angeles*, No. CV 06-7580 JVS (SHx), 2008 WL 2872648, at *2 (C.D. Cal. July 23, 2008) (denying motions in limine for failure to comply with Local Rule 7-3); *United Fabrics Int'l, Inc. v. J.C. Penney Corp., Inc.*, No. CV 08-1936-VBF (PJWx), 2009 WL 10675629, at *1 (C.D. Cal. April 23, 2009) (same).

The Court should deny Defendants' Motion *in Limine* No. 2 for their procedural non-compliance with Rule 7-3.

**III.** **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion *in Limine* No. 2.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF CREDIT DENIAL
Case No. 2:22-cv-06776-MCS-PD

Dated: November 10, 2025                              **STEPTOE LLP**


By:    */s/ Ryan M. Lapine*
                Ryan M. Lapine
                Alexander Avery
                Abigail Falk Orozco

          Attorneys for Plaintiff
               ROBERT N. DANIELS

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF CREDIT DENIAL
Case No. 2:22-cv-06776-MCS-PD

## <u>LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel of record for the United States certifies that this brief contains 3,375 words in compliance with the word limit of L.R. 11-6.1.


*/s/ Ryan M. Lapine*

Ryan M. Lapine

LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE
Case No. 2:22-cv-06776-MCS-PD

# CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2025, a copy of the Plaintiff's Opposition to Defendants' Motion in Limine No. 2 to Exclude Evidence of Credit Denial was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

*/s/ Ryan M. Lapine*

Ryan M. Lapine
