**STEPTOE LLP**
RYAN M. LAPINE (SBN 239316)
rlapine@steptoe.com
ALEXANDER AVERY (SBN 307390)
aavery@steptoe.com
ABIGAIL FALK OROZCO (SBN 352267)
633 West Fifth Street, Suite 1900
Los Angeles, California 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

Attorneys for Plaintiff
ROBERT N. DANIELS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

|  |  |
|---|---|
| ROBERT N. DANIELS,<br>　　　　Plaintiff,<br><br>　　v.<br><br>SPECIALIZED LOAN SERVICING, LLC, a Delaware Limited Liability Company, U.S. BANK, NATIONAL ASSOCIATION, as trustee for Chevy Chase Bank Funding LLC Mortgage Backed Certificate Series 2007-1, and Does 1-10,<br>　　　　Defendants. | Case No. 2:22-cv-06776-MCS-PD<br><br>District Judge: Hon. Mark C. Scarsi<br>Magistrate Judge: Hon. Patricia Donahue<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* NO. 3 TO EXCLUDE EVIDENCE OF LOST EQUITY DAMAGES**<br><br>**Final Pretrial Conference**<br>Date:　　　November 24, 2025<br>Time:　　　2:00 p.m.<br>Courtroom:　7C |

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................1

II.   ARGUMENT.........................................................................................................2

    A.    Plaintiff Has Produced Ample Evidence of Lost Equity Through His Rule 26 Initial and Supplemental Disclosures. ................................2

    B.    Expert Testimony Is Not Required For Plaintiff to Introduce Evidence of Lost Equity Damages.........................................................5

    C.    Plaintiff Did Not Concede That the Payoff Demand was Accurate...............................................................................................6

    D.    Equity on Plaintiff's Property Was Lost Due to the Notice of Default. ................................................................................................7

    E.    An Exclusionary Sanction for Not Providing a Computation of Damages Related to Plaintiff's Lost Equity Is Improper.........................8

        1.    The calculation of damages does not lend itself to precise calculation and is within the purview of the jury. ........................8

        2.    Plaintiff should not be punished for Defendants' lack of diligence. ..................................................................................8

    F.    Defendants' Failure to Sufficiently Meet and Confer Warrants Denial of MIL No. 3................................................................................9

III.  Conclusion .........................................................................................................10

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF LOST EQUITY DAMAGES

Case No. 2:22-cv-06776-MCS-PD

# TABLE OF AUTHORITIES

**Cases**

*Alfredo v. Ditech Fin.* LLC, No. CV1704294GWJEMX, 2018 WL 11347340 (C.D. Cal. Dec. 3, 2018) ........................................................................................8

*American Property Const. Co. v. Sprenger Lang Foundation*, 274 F.R.D. 1 (D.D.C. 2011) ....................................................................................................9

*Claar v. Burlington N. R. Co.*, 29 F.3d 499 (9th Cir. 1994) ........................................5

*Hariton v. Chase Auto Finance Corporation*, No. CV 08-6767 AHM (JCx), 2010 WL 3075609 (C.D. Cal. Aug. 4, 2010) ......................................................9

*Horton v. California Credit Corp. Ret. Plan*, 835 F. Supp. 2d 879 (S.D. Cal. 2011) ................................................................................................................5

*Jones v. Wal-Mart Stores, Inc.*, No. 2:15-CV-1454-LDG-GWF, 2016 WL 1248707 (D. Nev. Mar. 28, 2016) ..........................................................................9

*Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932 (9th Cir. 1999) ....................................3

*Susilo v. Wells Fargo Bank, N.A.*, No. CV111814CASPJWX, 2012 WL 12894745, (C.D. Cal. Nov. 26, 2012) ..............................................................9

*United Fabrics Int'l, Inc. v. J.C. Penney Corp., Inc.*, No. CV 08-1936-VBF (PJWx), 2009 WL 10675629 (C.D. Cal. April 23, 2009) ...............................10

*United States v. Rahm*, 993 F.2d 1405 (9th Cir. 1993) ................................................6

**Rules**

Fed. R. Civ. P. Rule 26(a) ............................................................................................9

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF LOST EQUITY DAMAGES

Case No. 2:22-cv-06776-MCS-PD

## I.      **<u>INTRODUCTION</u>**

Defendants[1] aim to preclude Plaintiff Robert Daniel ("Plaintiff") from seeking lost equity damages suffered due to SLS's wrongful recording of a Notice of Default on Plaintiff's Malibu property (the "Property"), which sold for less than its full value due to it. They argue evidence, testimony, and argument of lost equity must be excluded because they claim Plaintiff failed to include a "calculation of these damages" and failed "to proffer expert testimony to support such damages." ECF No. 225, Defendants' Motion *in Limine* No. 3 ("Defs. MIL No. 3"), at 1. Defendants' vague categorization of this evidence is unnecessary because Plaintiff disclosed his realtor, Madison Hildebrand, as a witness and produced documents relating to the sale of the Property. Defendants seek to preclude this information not because it was undisclosed, but because they elected not to depose Mr. Hildebrand or conduct further discovery into the value of the Property.

First, Plaintiff produced documents in discovery evidencing injury to his property value caused by Defendants' Notice of Default. SLS faults Plaintiff for not producing an appraisal of the Property, but property appraisals are not required to prove Plaintiff's damages.

Second, expert testimony is not required where, as here, there is a correlation between the harm and resulting injury that does not require specialized knowledge. Plaintiff's damages will be supported by documentary evidence and the testimony of Plaintiff's realtor, which is a sufficient basis on which the jury can render a verdict for lost equity damages.

Third, Defendants argue Plaintiff must be precluded from introducing evidence of lost equity damages for Plaintiff's failure to provide a numerical computation of damages in his initial disclosures. Defendants failed to diligently pursue discovery on Plaintiff's damages, choosing instead to wait until the eve of

---

[1] "Defendants" refers to Specialized Loan Servicing, Inc. ("SLS") and U.S. Bank, N.A., as trustee for Chevy Chase Bank Funding, LLC's ("U.S. Bank").

1

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF LOST EQUITY DAMAGES
Case No. 2:22-cv-06776-MCS-PD

trial to complain about a supposed deficiency, a tactic courts in this District consider potentially "tantamount to dismissal." In such circumstances, courts deny the type of exclusionary remedy sought by Defendants here. In any event, Plaintiff should not be penalized for not providing a precise numerical computation for his lost equity damages because such harm, like emotional distress and injury to his credit, is subjective and squarely within the jury's purview.

Last, Defendants failed to substantively meet and confer with Plaintiff regarding this Motion, as explicitly required by this Court's Local Rules. Defendants introduce three new arguments in this Motion, none of which was discussed with Plaintiff's counsel nor included in Defendants' previously filed motions in limine to preclude evidence of lost equity damages. This procedural non-compliance provides an independent, sufficient basis for the Court to deny Defendants' Motion.

## II.    ARGUMENT

### A.    Plaintiff Has Produced Ample Evidence of Lost Equity Through His Rule 26 Initial and Supplemental Disclosures.

Contrary to Defendants' representation, Plaintiff produced documents evidencing his lost equity due to SLS's misconduct. For example, Plaintiff produced an email in which his realtor, Madison Hildebrand, informed Plaintiff that the Notice of Default filed by SLS was impairing Plaintiff's ability to sell the Malibu Property at market value:

> Please be aware that we are receiving calls about the notice of default that was recorded on your property. This is hurting your sale because buyers are thinking you are in duress (and that they can pay under market value) or that something will happen during escrow if they make a move. Either way, it is frightening off potential buyers.

Declaration of Ryan Lapine ("Lapine Decl."), ¶ 11, Ex. H. Plaintiff also identified Jay Bridges, an experienced mortgage lender who can also explain the effect of a

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF LOST EQUITY DAMAGES
Case No. 2:22-cv-06776-MCS-PD

Notice of Default on property value, and timely disclosed him as a percipient expert witness. *Id.* ¶ 10, Exs. G and V. Defendants were aware of Mssrs. Hildebrand and Bridges from Plaintiff's disclosures and document production and even informed Plaintiff's counsel that they intended to schedule their depositions, but they never actually did so. *Id*. ¶ 4.

However, Defendants contend that Plaintiff's arguments regarding lost equity would be "speculation or conjecture" because Plaintiff did not provide evidence of "an appraisal of the Property before or after the recording of the Notice of Default." Defs. MIL No. 3, at 2. Defendants further argue that because Plaintiff marketed and sold the Property in an "arms-length transaction" and "voluntarily" sold the Property in May of 2024, any assertion that the "buyer would have paid more but for the Notice of Default is pure speculation." Def. MIL No. 3, at 4-5. Defendants' arguments fail for two reasons.

First, as to the absence of an appraisal pre-notice of default, Defendants' argument that these damages are speculative is nonsensical. Plaintiff had no interest in selling the Property. Contrary to Defendants' mischaracterization, Plaintiff's sale of the Property was far from voluntary—he was unable to procure financing to remediate SLS's cascading errors on his account, which was overinflated with inaccurately-calculated interest and unjustified late fees, because of Defendants' damage to his credit. Thus, to provide such evidence would have required that Plaintiff foresee Defendants filing a notice of default on the Property, despite his timely objection to that proceeding, and obtain an appraisal *before* Defendants wrongfully filed the notice of default. *See Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 938 (9th Cir. 1999) (damages may be computed by approximation, especially "where... it is the wrongful acts of the defendant that have created the difficulty in proving the amount of loss of profits."). Defendants cite no authority supporting such an extraordinary prerequisite is required to obtain damages for lost equity. As to the

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF LOST EQUITY DAMAGES
Case No. 2:22-cv-06776-MCS-PD

sale of the Property, Plaintiff's assertion is not "speculation" because Plaintiff's realtor communicated to Plaintiff that buyers believe they can pay under market because it appeared Plaintiff was under duress after the Notice of Default was filed. Lapine Decl., ¶ 11, Ex. H.  Designated percipient expert Jay Bridges will offer similar testimony to Mr. Hildebrand's testimony.

Second, Defendants' *contention* that the lost equity in Plaintiff's property is just "speculation" is the true speculation. Defendants intentionally chose not to depose Mssrs. Hildebrand and Bridges.  In fact, Plaintiff's argument will be well-supported by the testimony of Plaintiff, Plaintiff's wife, Mr. Bridges, and Mr. Hildebrand, regarding their personal experiences in their attempts to sell Plaintiff's home after the notice of default was placed and on their observations of what occurred once the Notice of Default was filed. These witnesses were all disclosed as early as February 2024. Had Defendants deposed Mr. Hildebrand, they could have inquired about the basis of his personal knowledge—his significant experience selling homes in the Malibu market, his lead role in a network television show documenting his expertise pricing homes, marketing, and selling them in Malibu, his experience with this property—and how it informed his perception of the notice of default's impact on the value of the Property.   The same is true with Mr. Bridges, they could have inquired about his decades of experience with residential real estate transactions and his observation on what the Notice of Default did to the marketability of the Property.

This is properly a question of fact for the jury.  Either the jury will believe Mr. Hildebrand's and Mr. Bridges' testimony that the wrongful institution of foreclosure depressed the value of the Property and damaged Plaintiff or they will not. That Defendants seek to preclude the jury from considering this issue speaks volumes on how it believes the jury will tilt.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF LOST EQUITY DAMAGES
Case No. 2:22-cv-06776-MCS-PD

**B.** **Expert Testimony Is Not Required For Plaintiff to Introduce Evidence of Lost Equity Damages.**

Next, Defendants argue that Plaintiff's lost equity damages are nonrecoverable because Plaintiff failed to "disclose any expert or provide any expert report that seeks to value the Property, calculate lost equity damages, or substantiate any such damages." Defs. MIL No. 3, at 2-3. Again, Defendants' position is factually and legally flawed.

Pursuant to Fed. R. Ev. 701, Plaintiff, Mr. Bridges, and Mr. Hildebrand can testify to the value of the Property without being qualified experts because their testimony is based on their personal knowledge and is rationally based on their perception. Mr. Hildebrand was listed as a witness in Plaintiff's disclosures, and Plaintiff produced supporting documentation. Lapine Decl. ¶ 10, Ex. G.  Further, Mr. Bridges was timely disclosed as a percipient expert witness. *Id.* Defendants' contention that an expert was not disclosed is notable for both being an unnecessary prerequisite to this damages claim and for just being false.

Courts require expert testimony for causation *only* when the causal inference between the alleged misconduct and the resulting injury demands *specialized knowledge*. *See Claar v. Burlington N. R. Co.*, 29 F.3d 499, 504 (9th Cir. 1994). That is not the case here. A notice of default places a sufficient cloud on a property's title, which may impact the valuation of a property. *See e.g. Horton v. California Credit Corp. Ret. Plan*, 835 F. Supp. 2d 879, 893 (S.D. Cal. 2011) ("…the Court believes that Defendant's Deed of Trust and Notice of Default place sufficient cloud on Plaintiffs' title…").

Here, the injury complained of—the recording of the Notice of Default—can be directly traced to Plaintiff's inability to sell his property, as evidenced by Mr. Hildebrand's email produced in this action and his and Mr. Bridges' forthcoming testimony at trial. Lapine Decl., ¶ 11, Ex. H. Because of Defendant SLS's failure to

5

properly service Plaintiff's mortgage, the amount required to reinstate the mortgage was overinflated and Plaintiff was unable to obtain financing to reinstate the mortgage. As such, Plaintiff was under economic duress to sell the Property, and it sold at a reduced price due to the Notice of Default which clouded Plaintiff's title. A jury does not need specialized knowledge to understand that the notice of default would have impaired the value of Plaintiff's home by signaling to prospective buyers that Plaintiff was in distress and desperate to sell. Indeed, the Ninth Circuit has stated that courts should "jealously" guard against permitting experts to testify regarding matters that are clearly within a layperson's comprehension. *See United States v. Rahm*, 993 F.2d 1405, 1413 (9th Cir. 1993).

Because Plaintiff's lost equity damages are based in common sense, expert testimony is not required and Plaintiff's injuries should be left for the jury to determine. Even were expert testimony required, Mr. Bridges was disclosed as a percipient expert and there is no basis for the Court to exclude the testimony of Mr. Hildebrand and Plaintiff upon which Mr. Bridges bases his opinions.

**C.     Plaintiff Did Not Concede That the Payoff Demand was Accurate.**

In a last-ditch attempt, Defendants argue that Plaintiff is precluded from arguing that "he should have received more from the sale on the Property because he had overpaid or owed less on the Loan, and therefore the resulting payoff demand was inaccurate." Defs. MIL No. 3, at 5-6. Again, this new argument is incorrect. The payoff demand from defendants included fees that **were not accurate**.  SLS itself admitted at deposition that it imposed fees on Daniels that even it could not explain or justify. Lapine Decl. 13, Ex. J at 133:13-135:1. Never once has Plaintiff conceded that the fees were accurate, and Defendants provide no law to suggest that doing so constitutes an admission. It was necessary for Plaintiff to cure the purported default (which Plaintiff still disputes to this day) in order to convey clear title to the Property. No title insurance company will agree to record a conveyance of title if

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF LOST EQUITY DAMAGES
Case No. 2:22-cv-06776-MCS-PD

there remains outstanding liens of any sort or an outstanding Notice of Default. Further, no individual would purchase a multi-million-dollar property without title insurance, only to have it immediately foreclosed on.

**D.      Equity on Plaintiff's Property Was Lost Due to the Notice of Default.**

Defendants also argue that "to the extent that the alleged lost equity was due to the recording of the Notice of Default, all claims related to [the] recording of this document [] have been dismissed," and "any such argument is irrelevant." Def. MIL No. 3, at 4. Defendants are incorrect. Defendants' wrongful filing of the Notice of Default on Plaintiff's property is relevant to Plaintiff's remaining claims. Plaintiff is not, as Defendants allege, arguing claims that have been "dismissed" or "abandoned." Rather, Plaintiff has *always* contended that Defendants' wrongful recording of the Notice of Default—which was recorded without affording Plaintiff sufficient notice of Defendants' intent to institute foreclosure proceedings, in violation of SLS's obligation to return the loan to "normal servicing" and in breach of U.S. Bank's implied covenant of good faith and fair dealing in the Deed of Trust—contributed to lost equity in Plaintiff's home, and Defendants have known since October 2024 that Plaintiff would be seeking "damages resulting from selling the Malibu property under distress and with an improper foreclosure on it." Lapine Decl. ¶ 10, Ex. G. Plaintiff is entitled to argue that Defendants' breach of the Settlement Agreement, U.S. Bank's breach of the Deed of Trust's covenant of good faith and fair deal, Defendants' reporting of false and inaccurate information to consumer reporting agencies, and Defendants' improper recording of the Notice of Default led to lost equity in the Property. Had Defendants not damaged Plaintiff's creditworthiness and the Notice of Default not been recorded on the Property, Plaintiff would not have been forced to sell the house at a lower price under the cloud of foreclosure.  What was dismissed was a claim to enjoin the foreclosure or

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF LOST EQUITY DAMAGES
Case No. 2:22-cv-06776-MCS-PD

otherwise obtain similar equitable relief, which claim became moot when Mr. Daniels' sold the property under duress to avoid foreclosure.  That is not tantamount to a dismissal of Plaintiff's monetary damages claims detailed above which necessarily include this damages component.

### E.    An Exclusionary Sanction for Not Providing a Computation of Damages Related to Plaintiff's Lost Equity Is Improper.

#### 1.    The calculation of damages does not lend itself to precise calculation and is within the purview of the jury.

Plaintiff should not be penalized for not providing a precise numerical computation of damages associated with his lost equity to his real property, which cannot be derived from information reasonably available because Malibu is a small real estate market with few comparable sales due to unique homes and geography. *See Alfredo v. Ditech Fin.* LLC, No. CV1704294GWJEMX, 2018 WL 11347340, at *1 (C.D. Cal. Dec. 3, 2018). This is the very type of damages for which exact computations are not generally required and for which determination is left in the sound providence of a jury.  *Id.*  The lost equity will be provided via testimony by Plaintiff's timely-disclosed witnesses, *see supra* Section II. A & B.

#### 2.    Plaintiff should not be punished for Defendants' lack of diligence.

Defendants seek to entirely bar Plaintiff from introducing any evidence concerning his lost equity based on an alleged technical failure to provide a specific damages computation in his initial disclosures. However, Defendants never diligently pursued discovery on Plaintiff's lost equity damages. *See supra* Section II. A. and B. In each of Defendants' cited cases where exclusionary sanctions were issued, the defendants propounded multiple written discovery requests for computations to which the plaintiff never responded. *See e.g. Hariton v. Chase Auto Finance Corporation*, No. CV 08-6767 AHM (JCx), 2010 WL 3075609 (C.D. Cal. Aug. 4,

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF LOST EQUITY DAMAGES
Case No. 2:22-cv-06776-MCS-PD

2010) (exclusionary remedy appropriate when plaintiff failed to timely respond to demand for computation); *see also Jones v. Wal-Mart Stores, Inc.*, No. 2:15-CV-1454-LDG-GWF, 2016 WL 1248707 (D. Nev. Mar. 28, 2016) (exclusionary remedy appropriate when plaintiff failed to disclose computation despite multiple requests). Defendants never sought a computational breakdown of Plaintiff's damages, formally or informally.

This lack of diligence is dispositive. Courts in this District consider the remedy Defendants seek—preclusion of evidence supporting damages—as potentially "tantamount to dismissal" where, as here, such exclusion might effectively bar a claim for damages entirely. *See Susilo v. Wells Fargo Bank, N.A.*, No. CV111814CASPJWX, 2012 WL 12894745, at *2 (C.D. Cal. Nov. 26, 2012) (citing with approval *American Property Const. Co. v. Sprenger Lang Foundation*, 274 F.R.D. 1, 9 (D.D.C. 2011)). In *Susilo*, the court explicitly denied a motion in limine to suppress evidence of damages for failure to provide a damage computation, due to the defendant's failure to seek other discovery remedies before moving to exclude damages evidence based on a Rule 26(a) disclosure. 2012 WL 12894745 at *2. The same lack of diligence, *see supra* Section II. A., warrants denial here. Instead of conducting such discovery, Defendants sat quietly until the eve of trial to cry foul, as if they were blindsided by no fault of their own. It would be a grave miscarriage of justice to deny relief to Plaintiff based on Defendants' "gotcha" attempt following their lack of diligence during discovery.

### F.   Defendants' Failure to Sufficiently Meet and Confer Warrants Denial of MIL No. 3.

On October 23 and 24, 2025, attorneys for Plaintiff and Defendants participated in a conference of counsel pursuant to Local Rules 7-3 and 16-2, which continued October 31, 2025. Declaration of Alexander Avery ("Avery Decl."), ¶ 2. During this conference, counsel for both parties met and conferred regarding various

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE
EVIDENCE OF LOST EQUITY DAMAGES
Case No. 2:22-cv-06776-MCS-PD

evidentiary issues, as required by the Local Rules, and specifically discussed anticipated Motions in Limine to narrow or resolve disputes without Court intervention.

Despite this opportunity, Defendants omitted any discussion of the *substance* of their Motion in Limine No. 3, which includes three entirely new arguments: (1) Plaintiff is precluded from arguing that lost equity was due to recording of the Notice of Default because Plaintiff's wrongful disclosure claims were dismissed; (2) Plaintiff cannot argue that the Notice of Default impacted the fair market value of the Property because Plaintiff "voluntarily" sold the Property to a willing buyer; and (3) Plaintiff cannot argue he should have received more from the sale of the Property because he overpaid or owed less on the Loan. Defs. MIL No. 3, at 4-6. Defendants' counsel did not discuss or confer about this argument, nor did Defendants' counsel explain why it waited until the eleventh hour to include this argument. Avery Decl. ¶ 4. Critically, these new arguments were entirely omitted from Defendants' last round of pretrial filings in June. *See* ECF 197.

Courts in this District routinely deny motions in limine where, as here, the moving party failed to meet and confer as required under Local Rule 7-3. *See*, *e.g.*, *United Fabrics Int'l, Inc. v. J.C. Penney Corp., Inc.*, No. CV 08-1936-VBF (PJWx), 2009 WL 10675629, at *1 (C.D. Cal. April 23, 2009) (denying motions in limine for failure to comply with Local Rule 7-3). The Court should deny Defendants' Motion *in Limine* No. 3 for their procedural non-compliance with Rule 7-3.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion in Limine No. 3.

Dated: November 10, 2025                    **STEPTOE LLP**

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF LOST EQUITY DAMAGES

Case No. 2:22-cv-06776-MCS-PD

By:   */s/ Ryan M. Lapine*
Ryan M. Lapine
Alexander Avery
Abigail Falk Orozco

Attorneys for Plaintiff
ROBERT N. DANIELS

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE OF LOST EQUITY DAMAGES

Case No. 2:22-cv-06776-MCS-PD

## **LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE**

The undersigned counsel of record for the United States certifies that this brief contains 3,118 words in compliance with the word limit of L.R. 11-6.1.


_/s/ Ryan M. Lapine_
Ryan M. Lapine

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 10, 2025, a copy of the foregoing Plaintiff's Opposition to Defendants' Motion *in Limine* No. 3 to Exclude Evidence of Lost Equity Damages was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

*/s/ Ryan M. Lapine*

Ryan M. Lapine