FILED
CLERK, U.S. DISTRICT COURT

1/9/2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ *OMO* _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert N. Daniels,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC, et al.<br><br>Defendants. | Case No. 2:22-cv-06776-MCS-PD<br><br><br><br>**FINAL JURY INSTRUCTIONS** |

1

1. **<u>Duty of Jury</u>**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## 2.  __Duty to Deliberate__

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

### 3.  Consideration of Evidence -- Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved— including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on

4

evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

### 4. <u>Communication With Court</u>

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me— how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

### 5.  FCRA'S GENERAL PURPOSE

The Fair Credit Reporting Act ("FCRA") is a federal law that regulates the handling and reporting of personal information about consumers, including confidentiality, accuracy, and proper use of confidential information.

Source: 15 U.S.C. § 1681

**6. FCRA DAMAGES**

If you find that SLS violated the FCRA, you may find that such violation was negligent or willful. The damages that you may award depend on whether the violation was negligent or willful. It is up to you to set the amount based upon the facts and circumstances of this case.

If you find that the violation was willful, you may assess the following damages against SLS:

1. Daniels's actual damages;
2. Alternately, statutory damages of no less than $100 and no more than $1,000 for each violation.
3. Punitive damages. The purposes of punitive damages are to punish the wrongdoer for the conduct that harmed Daniels and to discourage similar conduct by SLS in the future.

If you find that such violation was negligent, then you must only award the following damages against SLS:

1. Daniels' actual damages.

8

### 7. **Fair Credit Reporting Act—Negligent Violation**

Violations of the Fair Credit Reporting Act ("FCRA") may either be negligent or willful.  A negligent violation of the FCRA occurs when a defendant makes an objectively unreasonable interpretation of the FCRA.

Negligence is failing to do something that a reasonably prudent person would do, or doing something that a reasonably prudent person would not do, under the circumstances that existed.

To prove a negligent violation of the FCRA, Daniels must prove by a preponderance of the evidence that SLS failed to use "reasonable care" in investigating the dispute from a consumer reporting agency. "Reasonable care" means acting as a reasonably prudent person would under the circumstances that existed.

## 8.  Interpretation—Meaning of Ordinary Words

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

## 9. <u>Interpretation—Construction of Contract as a Whole</u>

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

**10. <u>Interpretation—Construction by Conduct</u>**

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.

**11.Introduction to Contract Damages**

If you decide that Plaintiff Robert Daniels has proved his claim against Specialized Loan Servicing, LLC for breach of the Settlement Agreement and/or U.S. Bank, N.A. for breach of the covenant of good faith and fair dealing related to the Deed of Trust, you also must decide how much money in damages will reasonably compensate Plaintiff Robert Daniels for the harm caused by the breach.

The purpose of such damages is to put Daniels in as good a position as he would have been if Defendants had performed as promised. To recover damages for any harm, Daniels must prove that when the contract was made, both Daniels and Defendants knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

Daniels also must prove the amount of his damages according to the following instructions. Daniels does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

Daniels claims damages for out of pocket losses and financial harm.

13

**12. Damages—Mitigation**

The Plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The Defendants have the burden of proving by a preponderance of the evidence:

1.   that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.   the amount by which damages would have been mitigated.

14

### 13. <u>Return of Verdict</u>

A verdict form has been prepared for you. The verdict form lists all of the claims asserted by Plaintiff Robert Daniels. As explained in these jury instructions, different types of damages are available for different claims. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

**14. <u>Damages—Proof</u>**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Daniels on any of his claims, you must determine Daniels' damages. Daniels has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Daniels for any injury you find was caused by SLS and U.S. Bank. In determining the measure of damages, you should consider:

Actual damages, which may include:

1. An increased cost of credit and financing;
2. The difference between the fair market value of any property immediately before the occurrence and its fair market value immediately thereafter;
3. The reasonable value of necessary expenses required up to the present time;
4. The reasonable value of necessary expenses that with reasonable probability will be required in the future; and
5. The mental and emotional pain and suffering experienced and that with reasonable probability will be experienced in the future;

You should also consider statutory damages and punitive damages, which are categories of damages different from actual damages.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

16

**15.Fair Credit Reporting Act—Willful Violation**

Violations of the Fair Credit Reporting Act ("FCRA") may either be negligent or willful.

A violation of the FCRA is willful if the defendant either (1) knows that its action violates the FCRA; or (2) acts in reckless disregard of its statutory obligations under the FCRA.

You may find that defendant acted in reckless disregard of its statutory obligations under the FCRA only if you find that its conduct presented an unjustifiably high risk of violating the FCRA that was *so obvious* that the defendant should have known its conduct violated the law.

Recklessness means more than simply an unreasonable or negligent violation of law.  Recklessness requires an intentional act of unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow, and which is accompanied by a conscious indifference to the consequences.  A defendant does not act in reckless disregard of a plaintiff's rights if it has in good faith attempted to fulfill its statutory obligations under the FCRA, even if it ultimately failed to do so.

**16. <u>FCRA Definitions</u>**

Plaintiff is a "consumer" for purposes of the FCRA.

Examples of consumer reporting agencies, as defined under the FCRA, include Equifax, TransUnion, and Experian.

Specialized Loan Servicing, LLC is a furnisher as defined in the FCRA.

**17.FCRA Requirements**

In order to prevail on a negligent or willful re-investigation claim under the Fair Credit Reporting Act, Daniels must prove all of the following elements:

1) Daniels' consumer reports contained factual inaccuracies;

2) Daniels made a written dispute to the credit reporting agency properly identifying the inaccuracy;

3) The consumer reporting agency provided notice of all relevant information to SLS, about the inaccuracies;

4) SLS failed to take the remedial measures outlined by the Fair Credit Reporting Act, including:

    a.  conduct an investigation with respect to the disputed information;

    b.  review all relevant information provided by the consumer reporting agency;

    c.  report the results of the investigation to the consumer reporting agency;

    d.  if the investigation found that the information is inaccurate, report those results to the consumer reporting agency and modify, delete, or block the reporting of the inaccurate information

    e. if an item of information disputed by a consumer is found to be inaccurate or cannot be verified after any reinvestigation, for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

        (i)    modify that item of information;

        (ii)   delete that item of information; or

        (iii)  permanently block the reporting of that item of information.

5)  Daniels was injured as a result of SLS' failures to take the required remedial measures.

18. **Meaning of Inaccuracy**

An item on a credit report can be incomplete or inaccurate because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.

### 19. Reasonable Investigation

A furnisher's investigation cannot be superficial and "requires an inquiry likely to turn up information about the underlying facts and positions of the parties, not a cursory or sloppy review of the dispute.'" A furnisher does not conduct a reasonable investigation 'by merely rubber stamping,' particularly 'where the circumstances demand[] a more thorough inquiry.'" Instead, the FCRA requires some degree of careful inquiry by furnishers of information.

**20.FCRA Reasonable Procedures**

You should not find SLS liable for any violation of the Fair Credit Reporting Act or Consumer Credit Reporting Agencies Act if SLS shows by a preponderance of the evidence that at the time of the violation it maintained reasonable procedures to assure compliance.

**21. FCRA—Reasonable Investigation**

To prove his Fair Credit Reporting Act claim, Daniels must prove via preponderance of the evidence that SLS's investigation of his credit dispute was unreasonable. The scope of that investigation is dependent upon the information and specificity provided in Daniels' dispute. Daniels must dispute a given piece of information furnished by SLS on his credit report. An investigation is not necessarily unreasonable because it results in a conclusion unfavorable to the consumer, even if that conclusion turns out to be inaccurate.

**22.CCCRAA Requirements**

To prevail on his claim that SLS violated the California Consumer Credit Reporting Agencies Act, Daniels must prove by a preponderance of the evidence that:

1. SLS provided information about Daniels to a credit reporting agency;
2. The information was inaccurate;
3. SLS knew or should have known the information was inaccurate or incomplete;
4. SLS failed to correct the inaccurate or incomplete information after being notified;
5. Daniels suffered actual damages as a result of the inaccurate or incomplete reporting (such as denial of credit, higher interest rates, emotional distress, etc.).

**23.** **Breach of Contract—Essential Elements**

To recover damages from SLS for breach of contract, Daniels must prove all of the following:

1. That Daniels and SLS entered into the Settlement Agreement;
2. That Daniels did all, or substantially all, of the significant things that the Settlement Agreement required him to do;

   *or*

   That Daniels was excused from performing any obligations under the Settlement Agreement that SLS contends he failed to perform;
3. That all conditions required by the Settlement Agreement for SLS's performance occurred;
4. That SLS failed to do something that the Settlement Agreement required it to do;

   *or*

   That SLS did something that the Settlement Agreement prohibited it from doing;
5. That Daniels was harmed; and
6. That SLS's breach of the Settlement Agreement was a substantial factor in causing Daniels's harm.

25

**24. <u>Breach of the Implied Covenant of Good Faith and Fair Dealing—</u>**
**<u>Essential Factual Elements</u>**

In every contract or agreement there is an implied promise of good faith and fair dealing. This implied promise means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract. Good faith means honesty of purpose without any intention to mislead or to take unfair advantage of another. Generally speaking, it means being faithful to one's duty or obligation. However, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract. Daniels claims that U.S. Bank violated the duty to act fairly and in good faith with respect to the Deed of Trust.

To bring a claim against U.S. Bank under the Deed of Trust, Daniels must prove that he provided U.S. Bank with notice of his claim and afforded U.S. Bank an opportunity to take corrective action.

To establish his claim against U.S. Bank, Daniels must prove all of the following:

1. That Daniels and U.S. Bank entered into the Deed of Trust;

2. That Daniels did all, or substantially all, of the significant things that the contract required him to do;

3. That all conditions required for U.S. Bank's performance had occurred or were excused;

4. That, after April 19, 2020, U.S. Bank consciously and deliberately: improperly failed to apply Daniels's payments to the loan, rejected Daniels's payments on the loan, failed to notify him that his payments were being held in suspense, improperly declared Daniels's loan delinquent, wrongfully refused Daniels' payments, or improperly assessed late fees and similar charges against Daniels;

5. That by doing so, U.S. Bank, N.A. did not act fairly and in good faith;

26

and

6. That Daniels was harmed by U.S. Bank, N.A.'s conduct.

## 25. Special Damages for Breach of Contract and Implied Covenant

Daniels also claims damages for the late fees and similar charges that Defendants assessed against him, overpayment on his mortgage, and the difference between the fair market value of his home immediately before Defendants recorded a Notice of Default.

To recover for this harm, Daniels must prove that when the parties made the contract, Defendants knew or reasonably should have known of the special circumstances leading to the harm.

**26. <u>Punitive Damages</u>**

If you find for Daniels, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

Daniels has the burden of proving that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that SLS's conduct that harmed the Daniels was malicious, oppressive or in reckless disregard of the Daniels' rights.  Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.  Conduct is in reckless disregard of Daniels' rights if, under the circumstances, it reflects complete indifference to the Daniels' safety or rights, or if SLS acts in the face of a perceived risk that its actions will violate the Daniels' rights under federal law.  An act or omission is oppressive if SLS injures or damages or otherwise violates the rights of Daniels with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of Daniels.

If you find that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.  In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on Daniels.

29

**27. Statute of Limitations—FCRA**

Plaintiff must bring his claim under the Fair Credit Reporting Act ("FCRA") within two years of the date Plaintiff actually discovered, or a reasonable Plaintiff would have discovered the alleged violation, irrespective of whether Plaintiff in this case undertook a reasonably diligent investigation.

Additionally, regardless of when the violation was discovered, or should have been discovered, Plaintiff must bring his claim within five years of the date of the alleged violation.

SLS carries the burden of establishing when Plaintiff discovered, or when a reasonably diligent plaintiff would have discovered, the alleged violation.

Here, the lawsuit was filed against SLS on September 20, 2022. Therefore, Plaintiff may not pursue claims for any alleged violations that occurred prior to September 20, 2017, nor may Plaintiff pursue claims for any alleged violation that either (1) Plaintiff actually discovered, or (2) a reasonably diligent plaintiff would have discovered, prior to September 20, 2020.

**28. Statute of Limitations—CCCRAA**

Plaintiff must bring his claim under the CCCRAA within two years of the date Plaintiff actually discovered, or a reasonable Plaintiff would have discovered the alleged violation, irrespective of whether Plaintiff in this case undertook a reasonably diligent investigation.

Additionally, regardless of when the violation was discovered, or should have been discovered, Plaintiff must bring his claim within seven years of the date of the alleged violation.

SLS carries the burden of establishing when Plaintiff discovered, or when a reasonably diligent plaintiff would have discovered, the alleged violation.

Here, the lawsuit was filed against SLS on September 20, 2022. Therefore, Plaintiff may not pursue claims for any alleged violations that occurred prior to September 20, 2015, nor may Plaintiff pursue claims for any alleged violation that either (1) Plaintiff actually discovered, or (2) a reasonably diligent plaintiff would have discovered, prior to September 20, 2020.

**29.** **Statute of Limitations—Breach of Written Contract and Breach of Implied Covenant of Good Faith and Fair Dealing**

Defendants contend that Plaintiff's claims for breach of contract were not filed within the time set by law. To succeed on this defense, Defendants must prove that Plaintiff's claimed harm under his breach of covenant of good faith and fair dealing claim occurred before April 19, 2020. To succeed on this defense, Defendants must prove that Plaintiff's claimed harm under his breach of contract claim occurred before September 20, 2018.

**30. Unclean Hands**

When a party seeking damages has violated a duty of good faith in connection with the subject matter on which its claim is based, that party has acted with unclean hands.  If you find that plaintiff has acted with unclean hands, plaintiff is not entitled to recover any monetary award.

### 31.Stipulations of Fact

The parties have agreed to certain facts to be placed in evidence as Court Exhibit 1. You must therefore treat these facts as having been proved.