**STEPTOE LLP**
RYAN M. LAPINE (SBN 239316)
rlapine@steptoe.com
CONOR TUCKER (SBN 318075)
ctucker@steptoe.com
ALEXANDER AVERY (SBN 307390)
aavery@steptoe.com
633 West Fifth Street, Suite 1900
Los Angeles, California 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

Attorneys for Plaintiff
ROBERT N. DANIELS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ROBERT N. DANIELS,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC, a Delaware Limited Liability, U.S. BANK, NATIONAL ASSOCIATION, as trustee for Chevy Chase Bank Funding LLC Mortgage Backed Certificate Series 2007-1, and Does 1-10,<br><br>Defendant. | Case No. 2:22-cv-06776-MCS-PD<br><br>**PLAINTIFF ROBERT N. DANIELS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Hearing:  April 27, 2026<br>Time:  9:00am<br>Judge:  Hon. Mark C. Scarsi<br>Place.:  Courtroom 7C, 7th Floor<br><br>Complaint Filed:  September 20, 2022 |

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ..................................................................................1

II.     ARGUMENT ........................................................................................2

     A.      The Court should strike Defendants' frivolous Rule 68 requests. ...........2

     B.      The contracts do not entitle Defendants to recover fees. .........................3

     C.      If the Court awards fees, apportionment is required and Defendants are entitled to recover only fees expended "seeking to enforce" the Settlement Agreement—not on f ederal statutory claims. ............................................................................8

     D.      Defendants' request is not reasonable. ..................................................11

          1.      Enhancement is not warranted. ..........................................................11

          2.      Over-staffing, duplication, and block billing are not compensable. ....................................................................................12

          3.      Defendants cannot recover fees for their discovery misconduct. ......................................................................................13

          4.      Fees-on-fees and expert fees are not recoverable. ........................14

          5.      Equitable and policy considerations compel substantial reduction..........................................................................................14

III.    CONCLUSION ..................................................................................15

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Cataphora Inc. v. Parker*,
  848 F.Supp.2d 1064 (N.D. Cal. 2012)................................................................10

*CoreCivic Inc. v. Candide Grp. LLC*,
  2021 WL 1267259 (N.D. Cal. Apr. 6, 2021)........................................................9

*Custer v. Cristo Armstrong Powers, Inc.*,
  2020 WL 8028236 (C.D. Cal. Nov. 17, 2020) ...................................................11

*Gonzalez v. City of Maywood*,
  729 F.3d 1196 (9th Cir. 2013) ...........................................................................11

*Stockfood America, Inc. v. Sequoia Wholesale Florist, Inc.*,
  2021 WL 4597080 (N.D. Cal. June 22, 2021).....................................................14

*The Traditional Cat Ass'n, Inc. v. Gilbreath*,
  340 F.3d 829 (9th Cir. 2003) ...............................................................................9

*UMG Recordings, Inc. v. Shelter Capital Partners LLC*,
  718 F.3d 1006 (9th Cir. 2013) ..............................................................................2

*Vysata v. Menowitz*,
  2019 WL 6138469 (C.D. Cal. June 19, 2019)..............................................12, 13

*Winz-Byone v. Metropolitan Life Ins. Co.*,
  2008 WL 11422129 (C.D. Cal. May 5, 2008)......................................................13

**California Cases**

*Applied Medical Distribution Corp. v. Jarrells*,
  100 Cal.App.5th 556 (2024) ................................................................................14

*Bell v. Vista Unified School Dist.*,
  82 Cal.App.4th 672 (2000) ..............................................................................9, 10

*Cassim v. Allstate Insurance*,
  33 Cal.4th 780 (2004) ...........................................................................................9

*Cavalry SPV I, LLC v. Watkins*,
  36 Cal.App.5th 1070 (2019) .......................................................................4, 7, 10

*El Escorial Owners' Assn. v. DLC Plastering, Inc.*,
  154 Cal.App.4th 1337 (2007)..............................................................................12

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR FEES & COSTS
CASE NO. 2:22-CV-06776-MCS-PD

*EnPalm, LLC v. Teitler*,
    162 Cal. App. 4th 770 (2008) ...............................................................................14

*Exxess Electronixx v. Heger Realty Corp.*,
    64 Cal.App.4th 698 (1998) ...............................................................................3, 8

*First Nationwide Bank v. Mountain Cascade, Inc.*,
    77 Cal.App.4th 871 (2000) ..................................................................................14

*Kalai v. Gray*,
    109 Cal. App. 4th 768 (2003) ................................................................................4

*Ketchum v. Moses*,
    24 Cal.4th 1122 ............................................................................................11, 12

*Leamon v. Krajkiewcz*,
    107 Cal.App.4th 424 (2003) ..................................................................................5

*Mountain Air Enters., LLC v. Sundowner Towers, LLC*,
    3 Cal.5th 744 (2017) .............................................................................3, 6, 7, 8

*Orien v. Lutz*,
    16 Cal.App.5th 957 (2017) ....................................................................................8

*PLCM Group v. Drexler*,
    22 Cal.4th 1084 (2000) ...................................................................................11, 15

*Reynolds Metals Co. v. Alperson*,
    25 Cal. 3d 124 (1979) ............................................................................................7

*Santisas v. Goodin*,
    17 Cal.4th 599 (1998) ............................................................................................3

*Serrano v. Priest*,
    20 Cal. 3d 25 (1977) ......................................................................................11, 15

*Stockton Theatres Inc., v. Palermo*,
    124 Cal.App.2d 353 (1954) .....................................................................3, 6, 7, 8

*Tanner v. Tanner*,
    57 Cal.App.4th 419 (1997) ....................................................................................4

*Trope v. Katz*,
    11 Cal. 4th 274 (1995) ...........................................................................................3

**Federal Statutes**

28 U.S.C.
    § 1920(6)...............................................................................................................14

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR FEES & COSTS
CASE NO. 2:22-CV-06776-MCS-PD

Federal Rules of Civil Procedure
     Rule 37..................................................................................................................13
     Rule 54....................................................................................................................2
     Rule 68....................................................................................................................2

**California Statutes**

Cal. Code Civ. Proc.
     Section 1717 ....................................................................................................6, 7, 8
     Section 1021 ...........................................................................................................3

**Other Authorities**

WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 3006 ...........................2

## I.    <u>INTRODUCTION</u>

Defendants' motion seeks to convert a defense verdict in a highly fact-bound cause into a seven-figure penalty untethered from the language of the agreements it purports to enforce.  The law does not favor such a punitive award against plaintiffs in standard consumer finance cases.

Defendants overreach both legally and factually.

They seek $150,000 in costs on a theory that has been expressly rejected by both the United States Supreme Court and the Ninth Circuit Court of Appeals.  Of concern, they do so without informing the Court of this directly contrary controlling authority.

Defense counsel seeks a financial windfall through an "enhancement" of their rates well above what Defendants actually paid.  This relief would not restore Defendants, but would instead provide a windfall to them or to their counsel. California law does not permit rate enhancements in these circumstances.

More fundamentally, however, Defendants strain to show entitlement to the fees they seek.  Each contract relied upon by Defendants expressly limits the ability to recover fees to limited circumstances, none of which apply here.  And Defendants cannot identify any independent statutory basis for fees.  Thus, Defendants have neither a contractual nor statutory entitlement to fees.  Even if they were to find a basis to shift fees, though, only a small portion of the fees were expended "on the contract" claim.  Under established California law, non-contract claims are "outside the ambit" of fee-shifting.  That includes, for example, tort and quasi-tort claims, as well as statutory claims.

The Court should deny this motion outright.  In the alternative, in light of the limitations imposed by law, the contractual limitations, and the block-billing submitted, not to mention the United States Supreme Court's strong preference for the American Rule, the Court should significantly reduce any amount of fees awarded.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR FEES & COSTS
CASE NO. 2:22-CV-06776-MCS-PD

## II.    ARGUMENT

### A.    The Court should strike Defendants' frivolous Rule 68 requests.

To begin, Defendants' request under Rule 68 is directly foreclosed by long-standing Circuit and Supreme Court precedent. "Rule 68 'applies only to offers made by the defendant and only to judgments obtained by the plaintiff,' and 'therefore is simply inapplicable [where] it was the defendant that obtained the judgment.'" *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1035 (9th Cir. 2013) *quoting Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981).

The logic is clear: "holding otherwise would create an odd system in which 'any settlement offer, no matter how small, would apparently trigger the operation of the Rule,' and '[t]hus any defendant, by performing the meaningless act of making a nominal settlement offer, could eliminate the trial judge's discretion under rule 54(d)." *Id. quoting Delta*, 450 U.S. at 353. Rule 68 is not designed to award successful defendants with costs, but to force plaintiffs to "think very hard" before "reject[ing] an offer that would be reasonable *assuming plaintiff prevailed*." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 3006 (emphasis added, citations and quotations omitted). "[I]t is established that where defendant prevails Rule 68 has no role to play." *Ibid.*

Defendants do not disclose (as their duty of candor requires) the existence of this clearly contrary controlling Circuit and Supreme Court authority and make no effort to provide a reasonable basis to deviate from that controlling authority. Their argument is foreclosed and frivolous. It should be withdrawn on reply and, if not, outright denied.

Defendants cannot side-step this Court's discretion under Rule 54 or the strictures and procedures set out in this Court's Local Rules 54-1 *et seq.* If they seek costs, including under Section 1032, they must file an appropriate application after judgment. This is particularly important here as Defendants seek costs that are flatly not recoverable (for example, travel costs, expert fees for experts not appointed by the

Court, and attorneys' fees not supported by any statute).[1]  Plaintiff must be permitted to contest these costs under Local Rule 54-2.

### B.    The contracts do not entitle Defendants to recover fees.

Plaintiff agrees that Defendants' fees motion is governed by California law. That limits their entitlement to fees.

"The general rule is that attorney's fees are not recoverable by a successful party to an action either in law or equity, except in the instances where they are expressly provided for by contract." *Stockton Theatres Inc. v. Palermo*, 124 Cal.App.2d 353, 357 (1954); *see also* Cal. Civ. Proc. Code § 1021; *Trope v. Katz*, 11 Cal.4th 274, 278 (1995). Where an "attorney's fee clause by its terms does not provide that attorney's fees may be recovered by a successful litigant in all kinds of legal action," a prevailing party "can recover attorney's fees only for the nature and kind of litigation which falls within the scope of the agreement." *Palermo*, 124 Cal.App.2d at 358.  California law permits parties to opt out of the American Rule.  Cal. CCP § 1021.  But before allocating fees the Court must "determine … the scope of the attorney fee agreement," which requires the Court "to apply traditional rules of contract interpretation." *Mountain Air Enters., LLC v. Sundowner Towers, LLC*, 3 Cal.5th 744, 752 (2017) (quotation omitted).

California strictly construes contractual exceptions. For example, the Court of Appeal has held that an agreement to shift fees in an "action or proceeding to enforce" a contract or "declare rights hereunder" did not include defending against non-contract claims. *Exxess Electronixx v. Heger Realty Corp.*, 64 Cal.App.4th 698, 709 (1998); *accord. Santisas v. Goodin*, 17 Cal.4th 599, 622 n.9 (1998) (contrasting broad "arising out of" clause that would cover the defense of tort claims with narrower "recover the possession . . . , collect any money due . . . or enforce any other provision" clause that

---

[1] Defendants' citation to CCP Section 1033.5 does not help them, as it is not free-standing statutory grant to fees.  Moreover, Defendants' suggestion that they can recover fees-as-costs collapses in the face of their failure to show entitlement, as discussed below, in the first instance.

3

did not). Likewise, a contract authorizing attorneys' fees to the "prevailing party to [the a]rbitration" could not justify awarding attorneys' fees for a successful motion to compel arbitration (*Kalai v. Gray*, 109 Cal.App.4th 768, 777 (2003)), and a contract covering "legal fees associated with this dissolution" did not cover a post-dissolution action seeking to set aside a settlement and terminate spousal support (*Tanner v. Tanner*, 57 Cal.App.4th 419, 422, 426 (1997)). Similarly, collections fee provisions are even narrower than enforcement ones, and thus certainly do not cover non-contract claims. The Court of Appeal has held that a "Collection Costs" clause that allowed fees for "collection of your account" only narrowly covers "a legal action to collect on the account," holding it too narrow to cover, *e.g.*, related tort claims. *Cavalry SPV I, LLC v. Watkins*, 36 Cal.App.5th 1070, 1098 (2019). In *Cavalry*, because liability for the debt existed independent of whether the plaintiff owed money to the defendant on her cross-claims, the costs of defeating those claims were not *collection* costs. *Id.* at 1100.

Defendants do not identify any independent statutory basis for their fees claim. Instead, their argument relies entirely on contract.

Defendants justify fees based on a smattering of provisions across three different contracts: the Protection Provision and Acceleration Provision in the Deed of Trust (Deft. Ex. 9 ¶¶ 9, 22); the Default Provision of the Note (Deft. Ex. 8, ¶ 8(E)); and the Settlement Agreement (Deft. Ex. 10 ¶ 3(A)). None actually warrant fees here.

Neither of the Deed of Trust provisions support fees. The Protection Provision provides that the Lender can add certain expenses to the debt of the borrower:

> If (a) Borrower fails to perform the covenants and agreements … (b) there is a legal proceeding that might significantly affect Lender's interest in the Property … (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this [Agreement] …), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lenders' interest in the Property and rights under this [Agreement],

including protecting and/or assessing the value of the Property and securing and/or repairing the Property.

Deft. Ex. 9 ¶ 9. That provision is expressly limited to the Lender (not the Servicer) and expressly permits the funds expended to "become additional debt of the Borrower"—not awarded as attorney fees. The Protection Provision is also clearly about costs of securing the value of the property (such as repairs) or value of the collateral (such as avoiding condemnation) and provides specific examples not at issue here (such as protecting a "secured position in a bankruptcy proceeding"). Interpreted narrowly, as required by California law, the Protection Provision does not justify fees in defense of statutory claims—or even breach of the Deed of Trust itself.

The Acceleration Provision fares no better. That provision permits the Lender to accelerate payment of all sums secured by the Deed of Trust if the Borrower breaches a covenant and then to institute proceedings, including sale, to recover the secured value. The Lender (again, not Servicer) is "entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22." Deft. Ex. 9 at ¶ 22. But defending against breach of contract claims is not a "remed[y] provided in this Section 22." The Acceleration Provision is expressly limited by its own terms to remedies, such as "the power of sale," expressly stated—which does not include defending against statutory violations. So this, too, cannot justify fees under California law.

The Default Provision of the Note fails, too. Like the Acceleration Provision, it is triggered only "If the Note Holder has required [Daniels] to pay immediately in full as described above…" Deft. Ex. 8, ¶ 8(E). That hasn't happened.

The Deed of Trust and the Note cannot support fees for the simple reason that those provisions are triggered by conditions precedent—the failures of which bar attorneys' fees. *See Leamon v. Krajkiewcz*, 107 Cal.App.4th 424, 433 (2003). As a result, Defendants cannot recover fees on the implied covenant claim related to the Deed of Trust. Defense of that claim does not implicate either provision on their face: it is neither an action to secure the Lender's interest (or value) in the property nor an

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR FEES & COSTS
CASE NO. 2:22-CV-06776-MCS-PD

action to recover value after an acceleration. Under California law that dooms Defendants' fees claim as to this cause of action.

The only provision that could arguably apply is thus the Settlement Agreement. The Settlement Agreement provides that "the prevailing party in any action seeking to enforce this Agreement shall be entitled to their attorneys' fees and costs in that enforcement action." Deft. Ex. 10 at ¶ 3(A). In the end, though, even that fails.

The text of the agreement makes clear that it applies only to actions "seeking to enforce" the Settlement Agreement. It makes this doubly-clear by repeating that fact: fees are recoverable only for "that enforcement action." That provision expressly does not provide for fees "in all kinds of legal action." *Palermo*, 124 Cal.App.2d at 358. Where "each party was represented by counsel," a fact specified in the contract at issue here, (Cal. CCP § 1717(a)), fees can be appropriately limited to specific contract claims. For instance, the California Supreme Court held that an option contract permitting fees in an "action" did *not* permit recovery of fees spent on litigating affirmative defenses. *Mountain Air*, 3 Cal.5th at 753–756.[2] Critically, the fees language in the Settlement Agreement applies only to certain kinds of legal actions.

On its face it applies only to "enforcement" and not to damages. The distinction is important in the context of the Settlement Agreement. That agreement contemplated specific performance of certain actions by the parties after execution: reinstatement of the loan (Deft. Ex. 10 ¶ 1(A)); dismissal of the underlying litigation with prejudice (*id.* ¶ 2(A)); withdrawal of lis pendens (*id.* ¶ 2(B)); waiver of nonjudicial foreclosure (*id.* ¶ 2(C)); and confidentiality (*id.* ¶ 2(E)). Breach of these covenants may have required instituting an *enforcement* action (*e.g.*, to enjoin breaches of confidentiality or force reinstatement of the loan). The breach of contract claim at issue here, however,

---

[2] The court eventually found entitlement to fees on the alternative basis that the affirmative defenses fell into the contractual language permitting fees incurred "*because of an alleged dispute, breach, default, or misrepresentation in connection with any provision…*" *Mountain Air,* 3 Cal.5th at 757–761. The broad nature of that contractual language, though, merely underscores the narrowness of the fee provision at issue here. The Settlement Agreement limits fees to "enforcement actions" and contains none of the expansive terms at issue in *Mountain Air*.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR FEES & COSTS
CASE NO. 2:22-CV-06776-MCS-PD

is not such an "enforcement action"—it is a claim for money damages. Defendants do not even attempt to explain how Plaintiff sought specific enforcement here—or how their defense implicated an "enforcement action" contemplated by the Agreement.

That dooms their request. Contracts—including fee provisions—"must be understood with reference to the circumstances under which it was made and the matter to which it relates." *Mountain Air*, 3 Cal.5th at 752 (quotation omitted). Here, the "ejusdem generis doctrine" makes clear the types of actions which qualify as "enforcement actions" subject to the fee shifting provision. *See id* at 754. This case is not any one of them.

Thus, the Settlement Agreement does not entitle defendants to a fee award because an action for damages was not an "instance[]" where fees "are expressly provided for by [the] contract." *Palermo*, 124 Cal.App.2d at 357. Just as a provision allowing fees for actions seeking "collection" only narrowly covers "a legal action to collect on the account" (*Cavalry*, 36 Cal.App.5th at 1098), here the Settlement Agreement only narrowly covers fees for "enforcement action[s]"—which this is not. If the parties had wished to have the clause trigger by "[any] action" regarding the Agreement, they easily could have said so—but did not. California law is replete with broader clauses that would cover actions for damages "on" or "arising under" the Settlement Agreement (or "because of … a dispute," *see Mountain Air*, 3 Cal.5th at 757–761), but the words of the Settlement Agreement only cover "enforcement action[s]." That should end the inquiry and result in denial of the Motion.[3]

---

[3] Defendants (at 13) suggest that "Plaintiff cannot contest" contractual entitlement because it argued that SLS was liable for breach. Not true. Plaintiff argued that agency theories made the parties jointly liable for breach—but Defendants make no effort to establish that SLS can invoke the affirmative provisions of the agreements at issue or, under the agreements, that Plaintiff could have recovered his attorneys' fees against non-signatories had he prevailed (or if he prevail on appeal). Section 1717 requires mutuality: a party can only recover fees it would be liable for if it lost. Defendants do not suggest that SLS's agency would permit that. Nor is there any judicial estoppel at play here. The Court has not ruled on entitlement to attorneys' fees (and, in fact, the jury instructions required Daniels to prove contract damages *exclusive* of attorneys' fees).

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR FEES & COSTS
CASE NO. 2:22-CV-06776-MCS-PD

**C.**     **If the Court awards fees, apportionment is required and Defendants are entitled to recover only fees expended "seeking to enforce" the Settlement Agreement—not on federal statutory claims.**

California law permits prevailing parties to recover "fees under section 1717 only as they relate to the contract action." *Reynolds Metals Co. v. Alperson*, 25 Cal.3d 124, 129 (1979).  Even then, in California attorneys' fees are available on contracts only where the "contract specifically provides" for them (CCP § 1717), so a prevailing party "can recover attorney's fees only for the nature and kind of litigation which falls within the scope of the agreement." *Palermo*, 124 Cal.App.2d at 358.  Here, finding that this claim for damages is of the "nature and kind of litigation" contemplated by the Settlement Agreement would require the Court to impermissibly ignore examples of "enforcement actions" written into the contract.  *See Mountain Air*, 3 Cal.5th at 754–755 (ejusdem generis limits attorneys' fees provision).  But even if the Court disagreed, Defendants can only recover fees spent prevailing on that "enforcement action" itself. California law does not permit prevailing parties to shift fees beyond the scope of the agreement. It requires, instead, that the fees be awarded "on a contract" action. *Exxess Electronixx*, 64 Cal.App.4th at 708 (*citing Stout v. Turney,* 22 Cal.3d 718, 730 (1978) and *Childers v. Edwards*, 48 Cal.App.4th 1544, 1548 (1996)).  This applies even to claims that are intimately intertwined with the contract claim itself, including constructive fraud or breach of fiduciary duty. *Ibid.*  A "tort claim," for instance, "does not 'enforce' a contract" under CCP 1717(a). *Id.* at 709.  Similarly, a federal statutory claim does not enforce the contract, and is thus "outside the ambit of section 1717." *Id.* at 708.  There is no principled distinction to Plaintiff's statutory claims, which likewise "are premised on a duty … that was not created by" the Settlement Agreement—those duties were created by Congress. *Id.* at 711.  At the same time, defending based upon the terms of an agreement does not trigger fees, as a defense "d[oes] not bring an action or proceeding to enforce" that agreement itself. *Id.* at 712.  Thus, claims that "exist[] independent of the agreement"—even when closely

8

related, such as partition to a lease—are not actions "on a contract" precisely because they exist apart from the agreement. *Orien v. Lutz*, 16 Cal.App.5th 957, 963–964 (2017).

Defendants therefore are limited, at most, to recovering the fees spent litigating the breach of Settlement Agreement claim. The prevailing party "bear[s] the burden of demonstrating how the fees for legal work attributable to both the contract and the [non-contract] recoveries should be apportioned." *Cassim v. Allstate Insurance*, 33 Cal.4th 780, 813 (2004). Defendants' duty was to "keep careful time records" to permit such an apportionment should they seek fees. *See id.* at 813 & n.16. Thus, Defendants' documentation must permit the Court to apportion fees among recoverable and non-recoverable claims. *The Traditional Cat Ass'n, Inc. v. Gilbreath*, 340 F.3d 829, 834 (9th Cir. 2003). The fact that Defendants did not make this easy on the Court may not require complete denial: "The fact that it is not a simple task to discern from this data precisely what fees are attributable to the [applicable] claims does not excuse a failure to make such an allocation." *Ibid.* But the apportionment must be attempted between the narrow contract claims warranting fees and the broader statutory claims at issue in the case.[4]

Defendants suggest that the claims are legally and factually intertwined, and therefore it need not apportion. But that is not enough under California law. Even where facts related to the fees-garnering claim are factually tied to the other claims, they are not intertwined unless the compensable violation gave rise to the other claims. *Bell v. Vista Unified School Dist.*, 82 Cal.App.4th 672, 688 (2000). In *Bell*, a statute permitted an award of attorneys' fees on the statutory claim and the California Court of Appeal permitted the prevailing party to recover fees on claims that "all sought redress for the same Brown Act violation." *Ibid.* But the other claims, including

---

[4] Given the Defendants' failures here, Plaintiff is sensitive to the reality that this is exactly such a case where apportionment could be a "bone-crushing labor" *CoreCivic Inc. v. Candide Grp. LLC*, 2021 WL 1267259, *1, *6 (N.D. Cal. Apr. 6, 2021). That is not a reason to relieve Defendants of their duty.

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR FEES & COSTS
CASE NO. 2:22-CV-06776-MCS-PD

wrongful termination and retaliation which factually depended on the same allegations giving rise to compensable claims, could not support attorneys' fees.  As *Bell* explained, even though the "Brown Act violation may have procedurally facilitated the wrongful termination or retaliatory firing, it did not substantively beget it." *Ibid.* Here, even if Plaintiff's claims are an "enforcement action" for which Defendants can obtain fees, the enforcement of the Settlement Agreement did not beget the statutory claims.  Nor did Defendants' alleged breaches of the Settlement Agreement.  The statutory violations are entirely independent from the contract causes of actions at issue here.

Defendants' billing statements show extensive discovery, motion practice, expert work, and trial preparation addressed to statutory compliance wholly unrelated to the Settlement Agreement.  Under *Cavalry*, the Court must limit any fee award to work "necessary to prove the allegations" of the contract claim itself.  36 Cal.App.5th at 1100.  Under California law, the legally distinct statutory claims, even if factually intertwined, are not "inextricably intertwined" warranting an award of fees.

Defendants offer no methodology for distinguishing compensable contract work from non-compensable statutory and tort work.  Under California law, the appropriate course of action is to "assign[] a reasonable percentage to the entries, or simply cast them aside." *Bell*, 82 Cal.App. 4th at 689.  Block-billed entries should be entirely cast aside or, at the very least, reduced to 20% (as the Settlement Agreement constituted only one of the five claims at trial).

For a similar reason, the Court should completely deny fees on Defendants' unsuccessful motions for summary judgment relating to the statutory claims.  Even where a prevailing party is entitled to fees, those fees should be reduced for a party's "unsuccessful summary judgment motion[s]." *Cataphora Inc. v. Parker*, 848 F.Supp.2d 1064, 1072 (N.D. Cal. 2012).  In *Cataphora*, the Court reduced the summary judgment hours awarded by half because that motion "helped streamline the trial" because of the prevailing party's substantial success in those motions.  *Ibid.*

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR FEES & COSTS
CASE NO. 2:22-CV-06776-MCS-PD

Critically unlike *Cetaphora*, Defendants' summary judgment motion entirely failed on the only claim possibly supporting its attorneys' fees motion. *See* ECF 165 at 11. The remaining issues on summary judgment were statutory—claims upon which Defendants are not entitled to obtain attorneys' fees. At summary judgment, those claims certainly were not inextricably intertwined. As a result, because Defendants *lost* on the only claim supporting fees and the remainder of the summary judgment motion was legally distinct from the Settlement Agreement claim, Defendants are not entitled to fees on any portion of their summary judgment motion. The Court should apportion those out completely.

### D.      Defendants' request is not reasonable.

To the extent the Court entertains Defendants' request for fees, Defendants are not entitled to the hours and rates requested. Fees, of course, must be determined "in light of the context of th[e] case," and not merely attorney aspirations. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013). Courts routinely "find[] that a downward adjustment to the hours billed is warranted, given the straightforward nature of the case and counsel's experience." *Custer v. Cristo Armstrong Powers, Inc.*, 2020 WL 8028236, *2 (C.D. Cal. Nov. 17, 2020). Here, multiple reasons require downward adjustments to requested rates and hours.

### 1.      *Enhancement is not warranted.*

Under California law, fee enhancements are available only in limited circumstances, typically where counsel undertook a contingent-fee representation, faced a real risk of nonpayment, or achieved exceptional results. *Ketchum v. Moses*, 24 Cal.4th 1122, 1132–33 (2001); *Serrano v. Priest*, 20 Cal.3d 25, 49 (1977). Here, there is no contingency arrangement, no delayed payment, and no exceptional success. Indeed, in routine consumer litigation such as at issue here, adding a multiplier on top of what defense counsel has *already been paid* serves no economic interest other than providing defense counsel a windfall. Moreover, defense-side multipliers should be disfavored, lest a standard fee-shifting provision turn into a punitive damages award

11

against losing plaintiffs. *Ketchum*, 24 Cal.4th at 1139 ("Nor should a fee enhancement be imposed for the purpose of punishing the losing party.").

Similarly, Defendants' argument that it paid below market rates is irrelevant. Defendants chose their rates and staffing model. Courts do not (and should not) retroactively rewrite a party's private billing decisions to shift the consequences to the losing party. *PLCM*, 22 Cal. 4th at 1095 ("The reasonable hourly rate is that prevailing in the community for similar work."). More importantly, fees-shifting applies to the rates actually charged, not some hypothetical rate Defendants' attorneys *could* have charged. *See Ketchum*, 24 Cal.4th at 1139 (lodestar anchored in actual billing). An upward adjustment would either be a windfall for Defendants' attorneys or an end-run around California's restrictions on attorneys' fees for non-contract causes of action. Either approach would be improper. Further, adjusting *upward* is inconsistent with judicial practice—courts should *reduce* rates that are inconsistent with counsel's usual billing. The inquiry is not what Defendants' lawyers could charge, but what it was reasonable to charge an adversary for this litigation. A rate higher than what was actually paid by a defendant is strong evidence that the requested rate is *not* reasonable (as, otherwise, defendant would have paid more).

Defendants' cases do not require otherwise. *Nemrecek, Chacon,* and *Syers* address statutory provisions not at issue here or reaffirm that upward adjustment depends on the character of the work performed. Defendants paid the rate they did because this routine consumer financial litigation warranted those fees. Courts reasonably reject attempts to nearly double rates actually paid. *El Escorial Owners' Assn. v. DLC Plastering, Inc.*, 154 Cal.App.4th 1337, 1366–1367 (2007). This Court should, too.

2.    *Over-staffing, duplication, and block billing are not compensable.*

Even where fees are authorized, courts must exclude redundant, duplicative, or inefficient billing. The appropriate action is to apply reductions for such inefficiencies,

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR FEES & COSTS
CASE NO. 2:22-CV-06776-MCS-PD

block billing, or clerical tasks. *Vysata v. Menowitz*, 2019 WL 6138469, *4–6 (C.D. Cal. June 19, 2019).

**Senior attorneys performing routine tasks**. These should be excluded entirely. Reviewing documents, filing documents, and other clerical tasks should be excluded entirely. *Vysata*, 2019 WL 6138469, *5.

**Co-counsel communication, over-staffing, vague entries**. Defendants bill for a significant amount of work that was duplicative—multiple attorneys attending the same deposition, internal calls, etc. Courts do not reward attorneys for inefficiencies. Where, as here, use of "multiple attorneys show lack of billing judgment … a significant reduction may be warranted." *Vysata*, 2019 WL 6138469, *5 (citing case "applying 80% across-the-board reduction" for imprecision and vagueness of attorney contribution). Depositions or hearings with multiple attorneys should be reduced to a single attorney, internal communications should be reduced by 30-50%, and vague entries should be reduced by 80%.

**Block billing**. Block billing makes entries difficult to parse and justify. The Ninth Circuit has recognized that "a 20% reduction to all instances of block billing" is reasonable. *Vysata*, 2019 WL 6138469, *5 *citing Welch*, 480 F.3d at 948. The same is true here.

     3.    *Defendants cannot recover fees for their discovery misconduct.*

Defendants committed repeated discovery misconduct which required a significant expenditure in time to litigate. Defendants forced plaintiffs to litigate multiple discovery motions, which they lost and which unnecessarily raised the cost of litigating this matter. In similar contexts, this Court has held that losing plaintiffs cannot be held responsible "for fees incurred by Defendants in connection with" discovery motions Defendants lost. *Winz-Byone v. Metropolitan Life Ins. Co.*, 2008 WL 11422129, *2 (C.D. Cal. May 5, 2008). Such an award would be not only unjust, but deeply ironic. Under the Federal Rules, victorious parties in discovery disputes (*i.e.*, Daniels), "must" be awarded their "reasonable expenses incurred in

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR FEES & COSTS
CASE NO. 2:22-CV-06776-MCS-PD

making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Regardless of Plaintiff's eventual loss, the Court should not permit Defendants to invert this basic rule and reward Defendant with fees that it should have had to pay to *Plaintiff*. The Court should exclude all fees and costs related to defense of Plaintiff's successful discovery motions.

4.      *Fees-on-fees and expert fees are not recoverable.*

Absent express authorization, time spent litigating the fee motion itself is not recoverable. Nor may Defendants shift costs incurred to remediate their own litigation choices, including discovery inefficiencies or corrective measures. *Stockfood America, Inc. v. Sequoia Wholesale Florist, Inc.*, 2021 WL 4597080, *9 (N.D. Cal. June 22, 2021) ("Defendant should not be charged for Plaintiff's litigation errors.").

Defendants seek to recover Jardini expert fees as costs. That request fails as a matter of law. Under California law, "parties may not recover expert witness fees as costs 'except when expressly authorized by law.'" *First Nationwide Bank v. Mountain Cascade, Inc.,* 77 Cal.App.4th 871, 875–876 (2000). Defendants point to no statute permitting them to recover expert fees, much less the fees spent on litigating a fees motion itself. The federal costs statute is inapposite. *E.g.,* 28 U.S.C. § 1920(6) (defining costs as including compensation for "court appointed experts"). Under California law, a vague reference to "costs" is insufficient to award expert fees if it does not "specify expert witness fees" in the contract. *See Applied Medical Distribution Corp. v. Jarrells*, 100 Cal.App.5th 556, 586 (2024). Expert fees should be denied where prevailing party did not claim such fees as 'necessary expenses' under the contract until after judgment rendered. *First Nationwide Bank*, 77 Cal.App.4th at 879. Accordingly, Jardini's expert fees and all related costs must be stricken in full.

Likewise, costs related to issues on which Defendants lost cannot be recovered.

5.      *Equitable and policy considerations compel substantial reduction.*

Even where some fees are authorized, courts retain broad discretion to reduce awards to avoid unjust or disproportionate results. *EnPalm, LLC v. Teitler Family*

*Trust*, 162 Cal.App.4th 770, 774–75 (2008).  Fee awards should not deter good-faith consumer claims, penalize plaintiffs merely for losing at trial, or create asymmetrical risk immunizing institutional defendants.  Here, a seven-figure fee award would be manifestly unjust.  It does not reflect that the relief sought by Plaintiff was statutory and compensatory, not punitive; nor that the conduct alleged was routine consumer-finance disputes; nor that the issues litigated were not novel or unique factually.  California courts consistently reject fee awards that bear no reasonable relationship to the litigation actually conducted.  *Serrano v. Unruh*, 32 Cal.3d 621, 635 (1982); *PLCM*, 22 Cal.4th at 1096.

The equities weigh particularly against an award here.  Plaintiff has lost his home as well as his trial.  His health has suffered severely.  A fees award here would hobble him, making bankruptcy a high probability.  He has paid a steep price already, a fee award of the scope the Defendants seek would be life-altering.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' motion.  To the extent the Court is compelled to grant it, Plaintiff requests that the Court apportion only those fees recoverable under the limited exception to the American Rule.

Dated: March 13, 2026

**STEPTOE LLP**
CONOR TUCKER


By:  */s/ Conor Tucker*
     Conor Tucker

Attorneys for Plaintiff
ROBERT N. DANIELS

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR FEES & COSTS
CASE NO. 2:22-CV-06776-MCS-PD

**<u>LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE</u>**

The undersigned counsel of record for the United States certifies that this brief contains 4,723 words in compliance with the 7,000-word limit of L.R. 11-6.1.


_/s/ Conor Tucker_
Conor Tucker

16

### CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2026, a copy of the foregoing **PLAINTIFF ROBERT N. DANIELS'S OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS** was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system.  Parties may access this filing through the court's CM/ECF System.

/s/ Conor Tucker
Conor Tucker

17

CERTIFICATE OF SERVICE
Case No. 2:22-cv-06776-MCS-PD